# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IVETTE M. MARTÍNEZ GONZÁLEZ, ET AL.,** | |
| **Plaintiffs** | CIVIL No. 16-2077 (GAG) |
| **v.** | |
| **CATHOLIC SCHOOLS OF THE ARCHDIOCESES OF SAN JUAN PENSION PLAN, ET AL** | |
| **Defendants** | |

## MOTION REQUESTING EXTENSION OF TIME

**TO THE HONORABLE COURT:**

COME NOW the Superintendence of the Catholic Schools of the Archdioceses of San Juan, the Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan and Samuel Soto, without submitting to the jurisdiction of this Court and without waiving any affirmative defenses, including defective and insufficient service of process, through counsel, and respectfully state, allege and pray as follows:

1. On June 13, 2016, Plaintiffs filed a Complaint in the case at bar. See Docket No. 1. The appearing Defendants understand that the Court does not have subject matter jurisdiction because the Employee Retirement Income Security Act, 29 U.S.C. sec. 1001, *et seq.*, should not apply to the case at bar and will file a Motion to Dismiss.

2. On June 14, 2016, Plaintiffs filed a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order. <u>See</u> Docket No. 4.

3. On June 15, 2015, the Court denied Plaintiffs' request for a Temporary Restraining Order. <u>See</u> Docket No. 5. The Court ordered Plaintiffs to serve a copy of the Complaint and all other pleadings and **orders** upon Defendants on or before June 23, 2016, and thereafter inform the Court. Also, the Court ordered Defendants to show cause on or before July 12, 2016, as to why the Court should not enter a preliminary injunction.

4. On June 21, 2016, the Plaintiffs filed an Amended Complaint.[1] <u>See</u> Docket No. 9.

5. On June 23, 2016, the Plaintiffs filed an Amended Motion for Permanent Injunction, Preliminary Injunction and Motion for Reconsideration (hereinafter "Amended Motion"). <u>See</u> Docket No. 10. Plaintiffs included copies of several summon as attachments to the Amended Motion. <u>See</u> Docket No. 10, Exhibits 1, 2, 3, 4, 5, 6, & 7.

6. A review of the summons shows that the process server only served a copy of the Complaint, Exhibit 1 to the Complaint, the Motion for Temporary Restraining Order and a Certified Translation of Exhibit 1 of the Complaint. <u>See</u> Docket No. 10, Exhibits 1, p. 2; 2, p. 2; 3, p. 2; 4, p. 2; 5, p. 2; 6, p. 2 & 7, p. 2.

---

[1] It must be noted that the Amended Complaint was filed seven days after an injunction hearing was held in the Court of First Instance, San Juan Part, in the case of <u>Yali Acevedo v. Iglesia Católica Apostólica y Romana</u>, Case No. SJ 2016CV00131. One of Plaintiff's counsels was present during the June 14, 2016, injunction hearing.

7.  Plaintiffs' exhibits show that Plaintiffs **did not comply with the Order issued by the Court on June 15, 2016**. In said Order, the Court clearly held that Plaintiffs had to serve a copy of all orders in this case. <u>See</u> Docket No. 5. Apparently, the Plaintiffs opted to ignore said part of the Order and decided to only serve copies of certain documents filed in the case. Pursuant to said action, the Plaintiffs have not complied with the June 15th, 2016 Order.[2]

8.  On June 24, 2016, the Court ordered plaintiffs <u>to serve</u> all amended pleadings by June 28, 2016. <u>See</u> Docket No. 11. On that same day, Plaintiffs stated that, as of June 24, 2016, they were unable to hand deliver copies of the documents to the following defendants: Mr. Samuel Soto, Ms. Ana Cortés, the Superintendence of Catholic Schools of the Archdioceses of San Juan, Ms. Marilyn Plannel and the Catholic Schools of the Archdioceses of San Juan Pension Plan. <u>See</u> Docket No. 12, p. 2.

9.  Once again, Plaintiffs decided to ignore the Court's order to properly serve the Defendants and unilaterally decided to "serve" the Defendants by mail. <u>See</u> Docket No. 12.

10. Fed. R. Civ. P 4 (e) (1) states the following:

> (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person,

---

[2] The appearing Defendants have knowledge of the June 15th 2016 Order and the Amended Complaint unofficially. The appearing Defendants have not been served with a copy of these documents, as ordered by the Court.

or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

11. The central function of service of process under the Fed. R. Civ. P. is to provide notice that a legal action has been filed, and to provide notice in such a manner and at such time that the defendant has a fair opportunity to answer the pleadings and raise defenses and objections. Henderson v. United States, 517 U.S. 645 (1996).

12. It is well settled that the formal requirements set forth in Fed. R. Civ. P. 4 must be satisfied. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3rd Cir. 1996).

13. Fed. R. Civ. P. 4 does not allow for service by mail.[3]  The abovementioned Defendants were not served by Plaintiffs with a copy of the Amended Complaint and the Amended Motion for Preliminary Injunction.

---

[3] It must be noted that the Plaintiffs have not alleged that they sent a waiver of service by mail.

14. On June 30, 2016, the Plaintiffs filed an Informative Motion stating that the documents sent to the abovementioned Defendants were returned by the United States Postal Service. Also, **even though the Court ordered the Plaintiffs to properly serve the Defendants**, the Plaintiffs informed the Court that the Defendants should review the CM/ECF system. As such, the Plaintiffs apparently believe that all of the Defendants, most of which are individuals, have quick and available access to the CM/ ECF system.

15. As of today, July 7, 2016, the Plaintiffs have not presented any evidence that they have complied with the orders issued on June 15, 2016 and June 24, 2016 and have properly served the Defendants.

16. Furthermore, a cursory review of the Amended Motion shows that the document does not comply with L. Civ. Rule 65, which reads as follows: "Any motion for a temporary restraining order or preliminary injunction shall be accompanied by a proposed order." The Amended Motion does not include a Proposed Order for a Preliminary Injunction. As such, Plaintiffs failed to comply with L.Civ. R. 65.

17. Also, it must be noted that Exhibit 10 A is not adequate translation of the original document. There are several sections of the document that were not thoroughly translated.

18. Likewise, it must be noted that the Plaintiffs waited eighty – seven (87) days until filing the Motion for Preliminary Injunction and the Complaint in the case at bar.

5

The Plaintiffs were notified of the plan's termination on March 18, 2016 and the Complaint was not filed until June 13, 2016. See Docket No. 1. Thus, the Plaintiffs did not present a sense of urgency in requesting the injunctive relief.

19. The Plaintiffs do not include certain indispensable parties in the Amended Complaint, such as several trustees and the alleged investment brokers mentioned in the Amended Complaint. As such, the Plaintiffs request that the Court issue an injunction without indispensable parties that may be affected by the outcome.

20. The Amended Complaint and the Amended Motion are 148 pages long and present several allegations. Both documents are predicated on false and incorrect statements. The appearing Defendants are litigating four cases related to this same matter. Three complaints have already been filed before the Court of First Instance, San Juan Part on behalf of 173 plaintiffs.[4] In the case of Yali Acevedo v. Iglesia Católica Apostólica y Romana, Case No. SJ 2016CV00131, the Court of First Instance held that the plan is not subject to the Employee Retirement Income Security Act, 29 U.S.C. sec. 1001, *et seq.* and denied the Plaintiffs' request for a Preliminary Injunction.

21. It is uncontested that the Plaintiffs have not complied with the orders issued by the Court; filed an Amended Motion for Preliminary Injunction that does not

---

[4] Another Complaint was filed in the United States District Court for the District of Puerto Rico in the case of Norma Cardoza v. Colegio Padre Berríos, Case No. 16-2318 (ADC).

comply with L.Civ. R. 65; have presented a document that was not adequately translated; request a Preliminary Injunction almost three months after the notice of the plan's termination and request an order that will affect third parties without including them in this case.

22. Pursuant to Plaintiffs' own actions and omissions, the appearing Defendants request an extension of time until July 20, 2016, to show cause, file a Response in Opposition to Plaintiffs' Amended Motion and a Motion to Dismiss.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the above and grant an extension of time until July 20, 2016, to show cause and file a Response in Opposition to Plaintiffs' Amended Motion and a Motion to Dismiss.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of July, 2016.

WE HEREBY CERTIFY that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLC**
Attorneys for Defendants: Superintendence of the Catholic Schools of the Archdioceses of San Juan and Samuel Soto
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Pedro A. Busó García                      s/Jaime L. Sanabria Montañez
Pedro A. Busó García                        Jaime L. Sanabria Montañez
USDC PR No. 222511                          USDC PR No. 225307
pbuso@salawpr.com                           jsanabria@salawpr.com


**FRANK ZORRILLA LAW OFFICE**
Attorney for Defendant: Trust of the Catholic Schools of the Archdioceses of the San
Juan Pension Plan
PO Box 191783
San Juan, Puerto Rico 00919-1783
Telephone: (787) 250-1510

s/Frank Zorrilla Maldonado
Frank Zorrilla Maldonado
USDC PR No. 204107
fzorrilla@fzmlaw.com