IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVETTE M. MARTÍNEZ GONZÁLEZ<br>ELIA M. FONTANET BATISTA<br>MARÍA ISABEL FERNÁNDEZ GARCÍA<br>MARÍA DE LOURDES FERNÁNDEZ GARCÍA<br>MARYSOL DÍAZ MORALES<br>MARÍA DEL CARMEN BONNIN OROZCO<br>JESÚS ORTIZ CONCEPCIÓN<br>CARMEN M. RODRÍGUEZ RODRÍGUEZ<br>MILAGROS ORTIZ CARDONA<br>MARI L. CASTRILLO ROSA<br>LIZA GUZMÁN COLÓN<br>LOURDES M. DOMÍNGUEZ CASTRO<br>CARLA CASTRO BUITRAGO<br>CARMEN L. RODRÍGUEZ RIVERA<br>MARIO DAUBÓN VIDAL<br>ELENA MOREL ROSARIO<br>ÁNGEL R. RIVERA NAZARIO<br>ZORAIDA IBARRONDO ORTIZ<br>IVETTE COLÓN VÉLEZ<br>ELENA PIÑERO LANDING<br>ANTONIA MARTÍNEZ BODÓN<br>KRISTINA CASADEY SANTIAGO<br>CARLOS E. VALLEJO ESPARRAGOZA<br>MARÍA A. BECERRA MENÉNDEZ<br>CARLOTTA VEINTIMILLA DE IGNACIO<br>ZAYRA DEL C. RÍOS MARTÍNEZ<br>LILLIAM ROSADO RUIZ<br>DIANA VÉLEZ ESTRADA<br>ISABEL ARTEAGA GARCÍA<br>ANA M. ROSARIO GARCÍA<br>MARIAM LASTRA CALDERÓN<br>ZURY E. RIVERA DE JESUS<br><br>Pension Plan participants employed by<br>Academia San Jorge<br><br>EDITH CARRIÓN HERNÁNDEZ<br>OLGA GALLARDO REVERÓN<br>VERLEE PAGÁN LÓPEZ<br>MARITZA ROSARIO URRUTIA<br>MICHELLE ANGUEIRA NAVARRO<br>SARAH E. VÁZQUEZ SANTOS | CIVIL NO. 16-2077 (GAG)<br><br><br><br><br><br><br><br><br><br>CIVIL ACTION UNDER THE<br>PROVISIONS OF ERISA;<br>PRELIMINARY AND<br>AND PERMANENT<br>INJUNCTION; TEMPORARY<br>RESTRAINING<br>ORDER |

**ELIA A. AGUILAR MONTES**

Pension Plan Participants employed by
Academia del Perpetuo Socorro

**MILCA COTTO OLIQUE**
**ROSARIO MARITZA FRATICELLI SÁNCHEZ**
**OFELIA GARCÍA ARMAS**
**JOHANNA I. ORTIZ MERCADO**
**FELIX CAMPOS LEBRÓN**
**JOSÉ BARROSO GRACIA**
**MADELINE E. RODRÍGUEZ SAENZ**
**SONIA M. MEDINA OTERO**
**ROSALYN DONES CRUZ**
**JANET VALENTÍN RODRÍGUEZ**
**MARÍA L. NEGRÓN CANDELARIA**
**SONIA I. PEREIRA MALAVÉ**
**JOSÉ D. REYES NIEVES**
**FELICIA DE LA ROSA BARROS**
**CARMEN SOL RAMOS RAMOS**
**MARÍA DEL C. DE CORO RAMOS (retired)**
**ASTRID M. PEREIRA MALAVÉ**
**LUZ E. CENTENO SOTO (retired)**
**ELIZABETH DÍAZ COLÓN**
**AWILDA AGOSTO FERRER**
**CARINA DE LA ROSA BARROS**
**LOURDES I. MORALES ORTIZ (retired)**
**FELIPE RALAT MANZANO**
**VANESSA E. GÓMEZ CEPERO**
**EMELY ASTACIO RIVERA**
**CARLOS J. CALDERÓN DAZA**
**NELVIN RODRÍGUEZ SÁNCHEZ**
**SYLVIA PÉREZ OSORIO**

Pension Plan Participants Employed by
Colegio Nuestra Señora De Guadalupe

**ANA MARÍA COLÓN NIEVES**
**ANA MARÍA RIVERA DÍAZ**
**ANNETTE APONTE MENÉNDEZ**
**ARLENE VILÁ GALÁN**
**ARSENIO RODRÍGUEZ DE JESÚS**
**AUDHA V RAMÍREZ MARRERO**
**CARMEN M. CINTRÓN VEGA**
**CARMEN CRUZ MELÉNDEZ**
**CARMEN R. TORRES ORTIZ**

**DHARMA RAMÍREZ MARRERO**
**EFRAIN RODRÍGUEZ DE JESÚS**
**EVANGELINA VALLES SIFRE**
**EVELYN DEL VALLE DÍAZ**
**GEYSA ARROYO NIEVES**
**GLORIA BERMÚDEZ SMIGO**
**JOSÉ DIEGO RIVERA RAMOS**
**JOHANNA OTERO TORRES**
**JUAN A. ARRIANA CARRERA**
**KAREN GRIGG GUTIERREZ**
**LIZZETTE OTERO MARRERO**
**LUZ E. SAN MIGUEL SÁNCHEZ**
**MAGDA CARDONA RODRÍGUEZ**
**MARÍA INES CERRA CASTAÑER**
**MARIELA SANTIAGO SOLÁ**
**MARIELLA CERAME MALDONADO**
**MARTA BÁEZ PIÑEIRO**
**MARTA R. SANTIAGO COLÓN**
**MELISSA CARRERA RIVERA**
**MERVIN R. LÓPEZ MATOS**
**NANCY CRUZ CORDERO**
**NANCY PHAREL**
**OIRASOR DÍAZ ROSARIO**
**PEDRO PINEDA GARCÍA**
**RAFAEL MARQUEZ ACOSTA**
**ROXANNA CASTAÑER MORALES**
**SONIA LUGO VÁZQUEZ**
**SONIA I TORRES PÉREZ**
**TERESA TORRES ALFONZO**
**YANISSE CLEMENTE GONZÁLEZ**
**YASMINE CRUZ CAPÓ**
**ZOE MARIE BENÍTEZ CABAÑAS**
**AIDA MARTÍNEZ PÉREZ (retired)**
**ANA M. QUIRINDONGO LUGO (retired)**

Pension Plan participants employed by
Colegio Sagrado Corazón

**LILLIANA MARTINEZ ARZUAGA**
**MAYRA MARTINEZ ARZUAGA**
**MARTA R. CORREA ARMENTEROS**
**ARLEENE RIVERA CALERO**
**JUDITH ALVIRA ORTIZ**
**EVELYN DIAZ DE JESUS**
**RICARDO DIAZ RUIZ**
**MARISOL QUIÑONES RAMOS**

**CECILIA SEPULVEDA TORRES**
**NILSA MENÉNDEZ MELÉNDEZ**
**IRIS M. ORTIZ BERRIOS**

Pension Plan participants employed by
Colegio Nuestra Señora de Lourdes

**WILFREDO RAMOS SOUFFRONT**
**IVETTE BAJANDAS ROSADO**
**EGLA LAUREANO LASANTA**
**MIGDALIA CHICO MORALES**
**TERESITA VÁZQUEZ MURIEL**
**ESAUD FELICIANO FERNÁNDEZ**
**MARISOL DE LEÓN**
**PURA M. ALICEA BAERGA**
**MARÍA DEL C. NOGUERAS LAUREANO**
**GLADYS RODRÍGUEZ GATA**
**JOSÉ LUIS MAS OTERO**
**WANDA AFANADOR BORRERO**
**MAUREEN COLLAZO RODRÍGUEZ**
**ORLANDO SANTOS ESPADA**
**JAN RIVERA RIVERA**
**JOANNE ROSARIO HOKE**
**ANABEL TORREGROSA QUIRÓS**
**ABIGAIL DELBREY GUZMÁN**
**SANTA I. GARCÍA MALAVÉ**
**MYRNA RAMOS DE SANTIAGO**
**MILAGROS RIVERA MERCADO**
**ANNIE RIVERA CASELLAS**
**GLORINÉS PEÑA MORENO**
**CYNTHIA PUJALS KEISER**
**EMMA MONSANTO TAVAREZ**
**JOSE A. CARABALLO**
**BERNADETTE GUTSTADT**
**RAQUEL CRUZ LÓPEZ**
**ISA D. CRUZ LÓPEZ**
**LUIS MARTÍNEZ COLÓN**
**JOSÉ E. MIELES MONGE**
**FELICIANO FRANCISCO MARTÍNEZ**
**MARLENE FELIÚ GONZÁLEZ**
**JUAN C. VELÁZQUEZ FIGUEROA**
**OLGA CARDONA RÍOS**
**JO ANN ATKINSON FUENTES**
**LEILA VILLAMIL FUENTES**
**MAGDA GONZÁLEZ GUZMÁN**
**AIDA BUSTELO ISERN**

**BRENDA BERMÚDEZ PLAZA**
**LUZ N. VELÁZQUEZ VIÑAS**
**BLANCA RÍOS OCASIO**
**LOURDES CIVIDANES RODRÍGUEZ**
**JOZAIRAF ASAD SÁNCHEZ**
**GUALBERTO VÁZQUEZ LÓPEZ**
**MAYRIM PÉREZ VÁZQUEZ**
**KATHY RIVERA QUIÑONES**
**MARÍA M. RODRÍGUEZ SANABRIA**
**NILDA SUÁREZ MELÉNDEZ**

Pension Plan participants and/or beneficiaries
employed or formerly employed by
Colegio San Antonio

**ADA M. DELGADO IMBERT**
**ÁNGEL M. PÉREZ NAVARRO**
**CARMEN M. TEJADA ROJAS**
**DAISY LEIVA MOYA**
**EVELYN JORGE GÓMEZ**
**EVELYN VÉLEZ PÉREZ**
**IRAIDA PAGÁN BRIGNONI**
**JACKELINE MALDONADO QUINTANA**
**JANICE ARROYO FIGUEROA**
**LOURDES ALEMÁN DEL TORO**
**MARÍA DEL C. JIMÉNEZ CASTRO**
**MARIA E. FAJARDO BLANCO**
**MARÍA V. CUELLO HERRERA**
**MARIA E. BETANCOURT**
**MARIE FRANCE HELARD**
**MARIBEL PÉREZ MOYA**
**MARY C. APONTE SOSA**
**MERCEDES AZIZE RAMÍREZ**
**MIGDALIA NEGRÓN SERRANO**
**MIGDALIS ALONSO VÉLEZ**
**MYRIAM Y. MOLANO SANTIAGO**
**NANCY SOTO SILVA**
**NERY MOYA BENÍTEZ**
**SILVIA PLANAS**
**SONIA PÉREZ HERNÁNDEZ**
**VANESSA GARCÍA LARA**
**VÍCTOR LÓPEZ ORTIZ**
**VIOLETTA GARCÉS FERNÁNDEZ**
**CARMEN H. CASTRO MARTÍNEZ (retired)**
**DAVID SOSA LÓPEZ (retired)**
**MARIA J. REYES SÁNCHEZ**
**EVILIA PÉREZ**

Pension Plan Participants and/or beneficiaries
employed by Colegio Nuestra Señora de la Piedad or
other schools

**OFELIA BADÍA VILAR**
**CARMEN E. VÁZQUEZ TORRES**
**MARÍA DE LA ROSA LOZANO RODRÍGUEZ**
**GUILLERMINA CRUZ FRANCO**
**CARMEN N. SANTALIZ VELÁZQUEZ**
**REINA ISERN ORTIZ**

Plan Participants employed by
Colegio Católico Notre Dame (Elementary School)

**NYDIA ISABEL FAURA COLMENARES**
**MARITZA NIEVES LÓPEZ**
**MIRIAM VILLAFAÑE TORRES**
**MIGDALIA CABALLERO RIVERA**
**JULIA CLARA RODRÍGUEZ**
**CARMEN RODRÍGUEZ CARTAGENA**
**ROSE FORTIER**
**MILAGROS SEÑERIZ MANRIQUE**

Plan participants employed by
Colegio Católico Notre Dame (Superior School)

**GEMA ALBIÑANA RODRÍGUEZ**
**NATIVIDAD SANTIAGO**
**CARMEN I. RODRÍGUEZ DÍAZ**
**MARÍA J. PIEDRA**
**SOLEDAD DÍAZ ABREU**

Plan participants and/or beneficiaries employed
by Colegio San José (Caguas)

**JULIO A. ALICEA COLÓN**
**LOURDES S. ROMÁN GARCÍA**
**CARMEN M. MARTÍNEZ VELÁZQUEZ**

Plan participants and/or beneficiaries employed by
Colegio San Antonio Abad (Humacao)

**OLGA D. RIVERA PÉREZ**
**FELICIA IRALDO SILVERIO**

**IRIS V. ORTIZ LÓPEZ**
**CARMEN ESTRADA COLLAZO**

Plan participants and/or beneficiaries employed by
Colegio María Auxiliadora (Carolina)

**IRMA S. REYES DE JESUS**
**OLGA I. RIVERA ORTIZ**
**JOSEFINA VELÁZQUEZ CRUZ**
**AIDA A. MARTÍNEZ MÁRQUEZ**
**MIGDALIA GONZÁLEZ VÁZQUEZ**
**YARITZA TURKOVICH ALICEA**
**ROSA MORALES DE O'NEILL**
**AGMA M. MÉNDEZ ORTIZ**
**SARAH MOYANO COLÓN**
**LUZ M. DÁVILA ALICEA**
**JOSÉ J. PÉREZ OTERO**

Plan participants and/or beneficiaries employed by
Colegio San Benito (Humacao)

**DORA E. VÁZQUEZ GARCÍA**
**CARMEN T. MORALES MONTES BURGOS**
**SYLVIA FERRER CAUNEDO**
**ARLENE GARCÍA RODRÍGUEZ**
**CARMEN A. BERRIOS RODRÍGUEZ**
**GILBERTO GARCÍA SANTIAGO**
**ALFREDO GARÍ DOMINGO**
**NORMA PACHECO MORALES**
**ILEANA B. CRUZ FRANQUI**
**DULCE M. MARTÍNEZ ORTIZ**
**DIANA E. MORENO RIVERA**
**JEANNETTE ZAYAS ÁLVAREZ**
**ANA I. CARRERAS ROSARIO**
**DAISY HERNÁNDEZ GRACIA**
**CARMEN Z. TORRES GARCÍA**
**ZAIDA L. ÁLVAREZ MERCADO**
**RAQUEL A. ROSARIO CAMARENA**
**SYLVIA CÁCERES HERNÁNDEZ**

Plan participants and/or beneficiaries employed by
Colegio Nuestra Señora de la Providencia

**JUDITH FELICIÉ RIVERA**
**BLANCA ROSA CÓRDOVA CALDERÓN**
**ANDRÉS SANTIAGO RIVAS**

**ANTONIO J. VIDAL PIZÁ**
**HIDELISA CRESPO DÍAZ**
**MARÍA TERESA LARRIEU DE VIDAL**
**EMILIA DEL CARMEN VEVE**
**LOURDES VEVE MUÑIZ**
**GLADYS ORTIZ TORRES**
**JOSÉ A. RODRÍGUEZ SANTIAGO**
**MAYRA S. MÁRTIR LÓPEZ**
**ENGRACIA DÁVILA TORRES**
**JOSÉ L. PIZÁ AVIÑÓ**
**ROBERTO DE JESÚS TEJADA**

Plan participants and/or beneficiaries employed by
diverse schools or other corporations or agencies
associated with the church

**MARÍA L. ALTIERI MARTINÓ**,
**MARÍA VICTORIA COLÓN**
**SANDRA M. HERNÁNDEZ GONZÁLEZ,**

Plan participants and/or beneficiaries from
Colegio Santa Rosa (Bayamón)

**EVELYN AGOSTO CRUZ**
**ZURY ZAPATA LUYUNDA**
**AMANDA I. RIVERA TORRES**
**PEDRO HERNÁNDEZ PALACIOS**
**LOURDES ESPÍN GÓMEZ**
**LIZETTE PRADO RODRÍGUEZ**
**MARGARITA LA LUZ**
**NANCY AROCHO IGLESIAS**
**JULIA DELISE AVILÉS RIVERA**
**NANCY CABRERA COLÓN**
**DIANA CRUZ ORTEGA**
**ROSA CARRIÓN RODRÍGUEZ**
**SONIA LÓPEZ MUÑOZ**
**RUTHY VEGA PIZARRO**
**NELLY W. RODRÍGUEZ CLAUDIO**
**HILDA HERNÁNDEZ PÉREZ**
**GENOVEVA JORGE VÁZQUEZ**
**IRMA T. NIEVES CÓRDOVA**
**JAIME VÁZQUEZ RIVERA**
**EVELYN ROSADO ORTIZ**
**CARMEN J. FIGUEROA DE MOLINA**
**IVETTE CABRERA**
**YOLANDA LÓPEZ MUÑOZ**

**FERNANDO ROMÁN**
**LUZ MARITZA RODRÍGUEZ**
**WANDA AVILÉS**
**LIZMARIS PÉREZ CARABALLO**

Plan participants and/or beneficiaries employed
or formerly employed by Colegio La Salle

All suing on their own behalf and on behalf
of the **FUND OF THE CATHOLIC SCHOOLS
OF THE ARCHDIOCESES OF SAN JUAN
PENSION PLAN**

**SECOND GROUP OF PLAINTIFFS:**

**ADELA CORTÉS FLORES,**
**ANA I. CORTÉS FLORES.**
**SYLVIA MELENDEZ ANDINO,**
**ILIA C. RAMOS QUINTERO,**
**ADLYN RODRÍGUEZ ROSA,**
**MIGUEL TORRÉNS REYES,**
**LYDIA VALENCIA NAZARIO,**
**MYRNA VÁZQUEZ RODRIGUEZ,**
**NEYDA I. VÁZQUEZ SEPULVEDA,**

Pension Plan Participants employed by
Colegio de la Inmaculada Concepción- Manatí

**DAISY M. BONILLA AVILÉS,**
**MARIA CANDELARIO VÉLEZ,**
**MABEL E. CARDANO RIVERA,**
**ZUGEILY MARCANO IRIZARRY,**
**CARMEN NIEVES CORTÉS,**
**EVELYN RAMÍREZ MÁRQUEZ,**
**LUIS R. RIVERA CEPEDA,**
**GLADYS RIVERA GARCÍA,**
**DIANA ROMERO CABÁN,**
**DELIA SÁNCHEZ HEREDIA,**
**BRENDA SERRANO PACHECO,**
**LUZ ALICIA VÁZQUEZ REYES,**
**SOAMY VÉLEZ PÉREZ,**

Pension Plan Participants employed by
Colegio Hogar Angeles Custodios

**MARITZA ÁLVAREZ VEGA,**

**MARÍA L. DEFILLÓ GUIOT,**
**GABRIEL GIRALDO ARIAS,**
**RUTH M. LÓPEZ SUÁREZ,**
**LIDIA MARCHOSKY,**
**MYRIAM NIEVES O'NEILL,**
**CONSUELO EGEA QUIÑONES DE**
**WALKER**,
**EDITH K. RIVERA LÓPEZ,**
**LILIANA SANTIAGO ACEVEDO,**

Pension Plan Participants Employed by
Colegio Nuestra Señora Del Carmen

**WANDA I. AGOSTO BERRIOS,**
**MILDRED A. RIVERA NIEVES,**
**AYLEEN RODRÍGUEZ CORDERO,**

Pension Plan participants employed by
Colegio San Benito (Humacao)

**CELIA M. ALVARADO SOTO,**
**SATURNINO ANGULO ENCARNACIÓN,**
**GUADALUPE ARELLANO RODRÍGUEZ,**
**CARMEN L. ARISTUD PÉREZ,**
**FLORENCIA ARCE CÁCERES,**
**ELEUTERIA AVILÉS ADORNO,**
**JUAN S. AYALA DELGADO,**
**HUGO CARDONA CASANOVA,**
**MARIA DEL C. CAMACHO TORRES,**
**YVETTE CASTRO PRATTS,**
**TANYA E. CHICLANA TORRES,**
**MIGDALIA COLÓN PEREZ,**
**SHELIA DARDER CRUZ,**
**NYDIA DELERME RIVERA,**
**LEONIRDES DELGADO RODRÍGUEZ,**
**CHARLENE M. DOLSEN,**
**LOURDES G. DONATE ORTIZ,**
**CARMEN E. ELÍAS,**
**LORENZA GARCÍA MERCADO,**
**YAMIRA E, GUADALUPE GUEVARA,**
**SYLVIA M. GUTIERREZ SÁNCHEZ,**
**HELVIA GUZMÁN MERCADO,**
**LUISA J. ISAAC APONTE,**
**EVELYN LUGO MORALES,**
**MAYRA LÓPEZ VILCHEZ,**
**NICOLAS VELÁZQUEZ TAPIA,**

**JOSEFINA MARÍN LUGO,**
**SANDRA M. MARTÍNEZ,**
**IVELISSE MELÉNDEZ SANTOS,**
**IRIS N. MELÉNDEZ VELAZQUEZ**
**MARIA MENDOZA GONZÁLEZ,**
**SONIA MORALES VEGA,**
**MICHELLE NAVARRO SMITH,**
**CLARA ORTA LANDAN,**
**ANA I. ORTEGA ACOSTA,**
**MARGARITA OTERO VÉLEZ,**
**LUZ Z. PALAU PÉREZ,**
**MYREDI PÉREZ MORALES,**
**ROSA PÉREZ MARTÍNEZ,**
**ROSA I. PARÍS DOWNS,**
**MARITZA QUIÑONES VARGAS,**
**ODETTE QUIÑONES CINTRÓN**
**NICOLASA RAMOS LÓPEZ,**
**MARISA RAMÍREZ DEL VALLE,**
**IVONNE M. RIVERA PAGÁN,**
**JUAN RODRÍGUEZ RODRÍGUEZ,**
**LETICIA RODRÍGUEZ UBARRI,**
**\*WILMA RODRÍGUEZ RAMOS**
**EVELYN ROIG,**
**EMMA ROMERO NIEVES,**
**MILAGROS RUIZ GANDULLA,**
**DOMINGO SÁNCHEZ CARTAGENA,**
**ADA M. SANTIAGO AYALA,**
**MARÍA L. SANTIAGO COLON,**
**MARÍA E. SANTIAGO DEYA,**
**WANDA I. TORRES DOMENECH,**
**MARITZA TRAVIESO ARCE,**
**THOMAS J. VARGAS IRIZARRY,**
**MARIE R. VEGA RIVERA,**
**VANESSA E. VÉLEZ CRUZ,**

Pension Plan participants employed by Colegio
María Auxiliadora (Carolina)

**MARÍA DE LOS A. GARCIA ALVARADO,**
**MIRTEA L. MARTÍNEZ JIMÉNEZ,**
**\*EDNA LUZ LEDESMA MONTESINOS**

Pension Plan participants employed by Colegio
Corazón de María

**LUZ I. ALBERT SAURI,**
**MARITZA CATONI ROSARIO,**
**MARÍA M. CINTRON HERNÁNDEZ,**
**TERESITA I. GARRIGA BLANCO,**
**LAURA GONZÁLEZ COLÓN,**
**FRANCISCO G. JUSTINIANO SÁNCHEZ,**
**MIGDALIA MALDONADO JOURNET,**
**FÉLIX H. MARTÍNEZ TAPIA,**
**IVELISSE MARTÍNEZ DE LA TORRE,**
**DAVID MEDERO SERRANO,**
**MARÍA V. MEDINA NIEVES,**
**MARÍA G. MEDINA SEGARRA,**
**AWILDA MORALES ORTEGA,**
**MARTA NIEVES TRIFILIO,**
**MARTHA ONEGA SAAVEDRA**
**GRISEL ORTIZ VEGA,**
**ANA H. PAGÁN TORO,**
**ANA H. RODRÍGUEZ RIVERA,**
**EDUARDO RODRÍGUEZ REYES,**
**MARÍA DE LOS A, RODRÍGUEZ MATÍAS,**
**MARILDA RUIZ SIFRE,**
**NEREIDA SANTANA SALGADO,**
**ELIZABETH SANTIAGO VALENTÍN,**
**MILAGROS SOTO VÁZQUEZ,**
**MERCEDES TRIFILIO ABREU,**
**MARÍA DEL C. VÁZQUEZ GUILBOT**

Pension Plan participants employed by Colegio
Nuestra Señora de Belén

**ANA MARÍA BUSTAMANTE GARCÍA,**
**MARÍA M. FIOL FUMERO,**

Pension Plan participants employed by Colegio
San Antonio Abad-Humacao

**NELLIE PÉREZ RAMOS,**
**OLGA I. ZAYAS ÁLVAREZ,**

Pension Plan participants employed by Colegio
Nuestra Señora de la Providencia

**MARGARITA SEPÚLVEDA GRACIA**
Pension Plan participant employed by Academia
Claret

**SOLEDAD DÍAZ ABREU**
Pension Plan beneficiary previously employed by
Colegio San José (Elementary School) in Caguas

**IRMA BURGOS HERNÁNDEZ,**
**MARILÚ CABRERA TIRADO,**
**ISCKRA THAMARA CARVAJAL ROCHA,**
**MARÍA M. CINTRÓN HERNÁNDEZ,**
**JANIA COVAS GARCIA,**
**FLOR DE MARÍA CARABALLO**
**ANGELA DI TRANI PETRILLO,**
**BELKIS FERRER LOPATEGUI,**
**IRMA FUENTES RODRÍGUEZ**
**VILMA E. GAUTIER RIVERA,**
**EDDA D. GONZÁLEZ VÁZQUEZ,**
**CARMEN J. HERNÁNDEZ VIDOT,**
**MYRNALIZ JIMÉNEZ BORIA,**
**NANCY JORGE RAMOS,**
**JOSEFINA LUCIANO CHAVEZ,**
**MADELINE S. MONSERRATE GARCÍA,**
**JUAN J. MULERO TORRES**
**INOCENCIA PADILLA PADILLA**
**ANA HILDA PÉREZ CRUZ,**
**IVETTE PÉREZ IBERN**
**DAVID RIVERA RIVERA,**
**JOSE A. RODRÍGUEZ SANTIAGO,**
**ALMA L. ROSADO ROMÁN,**
**LUCILA SALGADO MERCADO,**
**VANESSA V. VALDÉS DE LA TORRE,**
**MARÍA B. VÁZQUEZ CAMUÑAS,**
**NORIS VÁZQUEZ DE DIOS,**
**SUSANA VÁZQUEZ LUGO,**
**GRECIA VÉLEZ SÁNCHEZ,**
**MARIE D. VENTURA MARTÍNEZ,**

Plan participants and/or beneficiaries employed by
diverse schools or other corporations or agencies
associated with the church

**CARMEN R. ARTEAGA DE FERNÁNDEZ,**
**NORMA ÁVILA RODRÍGUEZ,**
**RAFAEL BARBOSA RIVERA,**
**ISAURA CAMARENO VENDRELL,**
**ANTONIO R. CARABALLO,**
**ANA A. CARO VEGA,**
**ISABEL CASAÑAS MACHADO,**

**YOLANDA CASTRO LÓPEZ,**
**MARÍA DEL C. CÓRDOVA CHIEZA**
**SUSANA BERZA DE LA CUESTA ÁLVAREZ**
**IRIS V. DE JESÚS RIVERA**
**MARÍA DEL PILAR GERBOLÉS**
**GISELA LORA YERO**
**ÁNGEL S. MEJÍAS MORALES,**
**CARMEN L. MENDRELL LUGO,**
**MARINA PÉREZ AZOFRA,**
**EVA PÉREZ PENTÓN,**
**LOURDES M. RIVERA CELA,**
**ERIC W. RIVERA MALAVÉ**
**ARLENE RODRÍGUEZ MATTEI,**
**HÉCTOR R. RODRÍGUEZ MONTES,**
**ADAMARIS RODRÍGUEZ REYES**
**EMILIO J. ROLDÁN FIGUEROA**
**BLANCA I. TORRES MARTÍNEZ**
**MIGDALIA TORRES MARTÍNEZ**
**LYDIA SEIJO TAPIA**

Pension Plan participants currently or formerly
employed by Colegio San Vicente de Paul

All suing on their own behalf and on behalf
of the **FUND OF THE CATHOLIC SCHOOLS**
**OF THE ARCHDIOCESES OF SAN JUAN**
**PENSION PLAN**

       Plaintiffs,

        v.

**CATHOLIC SCHOOLS OF THE**
**ARCHDIOCESES OF SAN JUAN**
**PENSION PLAN**, represented by **SAMUEL**
**SOTO,** Administrator of the Pension Plan**;**
**JUAN SANTA; ROSA FIGUEROA; ANA**
**CORTES; MARILYN PANNEL** and
**SAMUEL SOTO**; and **JOHN DOE;**
**RICHARD ROE, JANE DOE; MARY ROE**,
denominated with fictitious names because their
real names are unknown, all sued as Administrators
and/or trustees and/or named
fiduciaries of the Catholic Schools of the
Archdioceses of San Juan Pension Plan;
**THE SUPERINTENDENCE OF CATHOLIC**

**SCHOOLS OF THE ARCHDIOCESES
OF SAN JUAN**; sued as Sponsor (Settlor),
Administrator and Fiduciary of the Catholic Schools
of the Archdioceses of San Juan Pension Plan.

**INSURANCE COMPANY ABC; INSURANCE
CO. XYZ; ACME INSURANCE COMPANY,**
denominated with fictitious names because
their real names are unknown, sued as insurance
companies of the defendants;

**DEF BOND COMPANY, INC.; ABC SURETY,
INC.,** denominated with fictitious names because
their real names are unknown, sued as surety and
bond company for one or more of the defendants.

**GHI WEALTH MANAGEMENT AND
FINANCIAL SERVICES, INC.;
JKL INVESTING AND FINANCIAL
CO.; MNOWEALTH MANAGEMENT, LLC;
and JOE BROKER; RICHARD INVESTOR;
JOHN SECURITIES,** denominated with fictitious
names because their real names are unknown,
sued as individuals or investment companies
acting as fiduciaries of the **CATHOLIC
SCHOOLS OF THE ARCHDIOCESES OF
SAN JUAN PENSION PLAN**

       Defendants

---

## SECOND AMENDED COMPLAINT

**COME NOW, the above captioned plaintiffs,** through their undersigned attorneys and

respectfully state and pray:

**I.     NATURE OF THE ACTION**

1.     This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due under a multiple

employer defined benefits pension plan, to redress breaches of fiduciary duties under ERISA, to

recover statutory penalties caused by Defendants' failure to make disclosure as required by ERISA, and to recover costs and attorneys' fees as provided by ERISA.  Plaintiffs also seek a Preliminary and Permanent Injunctive Relief and a temporary restraining order.

## II.    JURISDICTION AND VENUE

2.      a.      This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f).  The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331.  Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

b.      This Court has personal jurisdiction over defendants, Catholic Schools of the Archdioceses of San Juan Pension Plan, the Superintendence of Catholic Schools of the Archdioceses of San Juan, because both are headquartered and transact business and has significant contacts with this District, and because ERISA provides for nationwide service of process.   Section 502 (e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

c.      This Court has personal jurisdiction over defendants, Samuel Soto, Marilyn Pannel, Ana Cortés, Rosa Figueroa and Juan Santa, because they are all trustees and/or fiduciaries of Catholic Schools of the Archdioceses of San Juan Pension Plan, work in the Commonwealth of Puerto Rico and because ERISA provides for nationwide service of process.  *Id.*

3.      Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the subject employee benefit plan is administered in this district, some or all of the violations of ERISA took place in this District; the breaches of duty herein alleged occurred in this district, and one or more of the Defendants resides or is found in this district, and, pursuant to 28 U.S.C. § 1391(b), in that the causes of action arose in this district.

### III.    PARTIES

4.      The Plaintiffs are all the persons named in the captioned of the case (whose names are not repeated herein for brevity purposes), all suing on their own behalf and on behalf of the Pension Fund of the Catholic Schools of the Archdioceses of San Juan Pension Plan, who are individuals residing in the Commonwealth of Puerto Rico and in the United States of America. They are all vested participants or beneficiaries in the Catholic Schools of the Archdioceses of San Juan Pension Plan, a multiple employer defined benefit employees' pension plan within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).   Plaintiffs have standing to bring this action under section 502(a) of ERISA, 29 U.S.C. § 1132(a).

5.      Defendant, the Catholic Schools of the Archdioceses of San Juan Pension Plan (hereinafter called the "Plan" or "Defendant Plan") is a multiple employer defined benefit pension plan within the meaning of section 3(35) of ERISA, 29 U.S.C. §1002(35).   A "multiple employer plan," is a plan "maintained by two or more contributing sponsors [employers] ... under which all plan assets are available to pay benefits to all plan participants and beneficiaries." 29 C.F.R. § 4001.2.  A Multiple Employer Plan is a plan, which is sponsored by more than one unrelated employers.  The subject plan is a defined benefit plan, and is considered a single plan under both the Puerto Rico Internal Revenue Code (13 L.P.R.A. §30391) and ERISA.    Defendant Plan is administered in this district.  The office address of the Plan, according the Plan's most recent annual report, is 789 Jaime Drew Street, San Juan, Puerto Rico. Defendant Plan is a multiple employer defined benefit pension plan and maintained continuously thereafter by Defendant, whose employer identification number (EIN) is 66-0718647 and its Plan Number is unknown.

Defendant, Samuel Soto is the person designated as "agent for service of process" for the Plan, pursuant to sections 102(b) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1022(b) and 1132(d)(1).

Said plan was established by the Superintendence of Catholic Schools of the Archdioceses of San Juan. A Trust was established to hold Plan assets and four fiduciaries known as Father Baudillo Merino, Father John Tomala, Ms. Anabel P. Casey, Brother Francis M. Ouellette and Mr. Santiago Aponte were designated pursuant to a deed of trust authorized and notarized before Notary Public, Antonio J. Suárez de la Torre on November 16, 2009.   The plan has several participating employers, who are (i) non-profit corporations or institutions organized under the laws of the Commonwealth of Puerto Rico and that are not tax exempt within the meaning of Section 501(c)(3), of the Internal Revenue Code, 26 U.S.C. § 501(c)(3), and have not elected to be exempt under Section 501 of the Internal Revenue Code, 26 U.S.C. § 501.  The participating employers are catholic schools who have elected to participate in the plan, who are controlled by an independent Board of Directors and are not directed by the Roman Catholic Church of Puerto Rico, (ii) any successor of property of any one of them, (iii) other non-profit corporations or institutions who are catholic schools subject to the supervision of their respective dioceses or superintendence, which are controlled by an Independent Board of Directors and are not directed by the Roman Catholic Church of Puerto Rico, who have also elected to participate in the plan and (iv) any other agency or non-profit corporation associated with Roman Catholic Church of Puerto Rico, who are controlled by an Independent Board of Directors, but in each case, who are subject to the approval of the sponsor of the plan or its successor.

6.    Defendant, Superintendence of Catholic Schools of the Archdioceses of San Juan (hereinafter called the "Superintendence" or "Defendant Superintendence" or the settlor or sponsor of the plan) is a non-profit institution organized under the Laws of the Commonwealth of

Puerto Rico, whose EIN is unknown.  The Superintendence is one of the "named fiduciaries" of the Defendant Plan, within the meaning of sections 3(21)(A) and 405(c) of ERISA, [29 U.S.C. § 1002(21)(A) and § 1105(c)] and the Administrator of the Defendant Plan, within the definition of "Administrator" in section 3(16)(A) ERISA, 29 U.S.C. § 1002(13)(A)].   As Administrator, the Superintendence maintains its office and records in the District of Puerto Rico, under its direction and control at 789 Jaime Drew Street, Urb. Los Maestros, San Juan, Puerto Rico.   The Superintendence is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Superintendence is a "party in interest" within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14).

7.      Defendant, Samuel Soto is an individual residing in San Juan, Puerto Rico. Defendant, Samuel Soto maintains an office for, and the records for, the Defendant Plan at 1050 Jaime Drew Street, Urb. Los Maestros, San Juan, Puerto Rico.  Defendant Samuel Soto, pursuant to delegation from the Superintendence of Catholic Schools of the Archdioceses of San Juan, serves as, and performs all of the functions of, the Administrator of the Plan, within the definition of "Administrator" in section 3(16)(A) ERISA, 29 U.S.C. § 1002(13)(A).  Defendant, Samuel Soto is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Samuel Soto is a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).

8.      Defendant, Juan Santa, is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Juan Santa is a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  He is a resident of the Commonwealth of Puerto Rico

9.      Defendant, Rosa Figueroa is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Rosa Figueroa is a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14). She is a resident of the Commonwealth of Puerto Rico.

10.     Defendant, Ana Cortés, is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Ana Cortés is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  She is a resident of the Commonwealth of Puerto Rico.

10a.    Defendant, Marilyn Pannel, is a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Marilyn Pannel is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  She is a resident of the Commonwealth of Puerto Rico.

11.     Defendant, John Doe (denominated with a fictitious name because her real name is unknown) is or was a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, John Doe is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  He is a resident of the Commonwealth of Puerto Rico.

12.     Defendant, Richard Roe (denominated with a fictitious name because her real name is unknown) is or was a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Richard Roe is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  He is a resident of the Commonwealth of Puerto Rico

13.     Defendant Jane Doe (denominated with a fictitious name because her real name is unknown), is or was a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Jane Doe is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  She is a resident of the Commonwealth of Puerto Rico or of the United States of America.

14.     Defendant, Mary Roe (denominated with a fictitious name because her real name is unknown), is or was a fiduciary of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Defendant, Mary Roe is or was a "party in interest" with respect to the Plan, within the meaning of section 3(14) of ERISA, 29 U.S.C. §1002(14).  She is a resident of the Commonwealth of Puerto Rico or of a state of the United States of America.

15.     Defendants, Insurance Company ABC; XYZ Insurance Co.; ACME Insurance Company (denominated with fictitious names because their real names are unknown), are insurance companies organized under the laws of the Commonwealth of Puerto Rico or under the laws of a state of the United States of America or of a foreign country, authorized to do business in this jurisdiction, who issued insurance policies to cover defendants for all or some of the claims made through the instant action.

16.     Defendants, DEF Bond Company, Inc,; ABC Surety, Inc. (denominated with fictitious names because  their real names are unknown), are Bonding and/or Surety Companies organized under the laws of the Commonwealth of Puerto Rico, or under the laws of a state of the United States of America or of a foreign country, authorized to do business in this jurisdiction, who are surety and/or bond companies for one or more of the defendants.

17.     Defendants, GHI Wealth Management and Financial Services, Inc.; JKL Investing and Financial Co.; MNO Wealth Management, LLC (denominated with fictitious  names because

their real names are unknown), are investment, brokerage and/or wealth management companies organized under the laws of the Commonwealth of Puerto Rico or of a state of the United States of America or of a foreign country, authorized to do business in this jurisdiction, acting as fiduciaries of the Pension Plan of the Superintendence of Catholic Schools of the Archdioceses of San Juan, who provided investment advise for a fee to the administrators and other fiduciaries of the Plan, as the term is defined by 29 U.S.C. §1002(21)(A)c(ii).

18.     Defendants, Joe Broker; Richard Investor and John Securities (denominated with fictitious names because their real names are unknown) are investment brokers or wealth managers acting as fiduciaries of the Pension Plan of the Superintendence of Catholic Schools of the Archdioceses of San Juan, who provided investment advice for a fee to the administrators and other fiduciaries of the Plan, as the term is defined by 29 U.S.C. §1002(21)(A)(ii).

**III.     Background of Violations**

19.     On November 26, 1979, the Superintendence of Catholic Schools of the Archdioceses of San Juan and four fiduciaries known as Father Baudillo Merino, Father John Tomala, Ms. Anabel P. Casey, Brother Francis M. Ouellette and Mr. Santiago Aponte subscribed a deed of trust, before Notary Public, Antonio J. Suárez de la Torre, to establish the Trust of the Catholic Schools of the Archdioceses of San Juan Pension Plan.

20.     According to the original Deed of Trust known as Catholic Schools Employees Pension Plan (Deed Number 12, notarized on November 26, 1979, by Notary Public Antonio J. Suárez de la Torre), the trustees shall discharge their duties with respect to the plan and this Trust solely in the interest of the participants and their beneficiaries pursuant to the terms and conditions of the Plan and this Trust, **inasmuch as these terms and conditions are congruent**

**with the provisions of Title I of the Employee Retirement Income Security Act of 1974 (herein after, "E.R.I.SA.")**

21.     Pursuant to the deed of trust, the trustees of the plan have to pay a bond, subject to the provisions of Section 412 of the ERISA (29 U.S.C. §1112).

22.     After subscribing the aforementioned deed, the fiduciaries of the Catholic Schools of the Archdioceses of San Juan Pension Plan approved the same.

Article 2 (Terms and Conditions of the Plan) provides that:

A.     Purposes: This plan has been established by the Sponsor of the Plan for the exclusive benefit of the employees of the participating employers and/or their beneficiaries. Inasmuch as it is possible, this document shall be interpreted and administered **in a consistent manner with the intention and requirements of the applicable provisions of the "Employees Retirement Income Security Act of 1974," as amended (ERISA)** and the Income Tax Law of 1954 of the Commonwealth of Puerto Rico, as amended, or any future provision of any applicable law.

Article 18 (Termination of the Plan) provides the following:

A.     The sponsor reserves the right to terminate this plan completely at any moment, for any reason, or without any reason with the previous approval of the Secretary of the Treasury and **the Pension Benefit Guarantee Corporation**, and also the majority of the participating employers.

And Article 21 (Miscellaneous Provisions of the Plan), provides the following:

O.     This Plan and all its provisions shall be interpreted pursuant to the laws of the Commonwealth of Puerto Rico and the **Employee Retirement Income Security Act of 1974 [E.R.I.S.A.]**. The Retirement Committee, in any form, would be held accountable in any Court other than a state or federal court with jurisdiction, if it has the power to act.

23.     After the approval of the plan, the Superintendence of Catholic Schools of the Archdioceses of San Juan published and distributed among the beneficiaries and participants of the plan a document titled "Catholic Schools Employees' Pension Plan of the Archdioceses of San Juan, Summary of the Description of the Plan."

24.     Said document provides, in its paragraph number 26 (Notice to Employees) the following:

As a participant of this plan, you have certain rights and protections under the "Employee Retirement [Income] Security Act of 1974.  E.R.I.S.A. provides that the participants of the plan would have the following rights:

a.      To examine, without any cost, in the office of the administrator and other places, all the documents of the plan, including the insurance contracts, collective bargaining agreements and copy of all the documents submitted to by the plan to the Department of Labor of the United States, such as annual reports and description of the plan.

b.      To obtain copy of a detail version of the document of the plan or other information, through a written request address to the the administrator of the plan.   The administrator could collect a reasonable amount for photocopying expenses.

c.      To receive a summary of the annual financial report of the plan.  The law requires that the administrator of the plan provide a copy of this report to each participant.

d.      To obtain, once per year, one report of the total accumulated pension benefits and the non-forfeitable pension benefits (if there are any) on the closet date on which the benefits would become non-forfeitable.  The plan could require that the report be requested in writing, but it must be furnished at no cost.

e.      To file a complaint in Federal Court, if any of the requested documents are not received within 30 days counted from the date in which they are requested by the participant, unless the materials are not sent for reasons beyond the control of the administrator.  The Court could require that the administrator of the pay up to $100.00 for each day of delay until these materials are received by the participant.

In addition to establish rights for the participants of the plan, E.R.I.S.A. imposes obligations to the persons responsible for the operation of the pension plan.  These persons are known as "fiduciaries" pursuant to the law.  The fiduciaries are obliged to act exclusively for the benefit of the participants and must act prudently when they make decisions and exert duties under the plan.  The fiduciaries that violate the rules imposed by ERISA could be replaced and could respond for any loss caused in detriment of the plan due to their acts.

Your employer could not discriminate against you to prevent that you enjoy a pension benefit, or to exercise a right under the rules of ERISA.

If any benefit is denied to you in an improper manner you have the right to file a complaint in Federal Court or in a State Court.  If the fiduciaries are misusing the funds of the plan, you have the right to file a complaint in Federal Court or to request the intervention of the Department of Labor of the United States.  If you win the case, the Court could, if it decides to, request to the defendant to pay the legal costs, including attorney's fees.  If you lose the case, the Court could require that you pay the legal costs, including attorney's fees (for example, if the Court decides that your claim is frivolous).

25.     Another document with a similar title, dated September 1, 1993, was published and distributed among the plan participants and beneficiaries by the Superintendence of Catholic Schools of the Archdioceses of San Juan, which contain identical provisions.

26.     Since 2009 until the present all the defendant administrators and fiduciaries of the plan failed to send a summary of the annual financial report of the plan to its participants and beneficiaries as provided by E.R.I.S.A. and the plan, in violation of their fiduciary duties.

27.     Neither the current defendant administrators and fiduciaries of the plan nor the former ever sent to the plan participants and beneficiaries a copy of the actuarial studies performed to the plan or any audited financial statements, also in violation of their fiduciary duties.

28.     At least since 2009 until the present, the fiduciaries and trustees failed to pay the annual premiums imposed by the Pension Benefit Guarantee Corporation (herein after "the PBGC") to every pension plan covered by E.R.I.S.A., pursuant to 29 U.S.C. §§1306 and 1307, in violation of these sections.

29.     The defendant trustees and fiduciaries failed to pay a bond, in violation of Section 412 of E.R.I.S.A. (29 U.S.C. §1112) and the deed of trust of the plan.

30.     At least since 2009 until 2016, the defendant fiduciaries and administrators of the plan failed to commend actuarial studies for the plan or audited financial statements, nor did they comply with any of the provisions of Pension Protection Act of 2006 (PPA), to prevent the

insolvency of the plan.  In other words, they did not take any measure mandated by this Act to prevent such insolvency.  What is worse they failed to inform to the plan participants and beneficiaries about the deficit of the pension fund and its critical financial situation, until the plan became insolvent, during the first months of 2016.

31.    From 2006 until the present, the defendant fiduciaries and administrators of the plan invested more than 80% of the pension plan's fund in close end bonds' funds and other bonds of several instrumentalities and public corporations of the Commonwealth of Puerto Rico. During that period of time such close end bonds' funds and bonds lost between 70-80% of their market value.  Such loss provoked the accelerated insolvency of the plan.  The defendant administrators and fiduciaries of the plan failed to diversify the investment portfolio of the pension fund in violation of E.R.I.S.A., 29 U.S.C. §1104(a)(1)(C).  This Section guards against undiversified schemes such as the instant one that prohibits a fiduciary and administrator of a plan from investing the whole or an unreasonably large portion of the trust assets in either one type of security or different type of securities that are dependent on the welfare of one industry or the conditions in one particular geographic location.

32.    The defendant fiduciaries and administrators of the pension plan were bound to consider a host of factors particular to their own trust to determine an appropriate mix of investments.  These factors include: "the purposes of the plan, the amount of the plan assets, financial and industrial conditions, the type of investment, whether mortgages, bonds or shares of stock or otherwise; distribution of as to geographic location; distribution as to industries, dates of maturity and others.  See *In Re Unisys Savings Plan Litigation,* 74 F.3d 420, 438 (3rd Cir. 1996), (citing H.R. Conf. Rep. No. 1280, 93d Cong., 2d Sess. 1974).  However, as indicated before, defendant fiduciaries and administrators failed to comply with their fiduciary duty to diversify the

investment portfolio of the pension fund.  The language of the Congressional Report makes clear that a fiduciary must diversify the portfolio both with regard to the actual investments selected and with the type of security chosen.  1974 U.S.C.C.A.N. at 5085.  See *GIW Industries, Inc. v. Trevor,* 895 F.2d 729, 732 (11th Cir. 1990) (holding that a portfolio consisting primarily of long-term government bonds was not sufficiently tailored to the particular needs of the plan at issue, even though the funds were "liquid and carried minimal credit risk").

33.     In the instant case the close end bonds' funds and other bonds acquired by the fiduciaries and administrators of the plan were not liquid and carried a great credit risk. Notwithstanding this fact, the fiduciaries and administrators of the plan concentrated more than 80% of the pension funds in the aforementioned investments.

34.     Defendant fiduciaries' and administrators' conduct during the relevant period also amounted to a violation of 29 U.S.C. §1104(a)(1)(B), the E.R.I.S.A. section that requires fiduciaries to "act with the care, skill, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise with like character and with like aims."  *In re Unisys Savings Plan Litigation*, 173 F.3d 145, 153 (3d Cir. 1999).

Between the years 2009 to 2016, defendant fiduciaries' and administrators' investment strategy and decision-making process during the relevant time period were inadequate when compared to the course that would have been taken by reasonably prudent investors.  During this period of time the plan's investment holdings consisted almost wholly of the aforementioned fixed income investment vehicles.  The decision-making process that justified this makeup was marked by uneducated assumptions, lack of independent investigation, and a failure to obtain the needed expertise as to the best way to meet the plan's goals.

35.    The overall investment strategy of the defendant fiduciaries and administrators of the plan was the result of the fiduciaries and administrators merely attending monthly meetings and rubber stamping the judgment of the defendant brokers and brokerage firms, thereby abdicating their duty to make informed and independently investigated investments decisions. Defendant fiduciaries and administrators of the plan had the necessary cash flow available to them with which to broaden the plan's holdings beyond fixed-income investments, yet neglected to do so.  When compared to sound and prudent investment principles, the conduct of the defendant fiduciaries and administrators between 2009 and 2016 subjected the plan to large losses.

36.    The fiduciaries and administrators of the plan were not qualified to manage investments of a pension fund, based on their educational backgrounds, experience, skills and knowledge.  None of them had any formal education on investment strategy and methodology, nor did they made independently informed and researched choices with the assets of the pension fund.  They approved investment decisions and advice without further query.  While a fiduciary is encouraged to retain the service of consultants when they need outside assistance to make prudent investments and they are not expected to duplicate their adviser's investigative efforts, ERISA's duty to investigate requires fiduciaries to review the data a consultant gathers to assess its significance and to supplement it where necessary.  *In re Unisys Savings Plan Litigation*, 74 F.3d 420, 435 (3rd Cir. 1996).

Even with the assistance of outside consultants making up for their lack of investment experience, the defendant fiduciaries and administrators of the plan were required to maintain an independent and critical eye toward the decisions that they approved.  *Liss v. Smith*, 991 F.Supp. 278 (S.D.N.Y. 1998).  Defendants did not have an independent and critical eye when they approved a high concentration of the pension fund's investments (more than 80%) in closed end

bonds' funds and other bonds of several instrumentalities and public corporations of the Commonwealth of Puerto Rico.

Finally, the defendant fiduciaries failed to take any action to correct their imprudent investments.

37.    To sum up, the defendant fiduciaries and administrators of the plan failed to implement an investment policy; failed to diversify funds' assets, failed to properly investigate fund investments and failed to monitor the pension fund's solvency, in violation of ERISA's general fiduciary duty provision, ERISA's §404, 29 U.S.C. § 1104(a)(1)(B) and the specific requirement that assets be diversified, ERISA's §404, 29 U.S.C. § 1104(a)(1)(C).

38.    On the other hand, under the plain language of the statute, responsibility for providing investment advice for a fee is sufficient to give rise to ERISA plan fiduciary status.  See 29 U.S.C. § 1002(21)(A)(ii). Courts have, furthermore, found that an investment advisor owes fiduciary duties to an ERISA plan where the advisor was "(1) providing individualized investment advice; (2) given pursuant to a mutual understanding; (3) on a regular basis; (4) that serves as a primary basis for investment decisions with respect to plan assets; (5) pertains to the value of the property or consists of recommendations as to the advisability of investing in certain property; and (6) is rendered for a fee." *Goldenberg v. Indel, Inc.,* 741 F.Supp.2d 618, 627 (D.N.J.2010) (citing 29 C.F.R. § 2510.3–21(c)).

39.    Between 2006 and 2016, defendant brokers provided investment advice for a fee to the fiduciaries and administrators of the pension plan.  "A person shall be deemed to be rendering 'investment advice'" if he advises "as to the value of securities or other property, or makes recommendation[s] as to the advisability of investing in, purchasing, or selling securities or other property." 29 C.F.R. § 2510.3-21(c)(1)(i).

40.    The defendant brokers provided investment advice for a fee to the fiduciaries and administrators of the plan because they advised them on the value of the closed end bonds' funds and other bonds of the Commonwealth of Puerto Rico and made various recommendations about the advisability of investing a substantial amount of money (more than 80% of the pension fund's assets) in these securities and directly purchased them on behalf of the pension plan for a fee.  The defendant brokers' advice served as a primary basis for the investment decisions of the plan. Their advice to excessively buy closed end bonds' funds and several bonds of various instrumentalities and public corporations of the Commonwealth of Puerto Rico for a fee, resulted in substantial losses to the pension fund and provoked its insolvency.  Defendants brokers represented to the fiduciaries and administrators of the plan that the aforementioned securities were low risk investments, when all the financial indicators tended to show the contrary.  In other words, the downward trend of the economy of Puerto Rico between 2006-2016 and its high indebtedness, should have warned a prudent broker that such high concentration of the plan's assets in these bonds could very well provoke a substantial loss to the plan's fund.  These brokers violated their fiduciary duties towards the plaintiffs, as plan participants and beneficiaries of the pension plan.

41.    For the same reasons, the defendant brokers' and/or financial services firms are liable to the plaintiffs under E.R.I.S.A. because a financial services firm that provided individualized investment advice for a fee, is considered a fiduciary under E.R.I.S.A.   The defendant brokers and/or financial services firm breached their fiduciary duty under ERISA to provide competent investment advice and services, ERISA § 404(a), 29 U.S.C. § 1104(a).   An ERISA fiduciary must discharge his duties with reasonable care, skill, and diligence, and with the goal of minimizing the risk of large loss through asset diversification; see also ERISA § 409(a),

29 U.S.C. § 1109(a) (Any fiduciary who "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary...."). The defendant brokers, broker's and/or financial services firms are ERISA fiduciaries that gave an ERISA plan inadequate investment advice are liable to the pension fund of and must restore to such fund any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary and must compensate the pension fund for any losses as a result of their ill-advised investments.  See ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). See *Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co.*, 302 F.3d 1 (1st Cir. 2002).

The broker's and/or financial services firms (as principals) are also vicariously liable to the pension fund for the losses suffered by it and are bound to restore any profits made as a result of the questioned transactions because by virtue of its *de facto* control over the brokers (as their agents), had control over the disposition of plan's assets.

42.    The defendant settlor and sponsor of the plan failed to monitor the defendant fiduciaries or to take any action to correct the defendant fiduciaries' and administrators' imprudent investments.  Under the subject plan and ERISA, the defendant settlor and sponsor of the plan had a co-fiduciary duty to appoint, remove and monitor the fiduciaries and administrators of the plan but failed to take any action to remedy the breaches of the other defendants, "with knowledge of such breaches.  Its failure to adequately monitor the appointed fiduciaries enabled those fiduciaries to breach their duties.  See *Kling v. Fidelity Management Trust Co.,* 323 F.Supp. 2d 132, 144-145 (E.D. Ark. 2015).

43.     The Superintendence of Catholic Schools of the Archdioceses of San Juan, as settlor and/or sponsor of the Catholic Schools of the Archdioceses of San Juan Pension Plan, its fiduciaries and administrators represented to all its participants and beneficiaries that the plan was covered by the provisions of E.R.I.S.A. until 2016.   However, on or around March 2016, these defendants together with plaintiffs' employers decided to terminate the plan.  Once they made this decision, they publicly claimed that the plan was a "church plan" exempt from such provisions. See 29 U.S.C. §1002(33).

44.     The Superintendence of Catholic Schools of the Archdioceses of San Juan, as settlor and/or sponsor of the Catholic Schools of the Archdioceses of San Juan Pension Plan, and its agents, the defendant fiduciaries and the administrators of the plan are duty bound not to mislead participants, and where failure to abide by ERISA's disclosure requirements involves misleading statements or intentional concealment, a fiduciary breach claim will arise. See *Varity Corp. v. Howe*, 516 U.S. 489, 506, 116 S.Ct. 1065.

45.     An employer has a fiduciary duty as a plan administrator not affirmatively to mislead participants. See, e.g., *Fischer v. Philadelphia Elec., Co*., 994 F.2d 130, 135 (3d Cir.), *cert.* denied, 510 U.S. 1020, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993); *Drennan v. General Motors Corp*., 977 F.2d 246, 251 (6th Cir. 1992), cert. denied, 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993); see generally Edward E. Blintz, *Fiduciary Responsibility Under ERISA: Is there Ever a Fiduciary Duty to Disclose*?, 54 U. Pitt. L. Rev. 979 (1993). "Lying is inconsistent with the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA ...." *Varity*, [516] U.S. [489], at [504], 116 S.Ct. at 1074 (quoting *Peoria Union Stock Yards Co. v. Penn Mut. Life Ins. Co*., 698 F.2d 320, 326 (7th Cir.1983)); see also *In re Unisys Corp*., 57 F.3d at 1261 ("[i]n the exercise of his duties, the fiduciary may not materially mislead those to whom the duties of

loyalty and prudence are owed."). "Put simply, when a plan administrator speaks, it must speak truthfully." *Fischer*, 994 F.2d at 135.  See also *Mullins v. Pfizer, Inc.,* 23 F.3d 663, 668 (2d Cir.1994) (joining the Third and Sixth Circuits in adopting the view that a plan administrator may not make affirmative material misrepresentations to plan participants about changes to an employee pension benefits plan).  See *Catholic Charities of Maine, Inc. v. City of Portland*, 304 F.Supp.2d 77, 86-87 (D. Maine 2004)

46.    Plaintiffs, as plan participants and beneficiaries affirmatively allege that the Catholic Schools of the Archdioceses of San Juan Pension Plan is an employee pension benefit plan, as defined in Title I of ERISA and, therefore, covered under ERISA.

47.    Plaintiffs allege that the E.R.I.S.A. church plan exemption provided for under Section 3(33) of ERISA (29 U.S.C. § 1002(33)) is not applicable to the Catholic Schools of the Archdioceses of San Juan Pension Plan.

48.    Following years of study and debate, and broad bi-partisan support, the Congress adopted ERISA in 1974, and the statute was signed into law by President Ford on Labor Day of that year.  Among the factors that led to the enactment of ERISA were the widely published failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company which defaulted on its pension obligations in 1965.  See generally John Langbein et al., PENSION AND EMPLOYEE BENEFIT LAW 78-83 (2010) ("The Studebaker Incident").

49.    As originally adopted in 1974, and today, ERISA protects the retirement savings of pension plan participants in a variety of ways.  As to participants in traditional defined benefit pension plans, such as the plan at issue here, ERISA mandates, among other things, that such plans be currently funded and actuarially sound, that participants accruing benefits vest pursuant

to certain defined schedules, that the administrators of the plan report certain information to participants and to government regulators, that the fiduciary duties of prudence, diversification, loyalty, and so on apply to those who manage the plans, and that the befits promised by the plans be guaranteed, up to certain limits, by the Pension Benefit Guaranty Corporation. See eg. ERISA §§303, 203, 101-106, 404-406, 409, 4007, 4022, 29 U.S.C. §§1083, 1053, 1021-1026, 1104-1106, 1109, 1307, 1322.

50.     As adopted in 1974, ERISA provided an exemption for certain plans, in particular, to governmental and church plans. Plans that met the statutory definitions were exempt from all of ERISA substantive protections for participants. ERISA §4(a) and (b), 29 U.S.C. §1003(a) and (b).

ERISA defined a Church Plan as a plan "established and maintained" for its employees by a church or by a convention or association of churches.[1]

Under the 1974 legislation, although a Church Plan was required to be established and maintained by a church, it could also include employees of certain pre-existing agencies of such church, but only until 1982. ERISA §3(33)(C)(1974), 29 U.S.C. §1002(33)(C)(1974)(current version as amended at 29 U.S.C. §1002(33) (West 2016). Thus, under the 1974 legislation, a pension plan that was not established and maintained by a church could not be a Church Plan. *Id.*

51.     Church groups had two major concerns about the definition of "Church Plans" in ERISA as adopted in 1974. The first, and far more important, concern was that Church Plans after 1982 could not include the lay employees of agencies of the Church. The second concern that arouse in the church community after 1974 was more technical. Under the 1974 statute, all of

---

[1] ERISA §3(33)A, 29 U.S.C. §1002(33)(A). ERISA is codified in both the labor and tax provisions of the United States Code, titles 29 and 26 respectively. Many ERISA provisions appear in both titles. For example, the essentially identical definition of Church Plan in the Internal Revenue Code is found at 26 U.S.C. §414(e).

Church Plans, single-employer or multiemployer, had to be "established and maintained" by a church or convention/association of churches. This ignored the role of the churches' financial services organizations in the day-to-day management of the pension plans. In other words, although Church Plans were "established" by a church, usually incorporated and typically called a church "pension board."

52. These two concerns ultimately were addressed when ERISA was amended in 1980 in various respects, including change in the definition of "Church Plan." Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), P.L. 96-364. The amended definition is the current law.

53. As to the first concern (regarding employees of agencies of a church), Congress included a new definition of "employee" in subsection (C)(ii)(II) of section 3(33) of ERISA. 29 U.S.C. §1002(33)(C)(ii)(II) (1980) (current version at 29 U.S.C. §1002(33)(C)(ii)(II) (West 2016)). As amended, an "employee" of a church or a convention/association of churches includes an employee of an organization "which is controlled by or associated with a church or convention or association of churches. *Id.* The phrase "associated with" is then defined in ERISA section 3(33)(C)(iv) to include only those organizations that "share common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C. §1002(33)(C)(iv) (1980) (current version at 29 U.S.C. §1002(33)(C)(iv) (West 2016)). Although the new definition of "employee" permitted a "Church Plan" to include among its participant employees of organizations controlled by or associated with the church, convention, or association of churches, it remains the case that a plan covering such "employees" cannot qualify as a "Church Plan" unless it was "established by" a church, convention, or association of churches. ERISA 3(33)(A), 29 U.S.C. §1002(33)(A) (West 2016)).

54.    As to the second concern (regarding plans "maintained by" a separate church pension board) the 1980 amendments provide the following:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits,* or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

ERISA § 3(33)(C)(i) (1980), 29 U.S.C. § 1002(33)(C)(i) (1980) (emphasis added) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2016)).   Accordingly, under this provision, a plan "established" by a church or by a convention/association of churches could retain its "Church Plan" status even if it was "maintained by" a distinct organization, so long as (1) "the principal purpose or function of [the organization] is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits"; and (2) the organization is "controlled by or associated with" the convention or association of churches.    ERISA §3(33)(C)(i), 29 U.S.C. § I002(33)(C)(i) (1980) (current version at 29 U.S.C. §1002(33)(C)(i) (West 2016)).

55.    This church "pension board" clarification has no bearing on plans that were not "established" by a church or by a convention or association of churches.   Thus, a plan "established" by an organization "controlled by or associated with" a church would not be a "Church Plan" because it was not "established" by a church or a convention or association of churches.

Further, this "pension board" clarification has no bearing on plans that were not "maintained" by a church pension board.  Thus, even if a plan was "established" by a church, and even if it was "maintained by" an organization "controlled by or associated with" a church, such

as a school, hospital, or publishing company, it still would not be a "Church Plan" if the principal purpose of the organization was *other than* the administration or funding of the plan. In such plans, the plan is "maintained" by the school, hospital or publishing company, and usually through the human resources department of such entity. It is not maintained by a church pension board: No "organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits" maintains the plan. *Compare with* ERISA § 3(33)(C)(i), 29 U.S.C. § 111002(33)(C)(i) (1980) (current version at 29 U.S.C. § I002(33)(C)(i) (West 2016)).

56.     The requirements for Church Plan status under ERISA, both as originally adopted in 1974 and as amended in 1980 are, as explained above, very clear. There is no tension between the legislative history of the 1980 amendment and the amendment itself: The Congress enacted exactly what it wanted to enact. Fundamental to the scheme, both as originally adopted and as fine-tuned in 1980, was that neither an "affiliate" of the church (using the 1974 language) nor "an organization controlled by or associated with" a church (using the 1980 language) could *itself* establish a Church Plan. Its employees could be *included* in a Church Plan, but if it sponsored its own plan, that was not a Church Plan. With respect to "pension boards," the 1980 legislation simply clarified the long standing practice that churches could use their own financial organizations to manage their Church Plans.

57.     The fact that a "plan" is sponsored by a "church" does not necessarily means that the plan may safely be called a "church plan," as defined in Section 3(33) of E.R.I.S.A., 29 U.S.C. §1002(33)(A). Even the basic definition of a "church plan" which is set forth in Section 3(33)(A) of E.R.I.S.A. extends the complexity of the analysis beyond simply finding a "church" and looking for a "plan." Section 3(33)(A) imposes the additional requirements that the sponsor of a

plan must be a "church" or association of churches" exempt from taxation under Section 501 of the Code and the plan be maintained (within certain limits) for the benefit of the church's employees.

ERISA provides that a person is an "employee of a church or a convention or association of churches" if the person is "an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of [the Internal Revenue Code] and which is controlled by or associated with a church or a convention or association of churches." 29 U.S.C. § 1002(33)(C)(ii).   In the instant case most, if not all of the participating employers failed to request exemption from taxation under Section 501 of the Internal Revenue Code.   Thus, ERISA's church exemption is inapplicable under this setting.

Defendants indicate that a "Letter dated May 27, 2016 issued by the IRS for the United States Conference of Catholic Bishops, Group Exemption No. 0928, proves that the participating employers of the Catholic Schools of the Archdioceses of San Juan Pension Plan are exempt from Federal Income Tax under Section 501(c)(3) since 1946.

But the document, directed to the United States Conference of Catholic Bishops, itself warns that [i]t is not to be used by any other organization in the group ruling for any purpose. Furthermore, the alleged exempt status of the organizations is based on the U.S. Conference of Catholic Bishops representations. Plaintiffs and this Honorable Court ignore what were the representations made to the IRS by the United States Conference of Catholic Bishops. In any event, it is well settled law in this Circuit that IRS General Counsel Memoranda "are not authority in this court." *Tupper v. United States*, 134 F.3d 444, 448 (1st Cir. 1998). Defendants have not presented any evidence or legal argument to prove that the aforementioned letter is admissible for the purpose for which it was offered nor that each of the participating

employers complied with the requirements set forth by the IRS in order to be considered a tax exempt organization pursuant to Section 501(c)(3) of the Internal Revenue Code.

According to the IRS Pub. No. 4573, in order to include the participating employers in the aforementioned group tax exemption, the U.S. Conference of Catholic Bishops has to comply with the following requirements:

The central organization submits a letter to the IRS on behalf of itself and its subordinates. The letter includes:

a.      Information verifying the existence of the required relationship;

b.      A sample copy of a uniform governing instrument (such as a charter, trust indenture, articles of association, etc.) adopted by the subordinates;

c.      A detailed description of the purposes and activities of the subordinates including the sources of receipts and the nature of expenditures;

d.      An affirmation by a principal of officer that, to the best of the officer's knowledge, the purposes and activities of the subordinates are as set forth in (b) and (c) above;

e.      A statement that each subordinate to be included in the group exemption letter has furnished written authorization to the central organization;

f.      A list of subordinates to be included in the group exemption letter to which the IRS has issued an outstanding ruling or determination letter relating to exemption;

g.      If the application for a group exemption letter involves IRC 501(c)(3), an affirmation to the effect that, to the best of the officer's knowledge and belief, no subordinate to be included in the group exemption letter is a private foundation as defined in IRC 509(a);

h.      For each subordinate that is a school claiming exemption under IRC 501(c)(3), the information required by Rev. Proc. 75-50, 1975-2 C.B. 834 and Rev. Rul. 71-

447, 1971-2 C.B. 230; and

     i.    A list of the names, mailing addresses (including zip code), actual addresses (if different), and employer identification numbers of subordinates to be included in the group exemption letter. A current directory of subordinates may be furnished in lieu of the list if it includes the required information and if the subordinates not to be included in the group exemption letter are identified.

     The rules for applying for a group exemption are set forth in Rev. Proc. 80-27, 1980-1 C.B. 677.

     Moreover, a group exemption letter does not change the filing requirements for exempt organizations.   The central organization and the subordinates must file Forms 990 (or 990- EZ),

unless they meet a filing exception.   If it is required to file an annual return, the central organization must file its own separate return but may also file a group return on behalf of some or all of its subordinates.  If the central organization files on behalf of some of its subordinates, rather **than all, it must attach a list of the subordinates included in the return.**

Defendants have no evidence to demonstrate that the participating employers complied with the IRS requirements in order to be considered a subordinate tax exempt organization, pursuant to Rule 501(c)(3).

58.    Section 3(33)(B) of ERISA, 29 U.S.C. §1002 (33)(B) provides that the term "church plan" does not include a plan if **less than substantially all** of the individuals included in the plan are individuals employed by the church itself or are duly ordained, commissioned, or licensed ministers of a church in the exercise of their ministry, regardless of the source of their compensation, or employees of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of title 26 and which is controlled by or associated with a church or a convention or association of churches.  In the case at bar, **most if not all of the plan participants are** employed by corporations or institutions that are not exempt from tax under section 501 of title 26.

59.    Alternatively, plaintiffs also alleged that the legislative history of the church exemption provision nowhere supports the idea that Congress intended to permit church agencies to sponsor their own pension plan—it merely intended to allow the employees of church agencies or parochial schools to participate in plans **established and maintained** by churches or convention or association of churches.  29 U.S.C. §1003(C)(i) language was intended to clarify that church plans did not lose their status as such because a church pension board maintained the plan. See *Stapleton v. Advocate Health Care*, 817 F.3d 517 (7th Cir. 2016); *Kaplan v. Saint*

*Peters Healthcare System*, 810 F.3d 175 (3rd Cir. 2015); *Rollins v. Dignity Health*, 2016 WL 3997259 (9th Cir. 2016).

60.    In the instant case the subject plan was not established or maintained by a church or by a convention or association of churches, but by an independent institution or agency associated with the catholic church known as the Superintendence of Catholic Schools of the Archdioceses of San Juan.  Thus it is not a church plan.

61.    According to the plan document, the settlor or sponsor of the plan (co-defendant, Superintendence of Catholic Schools of the Archdioceses of San Juan) nominated a committee comprised of at least seven members known as the Retirement Committee, which is under the control and direction of the settlor or sponsor and would respond to it.  The Committee was in charge of the routine administration of the plan regarding its participants and beneficiaries, and served as a link between the participating employers and their employees or beneficiaries.

The settlor or sponsor of the plan approved all regulations regarding the appointment of the members of the committee and the term during which they will exert their duties.  The sponsor or settlor could substitute any member of the committee at any time.  The members of the committee could resign notifying in writing to the other members and the sponsor or settlor such resignation.  In the case of resignation or removal of any member of the committee, the rest of the members would constitute the committee until a successor is appointed by the settlor or sponsor of the plan.

The settlor or sponsor of the plan also nominated the fiduciaries of the plan, who gain possession of the property of the plan trust, once the deed of trust was authorized.  The custody and control of all the assets that constitute the pension fund would be under the reign of the fiduciaries, and neither the settlor or sponsor nor any participant would have a right over the

property of fund, except that the participants would have the right to receive such payments and distributions established in the plan document.

62.     Co-defendant, the Superintendence of Catholic Schools of the Archdioceses of San Juan does not claim to be a Church and it is not one.  Moreover, in a Motion filed before the Court of First Instance of Puerto Rico in a parallel case filed by other plan participants (*Yali Acevedo v. Iglesia Católica Apostólica y Romana*, Case No. SJ 2016CV0013), the Roman Catholic and Apostolic Church, represented by the same attorneys in this case, alleged in so many words that:

(i)     the Archdiocese of San Juan is a separate and independent entity of the Catholic Church;

(ii)     the Archdiocese of San Juan is recognized by government agencies and instrumentalities of the Commonwealth of Puerto Rico, including the Judicial Branch, as an entity separate and independent from the Catholic Church;

(iii)     the Superintendence of Catholic Schools belongs to ("pertenece a") the Archdiocese;

(iv)     the Superintendence of Catholic Schools is also an entity separate and independent from the Catholic Church;

(v)      even more important, the Superintendence of Catholic Schools has its own juridical personality and, as such, is a non-for-profit institution dedicated only to educational and religious endeavors; and,

(vi)     as the Archdiocese, the Superintendent is recognized by government agencies and instrumentalities of the Commonwealth of Puerto Rico, including the Judicial Branch, as an entity separate and independent from the Catholic Church.  (**See Docket No. 45-1**).

To put it differently, the Superintendence cannot have independence from the Roman Catholic Church for some purposes but not for others.  It is either the Roman Catholic Church or it is not.  By Roman Catholic Church's own admission, the Superintence is an independent juridical person, with limited educational and religious purposes.

"Judicial admissions are formal admissions ... which have the effect of withdrawing a fact from issue and dispensing with the need for proof of the fact." *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir.1993) (internal quotation marks omitted).  See also, *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.") (citation omitted); see also *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F.Supp.2d 394, 405 (D.N.J.2000) ("even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions).

63.    Defendant, the Superintendence of Catholic Schools of the Archdioceses of San Juan and co-defendants, Samuel Soto, Marilyn Pannel, Ana Cortes, Juan Santa, Rosa Figueroa, John Doe, Richard Roe, Jane Doe, Mary Roe, are all fiduciaries within the meaning of ERISA section 3(21), 29 U.S.C. §1002(21), because they exercise discretionary authority or discretionary control respecting to the management or disposition of the Catholic Schools of the Archdioceses of San Juan Pension Plan's assets, and/or have discretionary authority or discretionary responsibility in the administration of such plan.  None of them are employees of the Catholic Church or of a convention or association of churches.

64.    The Catholic Schools of the Archdioceses of San Juan Pension Plan claims to be a Church Plan under ERISA section 3(33), 29 U.S.C. §1002(33), and the analogous section of the

Internal Revenue Code ("IRC") and is therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. §1003(b)(2).

65.    However, only two types of plans are Church Plans under ERISA section 3(33), 29 U.S.C. §1002(33), and the analogous section of the Internal Revenue Code ("IRC"), and are therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. §1003(b)(2).

**First,** under section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a plan *established and maintained* by a church or convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B); and

**Second,** under section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i), a plan *established* by a church or by a convention or association of churches that is *maintained* by an organization, *the principal purpose or function of which* is the administration or funding of a retirement plan, if such organization is controlled by or associated with a church or convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B).

Both types of plans must be "established" by a church or by a convention or association of churches in order to qualify as a "Church Plan."

66.    Although other portions of ERISA section 3(33)(C) address, among other matters, who can be *participants* in Church Plans-in other words, which employees can be in Church Plans, etc. -- these other portions of ERISA section 3(33)(C) do not add any other type of *plan* that can be a Church Plan.  29 U.S.C. § 1002(33)(C).   The only two types of plans that can qualify as Church Plans are those described in ERISA section 3(33)(A) and in section 3(33)(C)(i), 29 U.S.C. §§ 3(33)(A) and (C)(i).   The Plan subject of this case does

not qualify as a Church Plan under either ERISA section 3(33)(A) or section 3(33)(C)(i), 29 U.S.C. §§ 3(33)(A) or (C)(i).

Under ERISA section 3(33)(A), a Church Plan is "a plan established and maintained" for its employees by a church or by a convention or association of churches which is exempt from tax under section 501 of title 26.   ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A).

67.    The Plan at issue here is not and has never been a Church Plan as defined in ERISA section 3(33)(A), 29 U.S.C. §1002(33)(A), because the Plan was established and maintained by the Superintendence and mostly by several catholic schools of the Archdioceses of San Juan or from other parts of the Island and/or by a few non profit corporations, institutions or agencies of the Catholic Church, for their own employees.   Because neither the Superintendence nor the schools or the non profit corporations, institutions or agencies of the Catholic Church are a church or a convention or association of churches, nor do they claim to be, the subject plan was not "established and maintained" by a church or a convention or association of churches and was not maintained for employees of a church or a convention or association of churches.   That is the end of the inquiry under ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).

68.    On the other hand, under ERISA section 3(33)(C)(i), a Church Plan also includes a plan "established" by a church or by a convention or association of churches that is "maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches." ERISA § 3(33)(C)(i), 29 U.S.C. §

1002(33)(C)(i).

69.     The Catholic Schools of the Archdioceses of San Juan Pension Plan is a not a Church Plan as defined in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because such plan was not "established" by a church or a convention or association of churches. Moreover, the subject plan does not qualify as a "Church Plan" under section 3(33)(C)(i) because it was not exclusively maintained by the Superintendence, whose principal purpose or function is not the administration  or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.  Instead, the principal purpose of the Superintendence of Catholic Schools of the Archdioceses of San Juan is to supervise the academic standards of several catholic schools of such Archdioceses and foresee the religious curriculum of these schools. This ends any argument that the Plan could be a Church Plan under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

70.     On the other hand, Plaintiffs affirmatively alleged that the church exemption to E.R.I.S.A. is unconstitutional in light of *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1, 109 S.Ct. 890, 103 L.Ed.2d 1 (1989), in as much as it violates the Establishment Clause of the U.S. Constitution.   *In Texas Monthly, Inc.* the publisher of a non-religious magazine brought suit against the state because his magazine was required to pay a sales tax from which religious periodicals were exempt.  The publisher claimed that the exemption for religious periodicals was a violation of the Establishment Clause, and the Supreme Court agreed.   The Court held that "[t]he Establishment Clause prohibits government from abandoning secular purposes in order to put an imprimatur on one religion, or on religion as such, or to favor the adherents of any sect. *Id.* at 8-9, citing *Gillette v. United States*, 401 U.S. 437, 450 (1971).  The Supreme Court acknowledged that there is no problem with incidental benefits to religion, as the interests of

churches and government are often similar, *id.* at 10, but when the Court had approved past benefits to churches, those benefits were also felt by "a large number of nonreligious groups as well." *Id.* at 10-11. As Justice Scalia's dissent suggests, religious exemptions like the one present in the Texas Tax Code "permeate the state and federal codes, and have done so for many years." *Id.* at 33. Church employees should enjoy the same federal protections as every other tax-exempt institution, as every organization but churches and the military have to comply with ERISA. In line with the opinion in *Texas Monthly*, though, an almost exclusive exemption to churches, and not other secular non-profit organizations, would run in opposition to the Establishment Clause and thus be unconstitutional. The aim of giving protection to church plan beneficiaries is not necessary in light of the church finances. See T.L. Epstein, *Surviving Exemption: Should the Church Exemption to ERISA still be in Effect,* 11 Elder Law Journal 395 (2003), quoting Professor Wendy Shaller, *Churches and their Enviable Tax Status*, 5 U. Pitt. L. Rev. 345 (1991). Plaintiffs affirmatively alleged that there is a distinction between clergy and lay plans. In case of plans established or maintained by religious organizations for the benefit of employees engaged in activities not substantially identified with the primary role of the religious organization, such employees should obtain the benefits of coverage under ERISA. *Id.*

71. In other words, the Establishment Clause of the First Amendment of the Constitution mandates governmental neutrality between religion and nonreligion. U.S. Const. Amend. I. The ERISA Church Plan exemption is an accommodation that exempts churches and associations of churches, under certain circumstances, from compliance with ERISA. The ERISA Church Plan exemption, as claimed by the Superintendence, is an attempt to extend the accommodation beyond churches and associations of churches, to the Superintendence and the participating employers. That extension violates the Establishment Clause because it harms the

Superintendence's and the participating employers' workers, puts their economic competitors at an economic disadvantage, and relieves them of no genuine religious burden created by ERISA.

A.      **Workers are Harmed.**  The sponsor and settlor of a pension plan, including the Superintendence and the participating employers, are not legally required to provide pensions; instead, they choose to provide a pension in order to reap tax rewards and attract and retain employees in a competitive labor market.  The Superintendence and the participating employers hire without regard to the religious faith of prospective employees; indeed, any choice of faith, or lack thereof, is not a factor in the recruiting and hiring of plaintiffs, as employees.

Thus, as a practical matter, and by the Superintendence's own design, the subject pension plan's participants include people of a vast number of divergent faiths.  To be constitutional, an accommodation such as the Church Plan exemption must not impose burdens on nonadherents without due consideration  of their  interests.  The Church Plan exemption, as invoked by the Superintendence of Catholic Schools of the Archdioceses of San Juan, places thousands of long time employees' justified reliance on their pension benefits at great risk, because the Plan is underfunded by several millions of dollars.  In addition, the Superintendence fails to provide the multitude of other ERISA protections designed to safeguard the pensions.  The Church plan exemption, as applied by the Superintendence, provides no consideration of the harm to affected employees, including all of those that are non-Catholic.

B.      **Rivals are Disadvantaged.**  The participating employers' rivals face substantial disadvantages in their competition with them because the rivals must use their current assets to fully fund their pension plan obligations and provide other ERISA protections. To be constitutional, an accommodation such as the Church Plan exemption must take adequate account of any disadvantage it creates for non-beneficiaries.    The Church Plan exemption, as

applied by the Superintendence, provides no consideration of the disadvantage it creates for the participating employers' competitors.

### C.   No Genuine Religious Burden is Relieved.

To be constitutional, an accommodation such as the Church Plan exemption, which exempts compliance with ERISA, must relieve a genuine burden upon the recipient's religious practice. The Church Plan exemption, as claimed by the Superintendence, responds to no genuine burden created by ERISA on any of the Superintendence's or the participating employers' religious practices.

Plaintiff seeks a declaration by the Court that the Church Plan exemption, as claimed by the Superintendence, is an unconstitutional accommodation under the Establishment  Clause of the First Amendment,  and is therefore void and  ineffective.

72.    Notwithstanding the clear provisions of ERISA the deed of trust and the plan itself, if this Honorable Court rules that co-defendant, the Superintendence of Catholic Schools of the Archdioceses of San Juan, as sponsor or settlor of the plan failed to make an election to be covered by **all** the provisions of ERISA, then this defendant made a false representation to all the plan participants and beneficiaries, including the plaintiffs in this case and consequently, it is liable to them and to the pension fund for any losses that such misrepresentation might have caused to them.  See *Varity*, supra.

73.    Plaintiffs' employers and co-defendants, the Superintendence of Catholic Schools of the Archdiocese of San Juan, the fiduciaries and the administrators of the plan represented to them that they were going to enjoy the benefits provided by the plan, when they were hired by their respective schools, if they met the plan requirements.  They were also informed that the plan was created to compensate for the low salaries paid to the catholic schools whose

employees participate of the benefits of the plan; as compared to the salaries paid by the Commonwealth of Puerto Rico in the public sector.   Defendant settlor and sponsor, the fiduciaries and administrators of the plan also represented to plaintiffs that they enjoyed the rights and protections recognized by ERISA.   In fact, some of the plaintiffs were already receiving their pensions, after reaching their retirement age.

74.   It is axiomatic that Congress enacted ERISA in 1974, in part, to prevent plan terminations from depriving employees and their beneficiaries of anticipated benefits.   See 29 U.S.C. § 1001(a).

a.   Title IV of the Act covers the termination of private pension plans, and establishes a system of insurance for benefits provided by such plans, and creates a "corporate body" within the Department of Labor, the Pension Benefit Guaranty Corporation (herein after, PBGC), to administer that system.   See 29 U.S.C. § 1302.   The PBGC guarantees certain nonforfeitable benefits provided by qualified defined benefit pension plans.   29 U.S.C. §§ 1344, 1353, 1361, 1381 and 1391.

b.   The plan in question is a multiple employer defined benefits plan.   This is one which sets forth a fixed level of benefits.   See 29 U.S.C. § 1002(35).

c.   When an employer voluntarily terminates a multiple employer defined benefit plan, all accrued benefits automatically vest, notwithstanding the plan's particular vesting provisions.   Title IV of ERISA requires that plan assets be distributed to participants in accordance with the six-tier allocation scheme set forth in § 4044(a), 29 U.S.C. § 1344(a). Section 4044(a) provides that plan administrators first distribute nonforfeitable benefits guaranteed by the PBGC, 29 U.S.C. §§ 1344(a)(1)–(4); then "all other nonforfeitable benefits under the plan," § 1344(a)(5); and finally "all other benefits under the plan," § 1344(a)(6).  If the

plan assets are not sufficient to cover the benefits in categories 1–4, the PBGC will make up the difference. 29 U.S.C. § 1361. The employer must then reimburse the PBGC for the unfunded benefit liabilities. 29 U.S.C. § 1362.  See *Mead Corp. v. Tilley*, 490 U.S. 714, 717-718, 109 S.Ct. 2156, 104 L.Ed.2d 796 (1989).

      d.     An employer's liability for a terminated, underfunded plan depends on the nature of the plan.   In a multiple employer plan, an employer is generally only liable for underfunding if it is a "substantial employer" within the meaning of ERISA, 29 U.S.C. § 1301(a)(2), or has made contributions to the plan within the five years preceding the termination of the plan as a whole, id. §§ 1363, 1364.  See *Pension Benefit Guaranty Corporation v. Artra Group, Inc.,* 972 F.2d 771, 772 (7th Cir. 1992).   Otherwise, the obligation for that liability falls to the other contributors to the fund.   See id. § 1301(a)(2).   *Sara Lee Corp. v. American Bakers Ass'n Retirement Plan Eyeglass*, 671 F.Supp.2d 88, 92 (D.C.C. 2009)

      e.     E.R.I.S.A. provisions covering the termination of a multiple employer pension plan are contained in Section 4041 of the Act, 29 U.S.C. §1341.

      f.     When a multiple employer plan terminates, ERISA imposes certain obligations and rules on the plan sponsor.

      g.     The plan sponsor of a plan terminated by mass withdrawal may distribute plan assets in full satisfaction of all nonforfeitable benefits under the plan.  PBGC authorization of the distribution is not required if the rules below are followed.

      To make such distribution, the plan sponsor must determine each participant's entire nonforfeitable benefit under the plan and must ensure that each participant receives that amount. Each participant with a benefit payable as an annuity under the plan must receive that benefit in the form of an annuity unless the participant elects with spousal consent another form of

distribution provided by the plan.  Both the participant's election and the spouse's consent must be in writing.  A participant may be offered additional forms of distribution (e.g., lump-sum payment of the commuted value of the annuity or transfer of such value to an individual account plan) that are permitted by the plan document.  However, when a participant is afforded the opportunity to elect alternative forms of distribution, he or she must be advised of the estimated amounts of the annuity and of the alternative form(s) of distribution.  A participant need not be offered an annuity if the present value of his or her annuity does not exceed $5,000.00.

If participants are being offered the opportunity to transfer their benefits to an individual account plan, their benefits may not be transferred without their consent. This applies even for a benefit that has a present value of $5,000 or less.  In such cases, if an annuity is not offered, the participant must be offered a lump-sum distribution.

h.      If a plan does not close out by distributing plan assets in full satisfaction of all nonforfeitable benefits, section 4281 of ERISA imposes additional obligations on the plan sponsor. The most significant of these are the requirements relating to benefit reductions and benefit suspensions.  Section 4281(b) requires that the value of the plan's nonforfeitable benefits and the value of plan assets, including outstanding claims for withdrawal liability, be valued as of the end of the plan year of termination and each plan year thereafter.   If the section 4281 valuation indicates that the value of nonforfeitable benefits exceeds the value of plan assets, the plan sponsor is required by section 4281(c)(1) to amend the plan to reduce benefits under the plan to the extent necessary to ensure that the plan's assets are sufficient, as determined and certified in accordance with regulations prescribed by the corporation, to discharge when due all of the plan's obligations with respect to nonforfeitable benefits.   The benefits subject to

reduction under section 4281(c) are benefits that are not guaranteeable benefits pursuant to section 4022A(b) of ERISA.

Once a plan has been amended to eliminate all benefits that are nonguaranteeable under section 4022A(b), the plan sponsor is required by section 4281(d) to monitor the plan's solvency. If the plan becomes insolvent (i.e., its available resources are insufficient to pay benefits due under the plan for a plan year), the plan sponsor is required to suspend the payment of benefits that cannot be paid from the plan's available resources, but not below the level of benefits guaranteed under section 4022A(c).

i.      The plan sponsor has a statutory duty to determine, assess, and collect withdrawal liability if the plan is underfunded at termination. ERISA provides special rules regarding withdrawal liability in the case of a mass-withdrawal-termination.  Employers may lose the benefit of any *de minimis* reduction under section 4209(c) and the 20-year payment limitation under section 4219(c)(1)(B).  In addition, section 4219(c)(1)(D) requires that all unfunded vested benefits be allocated among all such employers.

j.      Between 2013 and 2014, the PBGC officials stated that, going forward, the public corporation would determine that a plan is not covered under **Title IV** of ERISA if (1) the plan's trust is created or organized outside the United States (eg. Puerto Rico) and (2) no election under ERISA section 1022(i)(2) has been made.  See also, 26 CFR 1.401(a)-50.  Until 2016, defendants represented to plaintiffs that the subject plan have made that election.  In fact, as stated before, the plan itself provides that the sponsor or settlor reserves its right to totally terminate the plan at any time, for any reason, or without reason subject previously to the approval of the Local Treasury Secretary ("Secretario de Hacienda") and the **Pension Benefit Guarantee**

**Corporation**, and also of the majority of the participating employers.  Plaintiffs have never been informed of any changes to this provision.

75.     Defendants, the Superintendence of Catholic Schools of the Archdioceses of San Juan, the fiduciaries and administrators of the plan failed to inform to plaintiffs how they intend to distribute the assets remaining in the pension fund, nor did they calculate each participant's entire nonforfeitable benefit under the plan or ensure that each participant receives that amount, as required by E.R.I.S.A. Furthermore, the Plan provides that, in the event of plan termination, benefits would be distributed in the order set forth in Title IV of ERISA.  This simply establishes the order of distribution but in no event authorizes the Plan to forfeit or not pay benefits already accrued and vested by plaintiffs and plan participants.  Allowing the Plan to terminate and distribute less than the total accrued and vested benefits to all its participants will constitute a forfeiture of already accrued and vested benefits in contravention to ERISA's anti-cutback rule provided in Section 204(g) of ERISA (29 U.S.C. §1054(g)).  To ensure pension promises could not be compromised, ERISA generally prohibits amendments that reduce or eliminate benefits that participants have already accrued based on past service. The anti-cutback rule is fundamental to ERISA's goal of protecting an employee's expectation of earning and enjoying pension benefits. Plaintiffs allege that the Superintendence of Catholic Schools of the Archdioceses of San Juan is precisely reducing and/or eliminating benefits that plaintiffs' participants have already accrued based on past service in contravention to and as prohibited by the anti-cutback rule of ERISA Section 204(g).

76.     On March 14, 2016, defendants, the Superintendence of Catholic Schools of the Archdioceses of San Juan, the fiduciaries and administrators of the plan simply published a Public Posting that indicated that the Superintendence was terminating the plan ("Comunicado

del Plan de Pensiones de la Superintendencia de Escuelas Católicas de San Juan"), allegedly because the pension benefits being paid surpassed the contributions made by the participating employers which have provoked a substantial reduction in the assets of the Plan.  According to them, the participating employers have been affected due to the difficult financial situation that the country is going through, thus a substantial increase in the plan contributions was not feasible.  Defendants further indicated in an extremely general manner that after the termination of the plan the remaining assets would be distributed **principally among the pensioned participants,** pursuant to the Plan Document and the distribution suggested by an actuary.  No details were provided nor did they produce a copy of the actuarial study.  **See Exhibit 1.** Plaintiffs and the rest of the plan participants and beneficiaries completely ignore how this distribution is going to be made.

77.     The law requires that plan participants must receive notice of their election rights on the distributions to be made from the terminated plan 30-180 days before the date of distribution; and notices should be delivered when it's reasonable to expect a distribution can be made within the next 180 days.

In the instant case, none of the plaintiffs plan participants waived the minimum 30-day notice period.

The defendant plan administrator and the plan fiduciaries violated their fiduciary duties to the plaintiffs and plan participants when they failed to provide the aforementioned notices to plaintiffs, as required by law.

When defendant plan administrators and/or fiduciaries decided to terminate the plan, they were supposed to amend the plan to:

a)      establish a plan termination date,

b)      update the plan for all changes in the law or plan qualification requirements effective on the plan's termination date,

c)      cease plan contributions,

d)      provide full vesting of benefits to all affected employees on the termination date and,

e)      authorize the plan to distribute all benefits in accordance with plan terms as soon as administratively feasible after the termination date.

The defendant plan administrator and/or fiduciaries must also provide a rollover notice to participants and beneficiaries.

The defendant plan administrator and/or fiduciaries violated their fiduciary duties when they failed to comply with these provisions.

78.    ERISA is a "comprehensive and reticulated statute," which Congress adopted after careful study of private retirement pension plans.  *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980).  In *Nachman*, the Supreme Court observed that Congress through ERISA wanted to ensure that "if a worker has been promised a defined pension benefit upon retirement-and if he has fulfilled whatever conditions are required to obtain a vested benefit- ... he actually receives it." *Id.*, at 375, 100 S.Ct., at 1733.  For this reason, the concepts of vested rights and nonforfeitable rights are critical to the ERISA scheme.  See *id.*, at 370, 378, 100 S.Ct., at 1730, 1734.  ERISA prescribes vesting and accrual schedules, assuring that employees obtain rights to at least portions of their normal pension benefits even if they leave their positions prior to retirement.  Most critically, ERISA establishes that "[e]ach pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age." 29 U.S.C. §

1053(a).   See *Alessi v. Reybestos Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

79.    Plaintiffs have vested rights and nonforfeitable benefits in the plan.  The benefits promised to them are part of their employment contract with the different schools and/or places of employment for which they currently work or worked in the past.  The fiduciaries and administrators of the plan had a fiduciary duty towards them to properly managed the plan's assets and distribute its benefits, pursuant to the terms of the plan and E.R.I.S.A. provisions. Defendants utterly failed to comply with this duty.  See, e.g., *Varity*, 516 U.S. at ——, 116 S.Ct. at 1074 (holding that decision to terminate plan not governed by fiduciary duties but fiduciaries' statements about plan future governed by such duties).

80.    Under the Internal Revenue Code §413(c)(1), the plan must apply the minimum age and service requirements under §410(a) as if the employers are a single employer. For example, service with all the participating employers is counted in determining an employee's eligibility to participate in the plan.

Section 413(c)(2) of the Internal Revenue Code, 26 U.S.C. §413(c)(2), applies the exclusive benefit rule as if the employers of the plan are a single employer. This permits the allocation of contributions and forfeitures across company lines without violating the rule that an employer's contributions must be made for the benefit of its employees and former employees.

On the other hand, Section 413(c)(3) of the Internal Revenue Code treats the employers as a single employer for vesting purposes.  For example, service with all the participating employers is counted in determining an employee's position on the vesting schedule. Further, the discontinuance of contributions and partial termination rules of Code Section 411 also apply to

Multiple Employer defined benefits plans as if all employers participating in the plan were one single employer.   See I.R.C. § 413(c)(3), 26 U.S.C. § 413(c)(3).  See also Reg. § 1.413- 2(a)(iii).

81.   Plaintiff, **IVETTE M. MARTÍNEZ GONZÁLEZ,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **IVETTE M. MARTÍNEZ GONZÁLEZ'** benefits in the Plan are fully vested.

Plaintiff, **ELIA M. FONTANET BATISTA** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ELIA M. FONTANET BATISTA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA ISABEL FERNÁNDEZ GARCÍA,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA ISABEL FERNÁNDEZ GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DE LOURDES FERNÁNDEZ GARCÍA,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth' of Puerto Rico for a period of twenty eight (28) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of

continuous service, Plaintiff, **MARIA DE LOURDES FERNÁNDEZ GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **MARYSOL DÍAZ MORALES,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARYSOL DÍAZ MORALES'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL CARMEN BONNÍN OROZCO,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of thrity one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA DEL CARMEN BONNÍN OROZCO'S** benefits in the Plan are fully vested.

Plaintiff, **JESÚS ORTIZ CONCEPCIÓN** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty-five (45) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JESUS ORTIZ CONCEPCIÓN'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN M. RODRÍGUEZ RODRÍGUEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of

continuous service, Plaintiff, **CARMEN M. RODRÍGUEZ RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **MILAGROS ORTIZ CARDONA,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MILAGROS ORTIZ CARDONA'S** benefits in the Plan are fully vested.

Plaintiff, **MARI L. CASTRILLO ROSA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARI L. CASTRILLO ROSA'S** benefits in the Plan are fully vested.

Plaintiff, **LIZA GUZMÁN COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LIZA GUZMÁN COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES M. DOMÍNGUEZ CASTRO** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES M. DOMÍNGUEZ CASTRO'S** benefits in the Plan are fully vested.

Plaintiff, **CARLA C. CASTRO BUITRAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **CARLA C. CASTRO BUITRAGO'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN L. RODRÍGUEZ RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **CARMEN L. RODRÍGUEZ RIVERA's** benefits in the Plan are fully vested.

Plaintiff, **MARIO DAUBÓN VIDAL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MARIO DAUBON VIDAL'S** benefits in the Plan are fully vested.

Plaintiff, **ELENA MOREL ROSARIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty seven (37) years.  She is currently retired and was receiving her accumulated benefits. That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ELENA MOREL ROSARIO's** benefits in the Plan are fully vested.

Plaintiff, **ÁNGEL L. RIVERA NAZARIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ÁNGEL L. RIVERA NAZARIO'S** benefits in the Plan are fully vested.

Plaintiff, **ZORAIDA IBARRONDO ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ZORAIDA IBARRONDO ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **IVETTE COLÓN VÉLEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **IVETTE COLÓN VÉLEZ**' benefits in the Plan are fully vested.

Plaintiff, **ELENA PIÑERO LANDING**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ELENA PIÑERO LANDING'S** benefits in the Plan are fully vested.

Plaintiff, **ANTONIA MARTÍNEZ BODÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty nine (29) years.  She is currently retired and was receiving her accumulated benefits.   That period of service has been credited by Defendant Plan as "continuous service"

under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANTONIA MARTÍNEZ BODÓN'S** benefits in the Plan are fully vested.

Plaintiff, **KRISTINA CASADEY SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **KRISTINA CASADEY SANTIAGO'S** benefits in the Plan are fully vested.

Plaintiff, **CARLOS E. VALLEJO ESPARRAGOZA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  He is currently retired and was receiving accumulated benefits.  In consequence of that period of continuous service, Plaintiff, **CARLOS E. VALLEJO ESPARRAGOZA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA A. BECERRA MENÉNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA A. BECERRA MENÉNDEZ'** benefits in the Plan are fully vested and has a current value.

Plaintiff, **CARLOTTA VEINTIMILLA DE IGNACIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of

continuous service, Plaintiff, **CARLOTTA VEINTIMILLA DE IGNACIO'S** benefits in the Plan are fully vested.

Plaintiff, **ZAYRA DEL C. RÍOS MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ZAYRA DEL C. RÍOS MARTINEZ'** benefits in the Plan are fully vested.

Plaintiff, **LILLIAM ROSADO RUIZ**, was employed as a full timse employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LILLIAM ROSADO RUIZ'** benefits in the Plan are fully vested.

Plaintiff, **DIANA VÉLEZ ESTRADA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **DIANA VÉLEZ ESTRADA'S** benefits in the Plan are fully vested.

Plaintiff, **ISABEL ARTEAGA GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ISABEL ARTEAGA GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **ANA M. ROSARIO GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA M. ROSARIO GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIAM LASTRA CALDERÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIAM LASTRA CALDERÓN'S** benefits in the Plan are fully vested.

Plaintiff, **ZURY RIVERA DE JESÚS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ZURY RIVERA DE JESÚS'** benefits in the Plan are fully vested.

Plaintiff, **EDITH CARRION HERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thrity nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EDITH CARRION HERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **OLGA M. GALLARDO REVERÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **OLGA M. GALLARDO REVERÓN'S** benefits in the Plan are fully vested.

Plaintiff, **VERLEE PAGÁN LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **VERLEE PAGÁN LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARITZA ROSARIO URRUTIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARITZA ROSARIO URRUTIA'S** benefits in the Plan are fully vested.

Plaintiff, **MICHELE ANGUEIRA NAVARRO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MICHELE ANGUEIRA NAVARRO'S** benefits in the Plan are fully vested.

Plaintiff, **SARAH E. VÁZQUEZ SANTOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirty one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SARAH E. VÁZQUEZ SANTOS'** benefits in the Plan are fully vested.

Plaintiff, **ELIA A. AGUILAR MONTES** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **ELIA A. AGUILAR MONTES**' benefits in the Plan are fully vested.

Plaintiff, **MILCA COTTO OLIQUE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **MILCA COTTO OLIQUE'S** benefits in the Plan are fully vested.

Plaintiff, **ROSARIO MARITZA FRATICELLI SÁNCHEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **ROSARIO MARITZA FRATICELLI SANCHEZ'** benefits in the Plan are fully vested.

Plaintiff, **OFELIA GARCÍA ARMAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty seven (37) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **OFELIA GARCÍA ARMAS'** benefits in the Plan are fully vested.

Plaintiff, **JOHANNA I. ORTIZ MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOHANNA I. ORTIZ MERCADO'S** benefits in the Plan are fully vested.

Plaintiff, **FELIX L. CAMPOS LEBRÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELIX L. CAMPOS LEBRÓN**'S benefits in the Plan are fully vested.

Plaintiff, **JOSÉ A. BARROSO GRACIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSE A. BARROSO GRACIA'S** benefits in the Plan are fully vested.

Plaintiff, **MADELINE E. RODRÍGUEZ SAENZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MADELINE E. RODRÍGUEZ SAENZ** benefits in the Plan are fully vested.

Plaintiff, **SONIA M. MEDINA OTERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty seven (27) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SONIA M. MEDINA OTERO'S** benefits in the Plan are fully vested.

Plaintiff, **ROSALYN DONES CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ROSALYN DONES CRUZ**' benefits in the Plan are fully vested.

Plaintiff, **JANET VALENTÍN RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JANET VALENTÍN RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA L. NEGRON CANDELARIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA L. NEGRON CANDELARIA** benefits in the Plan are fully vested.

Plaintiff, **SONIA I. PEREIRA MALAVÉ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SONIA I. PEREIRA MALAVÉ'S** benefits in the Plan are fully vested.

Plaintiff, **JOSÉ D. REYES NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSÉ D. REYES NIEVES**' benefits in the Plan are fully vested.

Plaintiff, **FELICIA DE LA ROSA BARROS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELICIA DE LA ROSA BARROS**' benefits in the Plan are fully vested.

Plaintiff, **CARMEN SOL RAMOS RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN SOL RAMOS RAMOS'** benefits in the Plan are fully vested.

Plaintiff, **MARIA DEL CARMEN DE CORO RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifty (50) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA DEL CARMEN DEL CORO RAMOS**' benefits in the Plan are fully vested.

Plaintiff, **ASTRID M. PEREIRA MALAVÉ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ASTRID M. PEREIRA MALAVÉ'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ E. CENTENO SOTO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  twenty (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUZ E. CENTENO SOTO'S** benefits in the Plan are fully vested.

Plaintiff, **ELIZABETH DÍAZ COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ELIZABETH DÍAZ COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **AWILDA AGOSTO FERRER**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AWILDA AGOSTO FERRER'S** benefits in the Plan are fully vested.

Plaintiff, **CARINA DE LA ROSA BARROS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARINA DE LA ROSA BARROS'** benefits in the Plan are fully vested.

Plaintiff, **LOURDES I. MORALES ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LOURDES I. MORALES ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **FELIPE RALAT MANZANO,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELIPE RALAT MANZANO'S** benefits in the Plan are fully vested.

Plaintiff, **VANESSA E. GÓMEZ CEPERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **VANESSA E. GÓMEZ CEPERO'S** benefits in the Plan are fully vested.

Plaintiff, **EMELY ASTACIO RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EMILY ASTACIO RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **CARLOS J. CALDERÓN DAZA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty seven (27) years.  That period of service has been credited by Defendant Plan

as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARLOS J. CALDERÓN DAZA'S** benefits in the Plan are fully vested.

Plaintiff, **NELVIN RODRÍGUEZ SÁNCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NELVIN RODRÍGUEZ SÁNCHEZ'** benefits in the Plan are fully vested.

Plaintiff, **SYLVIA PÉREZ OSORIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SYLVIA PÉREZ OSORIO** benefits in the Plan are fully vested.

Plaintiff, **ANA M. COLÓN NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANA M. COLÓN NIEVES**' benefits in the Plan are fully vested.

Plaintiff, **ANA MARÍA RIVERA DÍAZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANA MARÍA RIVERA DÍAZ'** benefits in the Plan are fully vested.

Plaintiff, **ANNETTE APONTE MELÉNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANNETTE APONTE'S** benefits in the Plan are fully vested.

Plaintiff, **ARLENE VILÁ GALÁN** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of        twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ARLENE VILÁ GALAN'S** benefits in the Plan are fully vested.

Plaintiff, **ARNSENIO RODRÍGUEZ DE JESÚS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ARNSENIO RODRÍGUEZ JESÚS**' benefits in the Plan are fully vested.

Plaintiff, **AUDHA V. RAMÍREZ MARRERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty seven (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **AUDHA V. RAMÍREZ MARRERO'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN N. CINTRÓN VEGA'S**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN M. CINTRÓN VEGA**'S benefits in the Plan are fully vested

Plaintiff, **CARMEN I. CRUZ MELÉNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN CRUZ MELÉNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN R. TORRES ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN R. TORRES ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **DHARMA RAMÍREZ MARRERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **DHARMA RAMÍREZ MARRERO'S** benefits in the Plan are fully vested.

Plaintiff, **GEYSA ARROYO NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GEYSA ARROYO NIEVES'** benefits in the Plan are fully vested.

Plaintiff, **EFRAÍN RODRÍGUEZ DE JESÚS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EFRAÍN RODRÍGUEZ DE JESÚS'** benefits in the Plan are fully vested.

Plaintiff, **EVANGELINA VALLÉS SIFRE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVANGELINA VALLES'** benefits in the Plan are fully vested.

Plaintiff, **EVELYN DEL VALLE DÍAZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVELYN DEL VALLE DÍAZ**' benefits in the Plan are fully vested.

Plaintiff, **GLORIA BERMÚDEZ SMIGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GLORIA BERMÚDEZ SMIGO'S** benefits in the Plan are fully vested.

Plaintiff, **JOSÉ DIEGO RIVERA RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirty two (32) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSÉ DIEGO RIVERA RAMOS'** benefits in the Plan are fully vested.

Plaintiff, **JOYANNA OTERO TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOYANNA OTERO TORRES,** benefits in the Plan are fully vested.

Plaintiff, **JUAN A. ARRIANA CARRERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thrity (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUAN A. ARRIANA CARRERA'S** benefits in the Plan are fully vested.

Plaintiff, **KAREN GRIGG GUTIERREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **KAREN GRIGG GUTIERREZ**' benefits in the Plan are fully vested.

Plaintiff, **LIZZETTE OTERO MARRERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LIZZETTE OTERO MARRERO'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ E. SAN MIGUEL SÁNCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUZ E. SAN MIGUEL'S** benefits in the Plan are fully vested.

Plaintiff, **MAGDA CARDONA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MAGDA CARDONA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA I. CERRA CASTAÑER** , was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA I. CERRA CASTAÑER'S** benefits in the Plan are fully vested.

Plaintiff, **MARIELLA SANTIAGO SOLÁ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIELA SANTIAGO SOLÁ'S** benefits in the Plan are fully vested.

Plaintiff, **MARIELLA CERAME MALDONADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by

Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIELLA CERAME MALDONADO'S** benefits in the Plan are fully vested.

Plaintiff, **MARTA BÁEZ PIÑEIRO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARTA BÁEZ PIÑEIRO'** benefits in the Plan are fully vested.

Plaintiff, **MARTA R. SANTIAGO COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARTA E. SANTIAGO COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **MELISSA CARRERA RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MELISSA CARRERA RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **MERVIN R. LÓPEZ MATOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MERVIN R. LÓPEZ MATOS'** benefits in the Plan are fully vested.

Plaintiff, **NANCY CRUZ CORDERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NANCY CRUZ CORDERO'S** benefits in the Plan are fully vested.

Plaintiff, **NANCY PHAREL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NANCY PHARELL'S** benefits in the Plan are fully vested.

Plaintiff, **OIRASOR DÍAZ ROSARIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  twenty (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **OIRASOR DÍAZ ROSARIO'S** benefits in the Plan are fully vested.

Plaintiff, **PEDRO PINEDA GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **PEDRO PINEDA GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **RAFAEL MARQUEZ ACOSTA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **RAFAEL MARQUEZ ACOSTA'S** benefits in the Plan are fully vested.

Plaintiff, **ROXANNA CASTAÑER MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ROXANA CASTAÑER MORALES'** benefits in the Plan are fully vested.

Plaintiff, **SONIA LUGO VÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SONIA LUGO VÁZQUEZ**' benefits in the Plan are fully vested.

Plaintiff, **SONIA I. TORRES PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SONIA I. TORRES PÉREZ'** benefits in the Plan are fully vested.

Plaintiff, **TERESA TORRES ALFONZO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **TERESA TORRES ALFONZO'S** benefits in the Plan are fully vested.

Plaintiff, **YANISSE CLEMENTE GONZÁLEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **YANISSE CLEMENTE GONZÁLEZ**' benefits in the Plan are fully vested.

Plaintiff, **YASMINE CRUZ CAPÓ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **YASMINE CRUZ CAPÓ'S** benefits in the Plan are fully vested.

Plaintiff, **ZOE MARIE BENÍTEZ CABAÑAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ZOE MARIE BENÍTEZ CABAÑAS'** benefits in the Plan are fully vested.

Plaintiff, **AIDA MARTÍNEZ DE PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AIDA MARTÍNEZ DE PÉREZ**' benefits in the Plan are fully vested.

Plaintiff, **ANA M. QUIRINDONGO LUGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANA M. QUIRINDONGO LUGO'S** benefits in the Plan are fully vested.

Plaintiff, **LILLIANA MARTÍNEZ ARZUAGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LILLIANA MARTÍNEZ ARZUAGA** benefits in the Plan are fully vested.

Plaintiff, **MAYRA MARTÍNEZ ARZUAGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MAYRA MARTÍNEZ ARZUAGA'S** benefits in the Plan are fully vested.

Plaintiff, **MARTA R. CORREA ARMENTEROS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARTA R. CORREA ARMENTEROS'** benefits in the Plan are fully vested.

Plaintiff, **ARLEENE RIVERA CALERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ARLEENE RIVERA CALERO'S** benefits in the Plan are fully vested.

Plaintiff, **JUDITH ALVIRA ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thrity one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JUDITH ALVIRA ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **EVELYN DÍAZ DE JESÚS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVELYN DÍAZ DE JESÚS'** benefits in the Plan are fully vested.

Plaintiff, **RICARDO DÍAZ RUÍZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **RICARDO DÍAZ RUÍZ'** benefits in the Plan are fully vested.

Plaintiff, **MARISOL QUIÑONES RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARISOL QUIÑONES RAMOS**' benefits in the Plan are fully vested.

Plaintiff, **CECILIA SEPÚLVEDA TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CECILIA SEPÚLVEDA TORRES**' benefits in the Plan are fully vested.

Plaintiff, **NILSA MENÉNDEZ MELÉNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NILSA MENÉNDEZ MELENDEZ'** benefits in the Plan are fully vested.

Plaintiff, **IRIS M. ORTIZ BERRIOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **IRIS M. ORTIZ BERRIOS'** benefits in the Plan are fully vested.

Plaintiff, **WILFREDO RAMOS SOUFFRONT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **WILFREDO RAMOS SOUFFRONT'S** benefits in the Plan are fully vested.

Plaintiff, **IVETTE BAJANDAS ROSADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IVETTE BAJANDAS ROSADO** benefits in the Plan are fully vested.

Plaintiff, **EGLA LAUREANO LASANTA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EGLA LAUREANO LASANTA'S** benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA CHICO MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MIGDALIA CHICO MORALES** benefits in the Plan are fully vested.

Plaintiff, **TERESITA VÁZQUEZ MURIEL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty seven (37) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **TERESITA VÁZQUEZ MURIEL'S** benefits in the Plan are fully vested.

Plaintiff, **ESAUD FELICIANO FERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ESAUD FELICIANO FERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARISOL DE LEÓN VARGAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARISOL DE LEON'S** benefits in the Plan are fully vested.

Plaintiff, **PURA M. ALICEA BAERGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **PURA M. ALICEA BAERGA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL C. NOGUERAS LAUREANO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA DEL C. NOGUERAS LAUREANO'S** benefits in the Plan are fully vested.

Plaintiff, **GLADYS RODRÍGUEZ GATA,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GLADYS RODRÍGUEZ GATA'S** benefits in the Plan are fully vested.

Plaintiff, **JOSE L. MÁS OTERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSÉ L. MÁS OTERO'S** benefits in the Plan are fully vested.

Plaintiff, **WANDA AFANADOR BORRERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **WANDA AFANADOR BORRERO'S** benefits in the Plan are fully vested.

Plaintiff, **MAUREEN COLLAZO RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MAUREEN COLLAZO RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **ORLANDO SANTOS ESPADA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ORLANDO SANTOS ESPADA'S** benefits in the Plan are fully vested.

Plaintiff, **JOZAIRAF ASAD SÁNCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JOZAIRAF ASAD SÁNCHEZ'**, benefits in the Plan are fully vested.

Plaintiff, **JAN RIVERA RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a

period of      sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **JAN RIVERA RIVERA'S** benefits in the Plan are fully vested

Plaintiff, **JOANNE ROSARIO HOKE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **JOANNE ROSARIO HOKE'S** benefits in the Plan are fully vested.

Plaintiff, **KATHY RIVERA QUIÑONES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **KATHY RIVERA QUIÑONES'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA M. RODRÍGUEZ SANABRIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **MARÍA M. RODRÍGUEZ SANABRIA** benefits in the Plan are fully vested.

Plaintiff, **NILDA SUÁREZ MELÉNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty one (31) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NILDA SUÁREZ MELÉNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **ANABEL TORREGROSA QUIRÓS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANABEL TORREGROSA QUIRÓS'** benefits in the Plan are fully vested.

Plaintiff, **ABIGAIL DELBREY GUZMÁN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ABIGAIL DELBREY GUZMÁN'S** benefits in the Plan are fully vested.

Plaintiff, **SANTA I. GARCÍA MALAVÉ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SANTA I. GARCÍA MALAVÉ'S** benefits in the Plan are fully vested.

Plaintiff, **MYRNA I. RAMOS DE SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MYRNA I. RAMOS DE SANTIAGO'S** benefits in the Plan are fully vested.

Plaintiff, **MILAGROS RIVERA MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MILAGROS RIVERA MERCADO'S** benefits in the Plan are fully vested.

Plaintiff, **ANNIE RIVERA CASELLAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty three (43) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANNIE RIVERA CASELLAS**' benefits in the Plan are fully vested.

Plaintiff, **GLORINÉS PEÑA MORENO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GLORINÉS PEÑA MORENO'S** benefits in the Plan are fully vested.

Plaintiff, **CYNTHIA PUJALS KEISER**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CYNTHIA PUJALS KEISER'S** benefits in the Plan are fully vested.

Plaintiff, **EMMA MONSANTO TAVARES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EMMA MONSANTO TAVARES'** benefits in the Plan are fully vested.

Plaintiff, **JOSÉ A. CARABALLO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSÉ CARABALLO'S** benefits in the Plan are fully vested.

Plaintiff, **BERNADETTE GUTSTADT** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **BERNADETTE GUTSTADT'S** benefits in the Plan are fully vested.

Plaintiff, **GUALBERTO VÁZQUEZ LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GUALBERTO VÁZQUEZ LÓPEZ**' benefits in the Plan are fully vested.

Plaintiff, **MAYRIM PÉREZ VÁZQUEZ'**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MAYRIM PÉREZ VÁZQUEZ'** benefits in the Plan are fully vested.

Plaintiff, **RAQUEL CRUZ LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **RAQUEL CRUZ LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **ISA DAMARIS CRUZ LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ISA DAMARIS CRUZ LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **LUIS MARTINEZ COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUIS MARTINEZ COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **JOSÉ E. MIELES MONGE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JOSÉ E. MIELES MONGE'S** benefits in the Plan are fully vested.

Plaintiff, **FELICIANO FRANCISCO MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by

Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELICIANO FRANCISCO MARTÍNEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARLENE FELIÚ GONZÁLEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARLENE FELIÚ GONZÁLEZ**' benefits in the Plan are fully vested.

Plaintiff, **JUAN C. VELÁZQUEZ FIGUEROA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUAN C. VELÁZQUEZ FIGUEROA'S** benefits in the Plan are fully vested.

Plaintiff, **OLGA CARDONA RÍOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **OLGA CARDONA RÍOS'** benefits in the Plan are fully vested.

Plaintiff, **JO ANN ATKINSON RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JO ANN ATKINSON RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **LEILA VILLAMIL FUENTES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LEILA VILLAMIL FUENTES'** benefits in the Plan are fully vested.

Plaintiff, **MAGDA GONZÁLEZ GUZMÁN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MAGDA GONZÁLEZ GUZMÁN'S** benefits in the Plan are fully vested.

Plaintiff, **AIDA BUSTELLO ISERN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **AIDA BUSTELLO ISERN'S** benefits in the Plan are fully vested.

Plaintiff, **BRENDA BERMÚDEZ PLAZA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **BRENDA BERMÚDEZ PLAZA'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ N. VELAZQUEZ VIÑAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUZ N. VELAZQUEZ VIÑAS'** benefits in the Plan are fully vested.

Plaintiff, **BLANCA H. RÍOS OCASIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **BLANCA H. RÍOS OCASIO** account in the Plan is fully vested.

Plaintiff, **LOURDES I. CIVIDANES RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES I. CIVIDANES RODRÍGUEZ**' benefits in the Plan are fully vested.

Plaintiff, **ADA M. DELGADO IMBERT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty three (43) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ADA M. DELGADO IMBERT'S** benefits in the Plan are fully vested.

Plaintiff, **ÁNGEL M. PÉREZ NAVARRO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ÁNGEL M. PÉREZ NAVARRO'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN M. TEJADA ROJAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN M. TEJADA ROJAS**' benefits in the Plan are fully vested.

Plaintiff, **DAISY LEIVA MOYA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN M. TEJADA ROJAS**' benefits in the Plan are fully vested.

Plaintiff, **EVELYN JORGE GÓMEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EVELYN JORGE GÓMEZ**' benefits in the Plan are fully vested.

Plaintiff, **EVELYN VÉLEZ PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EVELYN VÉLEZ PÉREZ'** benefits in the Plan are fully vested.

Plaintiff, **IRAIDA PAGÁN BRIGNONI**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.   That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **IRAIDA PAGÁN BRIGNONI'S** benefits in the Plan are fully vested.

Plaintiff, **JACKELINE MALDONADO QUINTANA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JACKELINE MALDONADO QUINTANA'S** benefits in the Plan are fully vested.

Plaintiff, **JANICE ARROYO FIGUEROA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JANICE ARROYO FIGUEROA'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES ALEMÁN DEL TORO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES ALEMÁN DEL TORO'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL C. JIMÉNEZ CASTRO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA DEL C. JIMÉNEZ CASTRO'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA E. FAJARDO BLANCO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA E. FAJARDO BLANCO'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA V. CUELLO HERRERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA V. CUELLO HERRERA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA E. BETANCOURT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA E. BETANCOURT'S** benefits in the Plan are fully vested.

Plaintiff, **MARIE FRANCE HELARD**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIE FRANCE HELARD'S** benefits in the Plan are fully vested.

Plaintiff, **MARIBEL PÉREZ MOYA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  fourteen (14) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIBEL PÉREZ MOYA'S** benefits in the Plan are fully vested.

Plaintiff, **MARY C. APONTE SOSA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARY C. APONTE SOSA'S** benefits in the Plan are fully vested.

Plaintiff, **MERCEDES AZIZE RAMÍREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MERCEDES AZIZE RAMÍREZ**' benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA NEGRÓN SERRANO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIGDALIA NEGRÓN SERRANO'S** benefits in the Plan are fully vested.

Plaintiff, **MIGDALIS ALONSO VÉLEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIGDALIS ALONSO VÉLEZ'** benefits in the Plan are fully vested.

Plaintiff, **MYRIAM Y. MOLANO SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MYRIAM Y. MOLANO SANTIAGO** benefits in the Plan are fully vested.

Plaintiff, **NANCY SOTO SILVA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NANCY SOTO SILVA'S** benefits in the Plan are fully vested.

Plaintiff, **NERY MOYA BENÍTEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NERY MOYA BENÍTEZ**' benefits in the Plan are fully vested.

Plaintiff, **SILVIA PLANAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SILVIA PLANAS**' benefits in the Plan are fully vested.

Plaintiff, **SONIA PÉREZ HERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SONIA PÉREZ HERNÁNDEZ**' benefits in the Plan are fully vested.

Plaintiff, **VANESSA GARCÍA LARA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **VANESSA GARCÍA LARA'S** benefits in the Plan are fully vested.

Plaintiff, **VÍCTOR LÓPEZ ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty three (43) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service Plaintiff,  **VÍCTOR LÓPEZ ORTIZ**' benefits in the Plan are fully vested.

Plaintiff, **VIOLETTA GARCÉS FERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **VIOLETTA GARCÉS**' **FERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN H. CASTRO MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN H. CASTRO MARTÍNEZ**' benefits in the Plan are fully vested.

Plaintiff, **DAVID SOSA LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifty two (52) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DAVID SOSA LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA J. REYES SÁNCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA J. REYES SÁNCHEZ**' benefits in the Plan are fully vested.

Plaintiff, **EVILIA PÉREZ ARCIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVILIA PÉREZ ARCIA** benefits in the Plan are fully vested

Plaintiff, **OFELIA BADÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **OFELIA BADÍA'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN E. VÁZQUEZ TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant

Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN E. VÁZQUEZ TORRES'** benefits in the Plan are fully vested.

Plaintiff, **MARIA DE LA ROSA LOZANO RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty five (45) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA DE LA ROSA LOZANO RODRÍGUEZ**' benefits in the Plan are fully vested.

Plaintiff, **GUILLERMINA CRUZ FRANCO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifty (50) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GUILLERMINA CRUZ FRANCO'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN N. SANTALIZ VELAZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN N. SANTALIZ VELAZQUEZ'** benefits in the plan are fully vested.

Plaintiff, **REINA ISERN ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **REINA ISERN ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **NYDIA I. FAURA COLMENARES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NYDIA I. FAURA COLMENARES'** benefits in the Plan are fully vested.

Plaintiff, **MARITZA NIEVES LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARITZA NIEVES LÓPEZ**' benefits in the Plan are fully vested.

Plaintiff, **MIRIAM VILLAFAÑE TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIRIAM VILLAFAÑE TORRES**' benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA CABALLERO RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIGDALIA CABALLERO RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **JULIA CLARA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JULIA CLARA RODRÍGUEZ**' benefits in the Plan are fully vested.

Plaintiff, **CARMEN E. RODRÍGUEZ CARTAGENA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty nine (39) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN E. RODRÍGUEZ CARTAGENA'S** benefits in the Plan are fully vested.

Plaintiff, **ROSA FORTIER**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ROSA FORTIER'S** benefits in the Plan are fully vested.

Plaintiff, **MILAGROS SEÑERIZ MANRIQUE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MILAGROS SEÑERIZ MANRIQUE'S** benefits in the Plan are fully vested.

Plaintiff, **GEMA L. ALBIÑANA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico

for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GEMA L. ALBIÑANA RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **NATIVIDAD SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty seven (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NATIVIDAD SANTIAGO'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN I. RODRÍGUEZ DÍAZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN I. RODRÍGUEZ DÍAZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA J. PIEDRA ZALDIBA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty seven (37) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA J. PIEDRA ZALDIBA'S** benefits in the Plan are fully vested.

Plaintiff, **SOLEDAD DÍAZ ABREU**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SOLEDAD DÍAZ ABREU** benefits in the Plan are fully vested.

Plaintiff, **JULIO A. ALICEA COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JULIO A. ALICEA COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES S. ROMAN GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES S. ROMAN GARCÍA** benefits in the Plan are fully vested.

Plaintiff, **CARMEN M. MARTÍNEZ VELÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN M. MARTÍNEZ VELÁZQUEZ'** benefits in the Plan are fully vested.

Plaintiff, **OLGA D. RIVERA PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **OLGA D. RIVERA PÉREZ'** benefits in the Plan are fully vested.

Plaintiff, **FELICIA IRALDO SILVERIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of thirty four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELICIA IRALDO SILVERIO'S** benefits in the Plan are fully vested.

Plaintiff, **IRIS V. ORTIZ LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IRIS V. ORTIZ LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN ESTRADA COLLAZO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of        eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN ESTRADA COLLAZO'S** benefits in the Plan are fully vested.

Plaintiff, **IRMA REYES DE JESUS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IRMA REYES DE JESUS**' benefits in the Plan are fully vested.

Plaintiff, **OLGA I. RIVERA ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty eight (48) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **OLGA I. RIVERA ORTIZ'** benefits in the Plan are fully vested

Plaintiff, **JOSEFINA VELÁZQUEZ CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSEFINA VELÁZQUEZ CRUZ'** benefits in the Plan are fully vested.

Plaintiff, **AIDA A. MARTÍNEZ MÁRQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AIDA A. MARTÍNEZ MÁRQUEZ**' benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA GONZÁLEZ VÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIGDALIA GONZÁLEZ VÁZQUEZ'** benefits in the Plan are fully vested.

Plaintiff, **YARITZA TURKOVICH ALICEA** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **YARITZA TURKOVICH ALICEA'S** benefits in the Plan are fully vested.

Plaintiff, **ROSA MORALES DE O'NEILL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ROSA MORALES DE O'NEILL'S** benefits in the Plan are fully vested.

Plaintiff, **AGMA M. MÉNDEZ ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **AGMA M. MÉNDEZ ORTIZ**' benefits in the Plan are fully vested.

Plaintiff, **SARAH MOYANO COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty four (44) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SARAH MOYANO COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ M. DÁVILA ALICEA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUZ M. DÁVILA ALICEA'S** benefits in the Plan are fully vested.

Plaintiff, **JOSÉ J. PÉREZ OTERO'S**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of         years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JOSÉ J. PÉREZ OTERO'S** benefits in the Plan are fully vested.

Plaintiff, **DORA E. VÁZQUEZ GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DORA E. VÁZQUEZ GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN T. MORALES MONTES BURGOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, twenty eight (28) years benefits in the Plan are fully vested.

Plaintiff, **SYLVIA FERRER CAUNEDO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SYLVIA FERRER CAUNEDO'S** benefits in the Plan are fully vested.

Plaintiff, **ARLENE GARCÍA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ARLENE GARCÍA RODRÍGUEZ**' benefits in the Plan are fully vested.

Plaintiff, **CARMEN A. BERRIOS RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by

Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN A. BERRIOS RODRÍGUEZ** benefits in the Plan are fully vested.

Plaintiff, **GILBERTO GARCÍA SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GILBERTO GARCÍA SANTIAGO'S** benefits in the Plan are fully vested.

Plaintiff, **ALFREDO GARÍ DOMINGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ALFREDO GARÍ DOMINGO'S** benefits in the Plan are fully vested.

Plaintiff, **NORMA PACHECO MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NORMA PACHECO MORALES** benefits in the Plan are fully vested.

Plaintiff, **ILEANA B. CRUZ FRANQUI**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ILEANA B. CRUZ FRANQUI'S** benefits in the Plan are fully vested.

Plaintiff, **DULCE M. MARTÍNEZ ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DULCE M. MARTÍNEZ ORTIZ**' benefits in the Plan are fully vested.

Plaintiff, **DIANA E. MORENO RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DIANA E. MORENO RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **JEANNETTE ZAYAS ÁLVAREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JEANNETTE ZAYAS ÁLVAREZ**' benefits in the Plan are fully vested

Plaintiff, **ANA I. CARRERAS ROSARIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA I, CARRERAS ROSARIO'S** benefits in the Plan are fully vested.

Plaintiff, **DAISY HERNÁNDEZ GRACIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **DAISY HERNÁNDEZ GRACIA'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN Z. TORRES GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CARMEN Z. TORRES GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **ZAIDA L. ÁLVAREZ MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ZAIDA L. ÁLVAREZ MERCADO'S** benefits in the Plan are fully vested.

Plaintiff, **RAQUEL A. ROSARIO CAMARENA** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **RAQUEL A. ROSARIO CAMARENA'S** benefits in the Plan are fully vested.

Plaintiff, **SYLVIA CÁCERES HERNÁNDEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SYLVIA CÁCERES HERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **JUDITH FELICIÉ RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUDITH FELICIÉ RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **BLANCA ROSA CÓRDOVA CALDERÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **BLANCA ROSA CÓRDOVA CALDERÓN'S** benefits in the Plan are fully vested.

Plaintiff, **ANDRÉS SANTIAGO RIVAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANDRÉS SANTIAGO RIVAS**' benefits in the Plan are fully vested.

Plaintiff, **ANTONIO J. VIDAL PIZÁ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANTONIO J. VIDAL PIZÁ'S** benefits in the Plan are fully vested.

Plaintiff, **HIDELISA CRESPO DÍAZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a

period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **HIDELISA CRESPO DÍAZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA TERESA LARRIEU DE VIDAL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA TERESA LARRIEU DE VIDAL'S** benefits in the Plan are fully vested.

Plaintiff, **EMILIA DEL CARMEN VEVE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EMILIA DEL CARMEN VEVE'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES VEVE MUÑIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES VEVE MUÑIZ'** benefits in the Plan are fully vested.

Plaintiff, **GLADYS ORTIZ TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **GLADYS ORTIZ TORRES**' benefits in the Plan are fully vested.

Plaintiff, **JOSÉ A. RODRÍGUEZ SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **JOSÉ A. RODRÍGUEZ SANTIAGO**'S benefits in the Plan are fully vested.

Plaintiff, **MAYRA S. MÁRTIR LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **MAYRA S. MÁRTIR LÓPEZ**' benefits in the Plan are fully vested.

Plaintiff, **JOSÉ L. PIZÁ AVIÑÓ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JOSÉ L. PIZÁ AVIÑO'** benefits in the Plan are fully vested.

Plaintiff, **ENGRACIA DÁVILA TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.     In consequence of that period of continuous service, Plaintiff, **ENGRACIA DÁVILA TORRES'** benefits in the Plan are fully vested.

Plaintiff, **ROBERTO DE JESÚS TEJADA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ROBERTO DE JESÚS TEJADA'S** benefits in the Plan are fully vested.

Plaintiff**, MARIA L. ALTIERI MARTINÓ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA L. ALTIERI MARTINÓ**'S benefits in the Plan are fully vested.

Plaintiff, **MARÍA VICTORIA COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA VICTORIA COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **SANDRA M. HERNÁNDEZ GONZÁLEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SANDRA M. HERNÁNDEZ GONZÁLEZ**' benefits in the Plan are fully vested.

Plaintiff, **EVELYN AGOSTO CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  sixteen (16)  years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EVELYN AGOSTO CRUZ'** benefits in the Plan are fully vested.

Plaintiff, **ZURY ZAPATA LUYANDA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ZURY ZAPATA LUYANDA'S** benefits in the Plan are fully vested.

Plaintiff, **AMANDA RIVERA TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AMANDA RIVERA TORRES'** benefits in the Plan are fully vested.

Plaintiff, **PEDRO HERNÁNDEZ PALACIOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **PEDRO HERNÁNDEZ PALACIOS'** benefits in the Plan are fully vested.

Plaintiff, **LOURDES ESPÍN GÓMEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  twenty two (22) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LOURDES ESPÍN GÓMEZ'** benefits in the Plan are fully vested.

Plaintiff, **LIZETTE PRADO RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LIZETTE PRADO RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARGARITA LA LUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARGARITA LA LUZ'** benefits in the Plan are fully vested.

Plaintiff, **NANCY AROCHO IGLESIAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NANCY AROCHO IGLESIAS'** benefits in the Plan are fully vested.

Plaintiff, **JULIA D. AVILÉS RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JULIA D. AVILÉS RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **NANCY CABRERA COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NANCY CABRERA COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **DIANA ORTIZ ORTEGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **DIANA ORTIZ ORTEGA'S** benefits in the Plan are fully vested.

Plaintiff, **ROSA CARRIÓN RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ROSA CARRIÓN RODRÍGUEZ**' benefits in the Plan are fully vested.

Plaintiff, **SONIA LÓPEZ MUÑOZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SONIA LÓPEZ MUÑOZ'** benefits in the Plan are fully vested.

Plaintiff, **RUTHY VEGA PIZARRO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **RUTHY VEGA PIZARRO'S** benefits in the Plan are fully vested.

Plaintiff, **NELLY W. RODRÍGUEZ CLAUDIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NELLY W. RODRÍGUEZ CLAUDIO'S** benefits in the Plan are fully vested.

Plaintiff, **HILDA HERNÁNDEZ PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **HILDA HERNÁNDEZ PÉREZ**' benefits in the Plan are fully vested.

Plaintiff, **GENOVEVA JORGE VÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **GENOVEVA JORGE VÁZQUEZ**' benefits in the Plan are fully vested.

Plaintiff, **IRMA T. NIEVES CÓRDOVA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty seven (37) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IRMA T. NIEVES CÓRDOVA'S** benefits in the Plan are fully vested.

Plaintiff, **JAIME VÁZQUEZ RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JAIME VÁZQUEZ RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **EVELYN ROSADO ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  twenty nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVELYN ROSADO ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN JULIA FIGUEROA DE MOLINA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN JULIA FIGUEROA DE MOLINA'S** benefits in the Plan are fully vested.

Plaintiff, **IVETTE CABRERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty six (26) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **IVETTE CABRERA'S** benefits in the Plan are fully vested.

Plaintiff, **YOLANDA LÓPEZ MUÑOZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a

period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **YOLANDA LÓPEZ MUÑOZ'** benefits in the Plan are fully vested.

Plaintiff, **FERNANDO ROMÁN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FERNANDO ROMÁN'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ MARTIZA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUZ MARTIZA RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **WANDA AVILÉS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **WANDA AVILÉS'** benefits in the Plan are fully vested.

Plaintiff, **LIZMARIS PÉREZ CARABALLO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LIZMARIS PÉREZ CARABALLO'S** benefits in the Plan are fully vested.

Plaintiff, **ADELA CORTES FLORES,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of forty-four (44) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ADELA CORTES FLORES'** benefits in the Plan are fully vested.

Plaintiff, **ANA I. CORTES FLORES,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of forty-three (43) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA I. CORTES FLORES'** benefits in the Plan are fully vested.

Plaintiff, **SYLVIA MELENDEZ ANDINO,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of forty (40) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SYLVIA MELENDEZ ANDINO'S** benefits in the Plan are fully vested.

Plaintiff, **ILIA C. RAMOS QUINTERO,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth' of Puerto Rico for a period of seventeen (17) years approximately.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ILIA C. RAMOS QUINTERO'S** benefits in the Plan are fully vested.

Plaintiff, **ADLYN RODRIGUEZ ROSA,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a

period of thirty-six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ADLYN RODRIGUEZ ROSA'S** benefits in the Plan are fully vested.

Plaintiff, **MIGUEL TORRENS REYES,** was employed as a full time employee for one or more of the participating employers of the plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MIGUEL TORRENS REYES'** benefits in the Plan are fully vested.

Plaintiff, **LYDIA VALENCIA NAZARIO,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty-two (42) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **LYDIA VALENCIA NAZARIO's**  benefits in the Plan are fully vested.

Plaintiff, **MYRNA VAZQUEZ RODRIGUEZ,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MYRNA VAZQUEZ RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **NEYDA I. VAZQUEZ SEPULVEDA,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **NEYDA I. VAZQUEZ SEPULVEDA'S** benefits in the Plan are fully vested.

Plaintiff, **DAISY M. BONILLA AVILES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of Forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DAISY M. BONILLA AVILES'** benefits in the Plan are fully vested.

Plaintiff, **MARIA CANDELARIO VELEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA CANDELARIO VELEZ'** benefits in the Plan are fully vested.

Plaintiff, **MABEL E. CARDONA RIVERA** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA CANDELARIO VELEZ'** benefits in the Plan are fully vested.

Plaintiff, **ZUGEILY MARCANO IRIZARRY**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ZUGEILY MARCANO IRIZARRY'S** benefits in the Plan are fully vested.

Plaintiff, **CARMEN NIEVES CORTES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN NIEVES CORTES'S** benefits in the Plan are fully vested.

Plaintiff, **EVELYN RAMIREZ MARQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.   She is currently retired and was receiving her accumulated benefits. That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVELYN RAMIREZ MARQUEZ'** benefits in the Plan are fully vested.

Plaintiff, **LUIS R. RIVERA CEPEDA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty-three (43) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUIS R. RIVERA CEPEDA'S** benefits in the Plan are fully vested.

Plaintiff, **GLADYS RIVERA GARCIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-five (35) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GLADYS RIVERA GARCIA'S** benefits in the Plan are fully vested.

Plaintiff, **DIANA ROMERO CABAN,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DIANA ROMERO CABAN'S** benefits in the Plan are fully vested.

Plaintiff, **DELIA SANCHEZ HEREDIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DELIA SANCHEZ HEREDIA'S** benefits in the Plan are fully vested.

Plaintiff, **BRENDA SERRANO PACHECO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-seven (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **BRENDA SERRANO PACHECO'S** benefits in the Plan are fully vested.

Plaintiff, **LUZ ALICIA VAZQUEZ REYES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUZ ALICIA VAZQUEZ REYES'** benefits in the Plan are fully vested and has a current value.

Plaintiff, **SOAMY VELEZ PEREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SOAMY VELEZ PEREZ'** benefits in the Plan are fully vested.

Plaintiff, **MARITZA ALVAREZ VEGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a

period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARITZA ALVAREZ VEGA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA LAURA DEFILLO GUIOT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA LAURA DEFILLO GUIOT'** benefits in the Plan are fully vested.

Plaintiff, **GABRIEL GIRALDO ARIAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GABRIEL GIRALDO ARIAS'** benefits in the Plan are fully vested.

Plaintiff, **RUTH M. LOPEZ SUAREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **RUTH M. LOPEZ SUAREZ'** benefits in the Plan are fully vested.

Plaintiff, **LIDIA MARCHOSKY**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-one (21) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LIDIA MARCHOSKY'S** benefits in the Plan are fully vested.

Plaintiff, **MYRIAM NIEVES O'NEILL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MYRIAM NIEVES O'NEILL** benefits in the Plan are fully vested.

Plaintiff, **CONSUELO EGEA QUIÑONES de WALKER**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CONSUELO EGEA QUIÑONES de WALKER'S** benefits in the Plan are fully vested.

Plaintiff, **EDITH K. RIVERA LOPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EDITH K. RIVERA LOPEZ'** benefits in the Plan are fully vested.

Plaintiff, **LILIANA SANTIAGO ACEVEDO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LILIANA SANTIAGO ACEVEDO'S** benefits in the Plan are fully vested.

Plaintiff, **WANDA I. AGOSTO BERRIOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **WANDA I. AGOSTO BERRIOS'** benefits in the Plan are fully vested.

Plaintiff, **MILDRED A. RIVERA NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MILDRED A. RIVERA NIEVES**' benefits in the Plan are fully vested.

Plaintiff, **AYLEEN RODRIGUEZ CORDERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AYLEEN RODRIGUEZ CORDERO'S** benefits in the Plan are fully vested.

Plaintiff, **CELIA M. ALVARADO SOTO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **CELIA M. ALVARADO SOTO'S** benefits in the Plan are fully vested.

Plaintiff, **SATURNINO ANGULO ENCARNACION**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of

continuous service, Plaintiff, **SATURNINO ANGULO ENCARNACION'S** benefits in the Plan are fully vested.

Plaintiff, **GUADALUPE ARELLANO RODRIGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-seven (37) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **GUADALUPE ARELLANO RODRIGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN LYDIA ARISTUD PEREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty -four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN LYDIA ARISTUD PEREZ'** benefits in the Plan are fully vested.

Plaintiff, **FLORENCIA ARCE CACERES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **FLORENCIA ARCE CACERES'** benefits in the Plan are fully vested.

Plaintiff, **ELEUTERIA CORTES ADORNO,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ELEUTERIA CORTES ADORNO'S** benefits in the Plan are fully vested.

Plaintiff, **JUAN S. AYALA DELGADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUAN S. AYALA DELGADO'S** benefits in the Plan are fully vested.

Plaintiff, **HUGO CARDONA CASANOVA,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **HUGO CARDONA CASANOVA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA DEL C. CAMACHO TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA DEL C. CAMACHO TORRES'** benefits in the Plan are fully vested.

Plaintiff, **YVETTE CASTRO PRATTS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IVETTE CASTRO PRATTS'** benefits in the Plan are fully vested.

Plaintiff, **TANYA E. CHICLANA TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **TANYA E. CHICLANA TORRES**' benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA COLÓN PÉREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MIGDALIA COLON PEREZ'** benefits in the Plan are fully vested.

Plaintiff, **SHEILA DARDER CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **SHEILA DARDER CRUZ** benefits in the Plan are fully vested.

Plaintiff, **NYDIA DELERME RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NYDIA DELERME RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **LEONIRDES DELGADO RODRIGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of

continuous service, Plaintiff, **LEONIRDES DELGADO RODRIGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **CHARLENE M. DOLSEN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CHARLENE M. DOLSEN'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES G. DONATE ORTIZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES G. DONATE ORTIZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN E. ELIAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN E. ELIAS'** benefits in the Plan are fully vested.

Plaintiff, **LORENZA GARCIA MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LORENZA GARCIA MERCADO'S** benefits in the Plan are fully vested.

Plaintiff, **YAMIRA E. GUADALUPE GUEVARA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **YAMIRA E. GUADALUPE GUEVARA'S** benefits in the Plan are fully vested.

Plaintiff, **SYLVIA M. GUTIERREZ SANCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SYLVIA M. GUTIERREZ SANCHEZ'** benefits in the Plan are fully vested.

Plaintiff, **HELVIA GUZMAN MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff **HELVIA GUZMAN MERCADO**'S benefits in the Plan are fully vested.

Plaintiff, **LUISA J. ISAAC APONTE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUISA J. ISAAC APONTE'S** benefits in the Plan are fully vested.

Plaintiff, **EVELYN LUGO MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVELYN LUGO MORALES'** benefits in the Plan are fully vested.

Plaintiff, **MAYRA LOPEZ VILCHES,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MAYRA LOPEZ VILCHES'** benefits in the Plan are fully vested.

Plaintiff, **NICOLAS VELAZQUEZ TAPIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NICOLAS VELAZQUEZ TAPIA'S** benefits in the Plan are fully vested.

Plaintiff, **JOSEFINA MARIN LUGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **JOSEFINA MARIN LUGO'S** benefits in the Plan are fully vested.

Plaintiff, **SANDRA M. MARTINEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SANDRA M. MARTINEZ'** benefits in the Plan are fully vested.

Plaintiff, **IVELISSE MELENDEZ SANTOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-seven (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IVELISSE MELENDEZ SANTOS'** benefits in the Plan are fully vested.

Plaintiff, **IRIS N. MELENDEZ VELAZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IRIS N. MELENDEZ VELAZQUEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA MENDOZA GONZALEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA MENDOZA GONZALEZ'** benefits in the Plan are fully vested.

Plaintiff, **SONIA MORALES VEGA,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirty-one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SONIA MORALES VEGA'S** benefits in the Plan are fully vested.

Plaintiff, **MICHELLE NAVARRO SMITH**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MICHELLE NAVARRO SMITH'S** benefits in the Plan are fully vested.

Plaintiff, **CLARA ORTA LANDAN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CLARA ORTA LANDAN'S** benefits in the Plan are fully vested.

Plaintiff, **ANA I. ORTEGA ACOSTA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA I. ORTEGA ACOSTA'S** benefits in the Plan are fully vested.

Plaintiff, **MARGARITA OTERO VELEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARGARITA OTERO VELEZ'** benefits in the Plan are fully vested.

Plaintiff, **LUZ ZENAIDA PALAU PEREZ,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUZ ZENAIDA PALAU PEREZ'** benefits in the Plan are fully vested.

Plaintiff, **MYREDI PEREZ MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MYREDI PEREZ MORALES'** benefits in the Plan are fully vested.

Plaintiff, **ROSA PEREZ MARTINEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ROSA PEREZ MARTINEZ'** benefits in the Plan are fully vested.

Plaintiff, **ROSA I. PARIS DOWNS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ROSA I. PARIS DOWNS** benefits in the Plan are fully vested.

Plaintiff, **MARITZA QUIÑONES VARGAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARITZA QUIÑONES VARGAS** benefits in the Plan are fully vested.

Plaintiff, **ODETTE QUIÑONES CINTRON**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ODETTE QUIÑONES CINTRON'S** benefits in the Plan are fully vested.

Plaintiff, **NICOLASA RAMOS LOPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NICOLASA RAMOS LOPEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARISA RAMIREZ DEL VALLE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  thirty-five (35) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARISA RAMIREZ DEL VALLE'S** benefits in the Plan are fully vested.

Plaintiff, **IVONNE MARIE RIVERA PAGAN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IVONNE MARIE RIVERA PAGAN,** benefits in the Plan are fully vested.

Plaintiff, **JUAN RODRIGUEZ RODRIGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUAN RODRIGUEZ RODRIGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **LETICIA RODRIGUEZ UBARRI**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LETICIA RODRIGUEZ UBARRI'S** benefits in the Plan are fully vested.

Plaintiff, **WILMA RODRÍGUEZ RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **WILMA RODRÍGUEZ RAMOS'** benefits in the Plan are fully vested.

Plaintiff, **EVELYN ROIG**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EVELYN ROIG'S** benefits in the Plan are fully vested.

Plaintiff, **EMMA ROMERO NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **EMMA ROMERO NIEVES'** benefits in the Plan are fully vested.

Plaintiff, **MILAGROS RUIZ GANDULLA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MILAGROS RUIZ GANDULLA'S** benefits in the Plan are fully vested.

Plaintiff, **DOMINGO SANCHEZ CARTAGENA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **DOMINGO SANCHEZ CARTAGENA'S** benefits in the Plan are fully vested.

Plaintiff, **ADA M. SANTIAGO AYALA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ADA M. SANTIAGO AYALA'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA LUISA SANTIAGO COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA LUISA SANTIAGO COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA E. SANTIAGO DEYA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA E. SANTIAGO DEYA'S** benefits in the Plan are fully vested.

Plaintiff, **WANDA I. TORRES DOMENECH**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **WANDA I. TORRES DOMENECH'S** benefits in the Plan are fully vested.

Plaintiff, **MARITZA TRAVIESO ARCE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-one (31) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARITZA TRAVIESO ARCE'S** benefits in the Plan are fully vested.

Plaintiff, **THOMAS J. VARGAS IRIZARRY**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **THOMAS J. VARGAS IRIZARRY'S** benefits in the Plan are fully vested.

Plaintiff, **MARIE R. VEGA RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIE R. VEGA RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **VANESSA E. VELEZ CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **VANESSA E. VELEZ CRUZ'** benefits in the Plan are fully vested.

Plaintiff, **MARIA DE LOS ANGELES GARCIA ALVARADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-two (22) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **MARIA DE LOS ANGELES GARCIA ALVARADO'S** benefits in the Plan are fully vested.

Plaintiff, **MIRTEA L. MARTINEZ JIMENEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty-eight (48) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **MIRTEA L. MARTINEZ JIMENEZ'** benefits in the Plan are fully vested.

Plaintiff, **EDNA LUZ LEDESMA MONTESINOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **EDNA LUZ LEDESMA MONTESINOS'** benefits in the Plan are fully vested.

Plaintiff, **LUZ IVETTE ALBERT-SAURI**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LUZ IVETTE ALBERT-SAURI'S** benefits in the Plan are fully vested.

Plaintiff, **MARITZA CATONI ROSARIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARITZA CATONI ROSARIO'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA M. CINTRÓN HERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARÍA M. CINTRÓN HERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **TERESITA I. GARRIGA BLANCO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **TERESITA I. GARRIGA BLANCO'S** benefits in the Plan are fully vested.

Plaintiff, **LAURA GONZÁLEZ COLÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **LAURA GONZÁLEZ COLÓN'S** benefits in the Plan are fully vested.

Plaintiff, **FRANCISCO G. JUSTINIANO SÁNCHEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FRANCISCO G. JUSTINIANO SÁNCHEZ'** benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA MALDONADO JOURNET**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MIGDALIA MALDONADO JOURNET'S** benefits in the Plan are fully vested.

Plaintiff, **FELIX H. MARTÍNEZ TAPIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty-three (43) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **FELIX H. MARTÍNEZ TAPIA'S** benefits in the Plan are fully vested.

Plaintiff, **IVELISSE MARTÍNEZ DE LA TORRE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by

Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **IVELISSE MARTÍNEZ DE LA TORRE'S** benefits in the Plan are fully vested.

Plaintiff, **DAVID MEDERO SERRANO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **DAVID MEDERO SERRANO'S** benefits in the Plan are fully vested.

Plaintiff, **MARIA V. MEDINA NIEVES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA V. MEDINA NIEVES'** benefits in the Plan are fully vested.

Plaintiff, **MARIA G. MEDINA SEGARRA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MARIA G. MEDINA SEGARRA'S** benefits in the Plan are fully vested.

Plaintiff, **AWILDA MORALES ORTEGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **AWILDA MORALES ORTEGA**'S benefits in the Plan are fully vested.

Plaintiff, **MARTA NIEVES TRIFILIO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARTA NIEVES TRIFILIO'S** benefits in the Plan are fully vested.

Plaintiff, **MARTHA ONEGA SAAVEDRA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARTHA ONEGA SAAVEDRA'S** benefits in the Plan are fully vested.

Plaintiff, **GRISEL ORTIZ VEGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **GRISEL ORTIZ VEGA'S** benefits in the Plan are fully vested.

Plaintiff, **ANA H. PAGAN TORO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **ANA H. PAGAN TORO,** benefits in the Plan are fully vested.

Plaintiff, **ANA HILDA RODRIGUEZ RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-eight (28) to thirty (30) years.  That period of service has been credited by

Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA HILDA RODRIGUEZ RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **EDUARDO RODRÍGUEZ REYES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen years (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EDUARDO RODRÍGUEZ REYES'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DE LOS ÁNGELES RODRÍGUEZ MATÍAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MARÍA DE LOS ÁNGELES RODRÍGUEZ MATÍAS**' benefits in the Plan are fully vested.

Plaintiff, **MARILDA RUIZ SIFRE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty nine (39) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARILDA RUIZ SIFRE'S** benefits in the Plan are fully vested.

Plaintiff, **NEREIDA SANTANA SALGADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NEREIDA SANTANA SALGADO'S** benefits in the Plan are fully vested.

Plaintiff, **ELIZABETH SANTIAGO VALENTÍN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ELIZABETH SANTIAGO VALENTÍN'S** benefits in the Plan are fully vested.

Plaintiff, **MILAGROS SOTO VÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MILAGROS SOTO VÁZQUEZ**' benefits in the Plan are fully vested.

Plaintiff, **MERCEDES TRIFILIO ABREU**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty six (36) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MERCEDES TRIFILIO ABREU'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL C. VÁZQUEZ GUILBOT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of

continuous service, Plaintiff, **MARÍA DEL C. VÁZQUEZ GUILBOT'S** benefits in the Plan are fully vested.

Plaintiff, **ANA MARÍA BUSTAMANTE GARCÍA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty seven (27) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ANA MARÍA BUSTAMANTE GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA M. FIOL FUMERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARÍA M. FIOL FUMERO'S** benefits in the Plan are fully vested.

Plaintiff, **NELLY PÉREZ RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NELLY PÉREZ RAMOS**' benefits in the Plan are fully vested.

Plaintiff, **OLGA L. ZAYAS ÁLVAREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **OLGA L. ZAYAS ÁLVAREZ**' benefits in the Plan are fully vested.

Plaintiff, **MARGARITA SEPÚLVEDA GRACIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **MARGARITA SEPÚLVEDA GRACIA'S** benefits in the Plan are fully vested.

Plaintiff, **SOLEDAD DÍAZ ABREU**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty sever (47) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **SOLEDAD DÍAZ ABREU'S** benefits in the Plan are fully vested.

Plaintiff, **NEYMI A. APONTE GÓMEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **NEYMI A. APONTE GÓMEZ'** benefits in the Plan are fully vested.

Plaintiff, **IRMA BURGOS HERNÁNDEZ,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **IRMA BURGOS HERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARILÚ CABRERA TIRADO** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of thirty six (36) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARILÚ CABRERA TIRADO'S** benefits in the Plan are fully vested.

Plaintiff, **ISCKRA TAMARA CARVAJAL TIRADO** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty three (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ISCKRA TAMARA CARVAJAL TIRADO'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA M. CINTRÓN HERNÁNDEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirteen (13) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff

**MARÍA M. CINTRÓN HERNÁNDEZ'**, benefits in the Plan are fully vested

Plaintiff, **JANIA COVAS GARCÍA** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff **JANIA COVAS GARCÍA'S** benefits in the Plan are fully vested.

Plaintiff, **FLOR DE MARÍA CARABALLO** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty five (45) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff **FLOR DE MARÍA CARABALLO'S** benefits in the Plan are fully vested.

Plaintiff, **ÁNGELA DI TRANI PETRILLO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty four (34) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ÁNGELA DI TRANI PETRILLO'S** benefits in the Plan are fully vested.

Plaintiff, **BELKIS FERRER LOPETEGUI** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty eight (38) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **BELKIS FERRER LOPETEGUI'S** benefits in the Plan are fully vested.

Plaintiff, **IRMA FUENTES RODRÍGUEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **IRMA FUENTES RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **VILMA E. GAUTIER RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **VILMA E. GAUTIER RIVERA`S** benefits in the Plan are fully vested.

Plaintiff, **EDDA D. GONZÁLEZ VÁZQUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty eight (28) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EDDA D. GONZÁLEZ VÁZQUEZ**' benefits in the Plan are fully vested.

Plaintiff, **CARMEN J. HERNANDEZ VIDOT**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **CARMEN J. HERNANDEZ VIDOT'S** benefits in the Plan are fully vested.

Plaintiff, **MYRNALIZ JIMENEZ BORIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MYRNALIZ JIMENEZ BORIA'S** benefits in the Plan are fully vested.

Plaintiff, **NANCY JORGE RAMOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **NANCY JORGE RAMOS'** benefits in the Plan are fully vested.

Plaintiff, **JOSEFINA LUCIANO CHAVEZ,** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty-three (33) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JOSEFINA LUCIANO CHAVEZ'** benefits in the Plan are fully vested.

Plaintiff, **MADELINE S. MONSERRATE GARCIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty-five (25) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **MADELINE S. MONSERRATE GARCIA'S** benefits in the Plan are fully vested.

Plaintiff, **JUAN J. MULERO TORRES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **JUAN J. MULERO TORRES'** benefits in the Plan are fully vested.

Plaintiff, **INOCENCIA PADILLA PADILLA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (20) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **INOCENCIA PADILLA PADILLA'S** benefits in the Plan are fully vested.

Plaintiff, **ANA H. PÉREZ CRUZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ANA H. PÉREZ CRUZ'** benefits in the Plan are fully vested.

Plaintiff, **IVETTE PÉREZ IBERN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **IVETTE PÉREZ IBERN'S** benefits in the Plan are fully vested.

Plaintiff, **DAVID RIVERA RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eleven (11) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **DAVID RIVERA RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **JOSE A. RODRÍGUEZ SANTIAGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period thirty (30) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **JOSE A. RODRÍGUEZ SANTIAGO'S** benefits in the Plan are fully vested.

Plaintiff, **ALMA L. ROSADO ROMÁN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years. That period of service has been credited by Defendant Plan as "continuous service" under the Plan. In consequence of that period of continuous service, Plaintiff, **ALMA L. ROSADO ROMÁN'S** benefits in the Plan are fully vested.

Plaintiff, **LUCILA SALGADO MERCADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty four (34) years. That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LUCILA SALGADO MERCADO'S** benefits in the Plan are fully vested.

Plaintiff, **VANESSA V. VALDÉS DE LA TORRE**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (40) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **VANESSA V. VALDÉS DE LA TORRE'S** benefits in the Plan are fully vested

Plaintiff, **MARÍA B. VÁZQUEZ CAMUÑAS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty one (31) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARIA B. VÁZQUEZ CAMUÑAS'** benefits in the Plan are fully vested.

Plaintiff, **NORIS VÁZQUEZ DE DIOS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **NORIS VAZQUEZ DE DIOS'** benefits in the Plan are fully vested.

Plaintiff, **SUSANA VAZQUEZ LUGO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of ten (10) years.   That period of service has been credited by Defendant Plan as "continuous service" under the Plan.    In consequence of that period of continuous service, Plaintiff, **SUSANA VAZQUEZ LUGO'S** benefits in the Plan are fully vested.

Plaintiff, **GRECIA VÉLEZ SÁNCHEZ** was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **GRECIA VÉLEZ SÁNCHEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARIE D. VENTURA MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty (30) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MARIE D. VENTURA MARTÍNEZ'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN M. ARTEAGA DE FERNÁNDEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (23) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **CARMEN M. ARTEAGA DE FERNÁNDEZ'** benefits in the Plan are fully vested.

Plaintiff, **NORMA ÁVILA RODRÍGUEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **NORMA ÁVILA RODRÍGUEZ'** benefits in the Plan are fully vested.

Plaintiff, **RAFAEL BARBOSA RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for

a period of forty (40) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **RAFAEL BARBOSA RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **ISAURA CAMARENO VENDREL**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ISAURA CAMARENO VENDRELL'S** benefits in the Plan are fully vested.

Plaintiff, **ANTONIO R. CARABALLO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ANTONIO R. CARABALLO'S** benefits in the Plan are fully vested.

Plaintiff, **ANA A. CARO VEGA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fourteen (14) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ANA A. CARO VEGA'S** benefits in the Plan are fully vested.

Plaintiff, **ISABEL CASAÑAS MACHADO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of forty (47) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ISABEL CASAÑAS MACHADO'S** benefits in the Plan are fully vested.

Plaintiff, **YOLANDA CASTRO LÓPEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twelve (12) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **YOLANDA CASTRO LÓPEZ'** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL C. CÓRDOVA CHIEZA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MARÍA DEL C. CÓRDOVA CHIEZA'S** benefits in the Plan are fully vested.

Plaintiff, **SUSANA BERZA DE LA CUESTA ÁLVAREZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of thirty two (32) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **SUSANA BERZA DE LA CUESTA ÁLVAREZ'** benefits in the Plan are fully vested.

Plaintiff, **IRIS V. DE JESUS RIVERA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty two (22) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **IRIS V. DE JESUS RIVERA'S** benefits in the Plan are fully vested.

Plaintiff, **MARÍA DEL PILAR GERBOLÉS**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of eighteen (18) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MARÍA DEL PILAR GERBOLÉS'** benefits in the Plan are fully vested.

Plaintiff, **GISELA LORA YERO**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty nine (29) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **GISELA LORA YERO'S** benefits in the Plan are fully vested.

Plaintiff, **ÁNGEL S. MEJÍAS MORALES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty four (24) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ÁNGEL S. MEJÍAS MORALES'** benefits in the Plan are fully vested.

Plaintiff, **CARMEN L. MENDRELL LUGO** , was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **CARMEN L. MENDRELL LUGO'S** benefits in the Plan are fully vested.

Plaintiff, **MARINA PÉREZ AZOFRA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of sixteen (16) years.  That period of service has been credited by Defendant Plan as

"continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **MARINA PÉREZ AZOFRA'** benefits in the Plan are fully vested.

Plaintiff, **EVA PÉREZ PENTÓN**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of  sixteen (16) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **EVA PÉREZ PENTON'S** benefits in the Plan are fully vested.

Plaintiff, **LOURDES M. RIVERA CELA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **LOURDES M. RIVERA CELA'S** benefits in the Plan are fully vested.

Plaintiff, **ERIC W. RIVERA MALAVÉ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of twenty one (21) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ERIC W. RIVERA MALAVÉ'S** benefits in the Plan are fully vested.

Plaintiff, **ARLENE RODRÍGUEZ MATTEI**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of nineteen (19) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.   In consequence of that period of continuous service, Plaintiff, **ARLENE RODRÍGUEZ MATTEI'S** benefits in the Plan are fully vested.

Plaintiff, **HÉCTOR R. RODRÍGUEZ MONTES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifty three (53) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **HÉCTOR R. RODRÍGUEZ MONTES'** benefits in the Plan are fully vested.

Plaintiff, **ADAMARIS RODRÍGUEZ REYES**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **ADAMARIS RODRÍGUEZ REYES**' benefits in the Plan are fully vested.

Plaintiff, **EMILIO J. ROLDÁN FIGUEROA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **EMILIO J. ROLDÁN FIGUEROA'S** benefits in the Plan are fully vested.

Plaintiff, **BLANCA I. TORRES MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of fifteen (15) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **BLANCA I. TORRES MARTÍNEZ'** benefits in the Plan are fully vested.

Plaintiff, **MIGDALIA TORRES MARTÍNEZ**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico

for a period of thirty seven (37) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **MIGDALIA TORRES MARTÍNEZ'** benefits in the Plan are fully vested.

Plaintiff, **LYDIA SEIJO TAPIA**, was employed as a full time employee for one or more of the participating employers of the Plan in the Commonwealth of Puerto Rico for a period of seventeen (17) years.  That period of service has been credited by Defendant Plan as "continuous service" under the Plan.  In consequence of that period of continuous service, Plaintiff, **LYDIA SEIJO TAPIA'S** benefits in the Plan are fully vested.

82.    Plaintiffs fully vested and non-forfeitable benefits in the plan amount to a sum conservatively estimated in not less than **TWENTY FIVE MILLION DOLLARS ($25,000,000.00).**

83.    Defendants, settlor and sponsor, the Superintendence of Catholic Schools of the Archdioceses of San Juan, the fiduciaries and the administrators of the plan utterly failed to comply with the provisions of the plan and E.R.I.S.A., regarding the distribution of the plan's remaining assets.  See 29 U.S.C. §1021.  *American Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co.*, 62 F.3d 62 F.3d 574, 579 (3rd Cir. 1995) ("once a termination decision is reached, ERISA's fiduciary duties control the termination procedures.").

84.    As indicated before, at present time the participants and beneficiaries of the plan ignore how the remaining assets in the pension fund are going to be distributed among its participants and beneficiaries.  What is worse, defendant settlor and/or sponsor of the plan, the fiduciaries and administrators of the plan intend to disregard the vested rights and non-forfeitable benefits to which they are entitled to as part of the distribution of assets.

85.     Plaintiffs seek preliminary injunctive relief and a temporary restraining order to prevent such distribution of assets of the plan, until this Honorable Court enters judgment in the instant case.

**A.      Count One-Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3) Against Co-defendant, the Superintendence of Catholic Schools of the Archdioceses of San Juan**

85a.     ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to obtain "appropriate equitable relief ... to enforce any provisions of this title." Pursuant to this provision, and 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, Plaintiff seeks declaratory relief that the Catholic Schools of the Archdioceses of San Juan Pension Plan is not a "Church Plan" within the meaning of ER1SA section 3(33), 29 U.S.C. § 1002(33), and thus is subject to the provisions of Title I and Title IV of ERISA.

85b.     ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes a participant or beneficiary to bring a civil action to "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Pursuant to these provisions, Plaintiffs seeks orders directing the defendant plan sponsor and administrator, the Superintendence of Catholic Schools of the Archdioceses of San Juan, to bring the plan into compliance with ERISA, including the reporting, vesting, and funding requirements of Parts 1, 2 and 3 of ER1SA, 29 U.S.C. §§ 1021-31, 1051-61, 1081-85.

Since the subject plan is not a Church Plan within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and meet the definition of a pension plan under ERISA section 3(2), 29 U.S.C. § 1002(2), it should be declared to be an ERISA-covered pension plan, and the defendant

sponsor, the Superintendence of Catholic Schools of the Archdioceses of San Juan, should be ordered to bring the Plan into compliance with ER1SA, including by remedying the violations set forth below.

**B.    Count Two- Request for Temporary Restraining Order, Preliminary and Permanent Injunction**

Paragraphs 1 through 85 are re-alleged and incorporated by reference as if fully set forth herein.

86.    ERISA Section 409 provides that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." See 29 U.S.C. § 1109(a).  By its terms, section 409 applies only to fiduciaries.  ERISA Section 502(a)(3), however, authorizes suits "to obtain other appropriate equitable relief" to redress violations of the statute.  See 29 U.S.C. § 1132(a)(3).  As noted above, it is pursuant to Section 502(a)(3) that equitable relief can be obtained against fiduciaries and non-fiduciaries who participate in either breaches of fiduciary duty or prohibited transactions.  See supra Part II.B; *Nieto v. Ecker*, 845 F.2d 868, 873–74 (9th Cir. 1988).

87.    "Where there has been a breach of fiduciary duty, ERISA grants to the courts broad authority to fashion remedies for redressing the interests of participants and beneficiaries." *Donovan v. Mazzola*, 716 F.2d 1226, 1235 (9th Cir.1983); see also *Delgrosso v. Spang & Co*., 769 F.2d 928, 937 (3d Cir.1985)("A federal court enforcing fiduciary obligations under ERISA is thus given broad equitable powers to implement its remedial decrees.").

The Second Circuit has held that "removal of pension fund trustees and the appointment of a person to serve in their stead is appropriate under the statute when they have engaged in 'repeated or substantial violation [s] of [their] responsibilities.' " *Katsaros v. Cody*, 744 F.2d

270, 279, 281 (2d Cir.1984) (quoting *Marshall v. Snyder*, 572 F.2d 894, 901 (2d Cir.1978)).

Other appropriate relief includes permanent injunctive relief prohibiting defendants from serving

as fiduciaries or service providers to any ERISA plan, see *Beck v. Levering*, 947 F.2d 639, 641–

42 (2d Cir.1991); *Reich v. Lancaster*, 55 F.3d 1034, 1054 (5th Cir.1995), and the appointment of

a receiver or investment manager pending appointment or election of new trustees. *Donovan v.

Bierwirth*, 754 F.2d 1049, 1056 (2d Cir.1985); *Donovan v. Bryans*, 566 F.Supp. 1258, 1264

(E.D.Pa.1983).  See also, *Liss v. Smith*, 991 F.Supp. 278, 312 (S.D.N.Y. 2002)

Finally, injunctive relief is appropriate where the trustees' conduct has violated the

prudence standards of Section 404, even if no losses have been established.  *Id.*

88.    If the [plaintiffs] can prove to a court that certain trustees have acted imprudently,

even if there is no monetary loss as a result of the imprudence, then the interests of ERISA are

furthered by entering appropriate injunctive relief such as removing the offending trustees from

their positions.... In determining the appropriate injunctive relief, it is irrelevant that the honest

but imprudent actions of the trustees resulted in no loss to the fund.  Honest but imprudent

trustees can dissipate the assets of a fund with speed comparable to dishonest trustees.  In either

case, imprudent trustees undermine the purpose of ERISA which is to insure that the assets of a

fund will be there when the beneficiaries need them.  *Brock v. Robbins*, 830 F.2d 640, 647 (7th

Cir.1987).  See *id.*

Rule 65(a) of the Fed.R.Civ.P. provides the following:

(a) Preliminary Injunction.

(1) Notice. The court may issue a preliminary injunction only on notice to the adverse
party.

(2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the
hearing on a motion for a preliminary injunction, the court may advance the trial on the merits
and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is

received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

This Honorable Court must weight four factors in determining whether a preliminary injunction should be granted:

(1)     the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. *Black Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004), (internal quotation marks omitted).

89.     The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor.   *Nieves–Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

90.     An almost identical standard applies to a temporary restraining order.   Rule 65(b) of the Federal Rules of Civil Procedure addresses the subject of temporary restraining orders and provides in relevant part as follows:

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

91.     It is well-established under federal law that a temporary restraining order is an emergency remedy which should only be issued in exceptional circumstances. The United States Supreme Court has recognized that a temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997); *West v. Derby Unified School Dist. No. 260*, 23 F.Supp.2d 1220, 1221 (D.Kan.1998).  It is only on rare occasions that an *ex parte* temporary restraining order is proper and then such "orders

should be limited to preserving the status quo only for so long as is necessary to hold a hearing." First *Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir.1993) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)).  Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order may only be granted if it clearly appears from specific facts shown in affidavit(s) or by a verified complaint that "immediate and irreparable injury, loss, or damage will result."

92.     It is plaintiffs' contention that their likelihood of success on the merits is evident. As indicated before, if plaintiffs are able to prove that defendant sponsor of the plan, the fiduciaries and administrators ignored the provisions of E.R.I.S.A. and of the plan itself when they decided to terminate the pension plan and proposed an unclear distribution of assets, such distribution must be stalled to prevent an irreparable harm to plaintiffs.  If defendants illegally distribute the remaining assets of the plan, it would then be almost impossible to recover those assets and bring them back to the pension fund for their proper distribution, causing an irreversible loss to the fund, the plaintiffs and other plan participants and beneficiaries.  In other words, once the remaining assets of the pension fund are distributed, it would be very difficult to recover them from their recipients.

93.     On the other hand, the defendants would suffer no hardship if this Honorable Court issues the requested preliminary injunction.  They would simply have to delay the distribution of assets of the fund until the case is resolved.  If this Honorable Court enters a temporary restraining order and grants the preliminary injunctive relief herein requested the public interest would be served.

94.     The entry of a temporary restraining order and injunction in this case would serve the public interest.  The purpose of ERISA is to "promote the interests of employees and their beneficiaries in employment benefit plans." See *Shaw v. Delta Air Lines*, 463 U.S. 85, 90 (1983). The interests of a beneficiary such as plaintiffs is to maintain the accrued, unforfeitable benefits afforded to them under the subject plan, protected by ERISA.  Plaintiffs' interests, in other words, are synonymous to the public interest.   Moreover, the requested temporary restraining order and preliminary injunctive relief would also protect the interests of other plan participants and beneficiaries who are not parties to this lawsuit.  That purpose will therefore be served by an injunction.

95.     Furthermore, defendants also seek permanent injunctive relief prohibiting all defendants from serving as fiduciaries or service providers to the plan and the appointment of a receiver or investment manager pending appointment or election of new trustees, for their blatant violations of their fiduciary duties toward the plaintiffs and other plan participants and beneficiaries (as described in paragraphs 1-85), which have caused great losses to the plan and provoked its insolvency.

96.     Plaintiffs move this Honorable Court to set an evidentiary preliminary injunction hearing in the next available date in its calendar.

97.     A separate Amended Motion for Temporary Restraining Order, Preliminary and Permanent Injunction and for Reconsideration, together with affidavits and other evidence, was filed on June 23, 2016 (Docket No. 10).  The plaintiffs of the Second Group adopt by reference all the arguments made in this Motion by the original plaintiffs and request the same remedies petitioned by the original plaintiffs.

C.     **Count Three (Request of Payment of Benefits)**

Paragraphs 1 through 97 are re-alleged and incorporated by reference as if fully set forth herein.

98.     The Plan provides, in Article 11 B. that every participant in the plan that has served the participating employers for a minimum of ten (10) years on the date that his participation in the plan ends would have the right to the benefit of the accumulated pension until the date in which his employment has ended and would be payable on the date of his normal retirement, or on the date of his retirement before the normal date of retirement, at the option of the participant.  The concept of pension benefit would be calculated in the same manner in which it is indicated in the article about retirement before the normal retirement age in subparagraph D of Article 9 of this document.  The Committee could order the payment of benefits granted upon its discretion.  This could be a global amount pursuant to ERISA or monthly payments for the concept of retirement, starting on or before the date of termination of employment.  In any case the payment of benefits to the participant could be deferred more than the normal date of retirement.

99.     On the other hand, Article 18 D. of the plan document provides that when the termination of the Plan has been approved, the fiduciaries of the plan would proceed to liquidate the trust fund and to dispose of the assets, pursuant to the priorities established by the Regulations of Title IV of ERISA, with the following priorities:

a.     Benefits to those participants that started to received retirement benefits for at least three years before the termination of the plan, and based on the provisions of effectiveness of the plan during five (5) years prior to the termination of the same.

b.     The benefits acquired pursuant to the plan.

c.     Other benefits that could be acquired.

If the assets available to be distributed are insufficient to cover all the claims between any of the established priorities, these funds would be apportioned and distributed equally.  But, it could be permitted to the retirement committee to establish priorities of subclasses between the previously referred classes, on the condition that the categories of subclasses do not discriminate in favor of employees who earn higher salaries, or employees that exert supervisory functions.

100.    Defendant settlor or sponsor, the fiduciaries and administrators of the plan have no intention to honor plaintiffs' vested rights, upon termination of the plan.  Plaintiffs request that Defendant Plan honor them their vested rights under the Plan and ERISA and pay them their nonforfeitable benefits amounting to not less than **SEVENTY FIVE MILLION DOLLARS ($75,000,000.00).**  The Plan has not paid any benefits to Plaintiffs.  They are entitled to payment of their benefits under the Plan, in full, including retroactive benefits.

A defined benefit plan such as the subject plan "gives current and former employees property interests in their pension benefits."  See *Malia v. General Electric*, 23 F.3d 828, 832 (3d Cir. 1994)

101.    Plaintiffs affirmatively allege that they are not required to exhaust any plan remedy (if it exists), to bring a claim for benefits.  An employee benefit plan participant was not required to exhaust his administrative remedies before bringing ERISA suit, if plan administrator had denied participant meaningful access to review procedures by failing to provide requested plan documents describing what remedies plan made available and documenting reasons that claim for benefits had been denied.  ERISA § 503, 29 U.S.C.A. § 1133.  See *Curry v. Contract Fabricators Inc. Profit Sharing PlanEyeglasses*, citing *Vaca v. Sipes*, 386 U.S. 171, 184–85, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967) 185; *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir.1980); *Carter v. Signode Indus.*, 688 F.Supp. 1283, 1286 (N.D.Ill.1988).    Indeed, under such

circumstances, as the *Amato* court suggested, a district court would be "obliged to exercise its jurisdiction and [would be] guilty of an abuse of discretion if it [did] not." *Id.*, 618 F.2d at 568.

102.    The defendant plan administrators breached their fiduciary duties under the plan and ERISA, when they failed to tender several plan documents (including the plan document itself), requested in writing by several plaintiffs and failed to document the reasons why the plan was denying vested rights and nonforfeitable benefits to plaintiffs under the plan.

103.    Most of the plaintiffs did not even receive a termination letter.  Only a few pensioned participants received one.  However, the letter did not comply with ERISA provisions or the plan itself, in as much as it did not indicate it if these participants would receive a portion of the remaining assets of the pension funds and how much.  In fact, all of plaintiffs ignore whether or not they are going to be included in the final distribution of the fund assets, what portion of the remaining pension fund they would receive, if any and/or why their nonforfeitable benefits and vested rights have been denied to them (if that is the case) and when the plan fund remaining assets' distribution is going to be made.

104.    Furthermore, since 2009 the plan sponsor or settlor, and the administrators and fiduciaries have failed to inform to the plan participants with vested rights and nonforfeitable benefits their annual accumulated benefits in violation of ERISA.

105.    The award of benefits under Section 502(a)(1)(B) is generally not appropriate when the plan administrator, or other entity charged with making benefits determinations, failed to make adequate findings, failed to provide adequate reasoning for its denial of benefits, or applied an incorrect standard.

106.    Where the plan administrator or other fiduciaries terminated benefits under defective procedures, the appropriate remedy is the reinstatement of benefits, because a plan

administrator or fiduciary is not permitted to terminate benefits by those procedures.  See *Miller v. American Airlines,* 632 F.3d 837 (3d Cir. 2011); *Holmstrom v. Metropolitan Life Ins. Co.*, 615 F.3d 758 (7th Cir. 2010); *Pannebacker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213 (9th Cir. 2008); *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590 (6th Cir. 2001).

107.    The defendant administrator and fiduciaries failed to submit the actuarial studies upon which they rely to recommend and/or to terminate the pension plan to any of the plaintiffs and plan participants and beneficiaries, in violation of their fiduciary duties under ERISA.

108.    Furthermore, the last plan summary received by just a few of the plan participants, was received in 1993.

109.    At some point in time the subject plan had an internet site that published the plan summary.  However, said internet site was discontinued on or before 2009.

According to the information received by the plan participants, the plan would be terminated on June 2016.  Thus, even if the sponsor of the plan, the plan administrators or its fiduciaries attempt to cure such procedural deficiencies, it would be futile for them to exhaust any plan remedy that it might contemplate because the plan would have already been terminated and its remaining assets might have potentially been distributed, pursuant to unknown terms.

Under these circumstances there is no duty to exhaust any plan remedies (if they exist).

### D.    Count Three (Breach of Fiduciary Duties)

Paragraphs 1 through 109 are re-alleged and incorporated by reference as if fully set forth herein.

110.    All the defendant fiduciaries and administrators of the Plan have invested, and have continued the investment of, a large portion of the Plan's assets in close end bonds' funds and other bonds of various instrumentalities and public corporations of the Commonwealth of

Puerto Rico, an investment without adequate value or earnings, and without liquidity sufficient to permit conversion into cash for the purpose of paying benefits.

111.    Because of the investment identified in the preceding paragraphs, together with other violations of ERISA alleged in this Complaint, the Defendant Plan has refused to pay the benefits requested by Plaintiffs, to which Plaintiff(s) are entitled, as identified in Count Two hereof and other paragraphs.

112.    By the investment and continuation of investment identified above the defendant fiduciaries and administrators and the sponsor and settlor of the plan, as co-fiduciary, have failed to discharge their fiduciary duties with the care, skill, prudence and diligence required by section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

113.    By the investment and continuation of investment identified above defendants and the sponsor and settlor of the plan as co-fiduciary have failed to discharge their fiduciary duties by diversifying the investments of the plan as required by section 404(a)(1)(C) of ERISA, 29 U.S.C. § 1104(a)(1)(C).  In consequence of defendants' blatant breach of their fiduciary duties the plan has lacked liquid assets sufficient to pay some or all of the benefits to participants that otherwise would have been previously paid.

114.    Defendants breach of their fiduciary duties have caused losses to the plan's fund in an amount of not less than **FIFTY MILLION DOLLARS ($50,000,000.00).**    Plaintiffs demand that defendant fiduciaries and administrators respond for such loss and reimburse to the plan's fund the aforementioned amount.

115.    Defendant sponsor and settlor as a co-fiduciary of the plan also responds for the aforementioned loss, due to its failure to prevent this breach, and because of its failure to remedy

such breach, all in violation of section 405(a)(1), (2) and (3) of ERISA, 29 U.S.C. § 1105(a)(1), (2) and (3).

**E.     Count Five-Claim for Violation of Reporting and Disclosure Provisions Against Co-Defendant, the Superintendence of Catholic Schools the Archdioceses of San Juan and the Plan's Retirement Committee**

Paragraphs 1 through 115 are re-alleged and incorporated by reference as if fully set forth herein.

**a.     Summary Plan Descriptions**

116.   At no time have the Superintendence provided plaintiffs or any of the plans participants with a Summary Plan Description   that meets the requirements of ERISA section 102, 29 U.S.C. §1022, and the regulations promulgated thereunder.

Because the Superintendence and/or the members the Plan's Retirement Committee have been the Plan Administrators of the Plan at all relevant times have violated ERISA  section  104, 29  U.S.C. § 1024, by  failing  to provide plaintiffs  and  other plan participants with adequate Summary Plan Descriptions.

**b.     Annual Reports**

117.   At no time has an annual report with respect to the Plan been filed with the Secretary of Labor in compliance with ERISA  section 103, 29 U.S.C.  § 1023, or a Form 5500 and associated schedules and attachments which the Secretary has approved as an  alternative method   of compliance with ERISA section   103, 29 U.S.C.   § 1023.  Because the Superintendence and/or the members of the Plan's Retirement Committee have been the Plan Administrator of the Plan at all relevant times, the Superintendence and/or the members of the Plan's Retirement Committee have violated ERISA section 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the Plan with the Secretary of Labor in compliance

with ERISA section 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the Secretary has approved as an alternate method of compliance with ERISA section 103, 29 U.S.C. § 1023.

### c.      Summary Annual Reports

118.    At no time have the Superintendence and/or the members of the Plan's Retirement Committee furnished plaintiffs or any of the plan's participants a Summary Annual Report with respect to the Plan in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

Because the Superintendence and/or the members of the Plan's Retirement Committee have been the Plan Administrator of the Plan at all relevant times, the Superintendence and/or the members of the Plan's Retirement Committee have violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish plaintiffs and/or other plans participants with a Summary Annual Report with respect to the Plan in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

### d.      Notification of Failure to Meet Minimum Funding

119.    At no time has the Superintendence and/or the members of the Plan's Retirement Committee furnished plaintiffs and/or any of the plan participants with a Notice with respect to the Plan pursuant to ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(l), informing them that the Superintendence and the rest of the participating employers have failed to make payments required to comply with ERISA section 302, 29 U.S.C. § 1082, with respect to the Plan.

The Superintendence and all the participating employers have been the parties that established and/or maintained the plan.

At no time have the Superintendence and/or the members of the Plan's Retirement Committee have procured the proper funding of the Plan in accordance with ERISA section 302, 29 U.S.C. § 1082.

As administrators of the Plan, the Superintendence and the Plan's Retirement Committee have violated ERISA section 302, 29 U.S.C. § 1082, by failing to fund the Plan and is liable for its own violations of ERISA section 101 (d)(l), 29 U.S.C. § 102l(d)(l), and as such may be required by the Court to pay plaintiffs and each plan participants $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide plaintiffs and each plan participant with the notice required by ERISA section 101(d)(l), 29 U.S.C. § 1021(d)(l).

### e.  Funding Notices

120.    At no time have the Superintendence and/or the members of the Plan's Retirement Committee furnished plaintiffs or any plan participant with a Funding Notice with respect to the plan pursuant to ERISA section 101(f), 29 U.S.C. §1021(f).

At all relevant times, the Superintendence and/or the members of the Plan's Retirement Committee have been the administrators of the Plan.

As administrators of the Plan the Superintendence and/or the members of the Plan's Retirement Committee have violated ERISA section 101(f) by failing to provide each participant and beneficiary of the Plan with the Funding Notice required by ERISA section 101(f), and as such may be required by the Court to pay Plaintiff and each class member up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide Plaintiff and each plan participant with the notice required by ERISA section lOl (f). 29 U.S.C. § 1021(f).

### f.        Pension Benefit Statements

121.    At no time have the Superintendence and/or the members of the Plan's Retirement Committee furnished Plaintiffs or any of the plan participants with a Pension Benefit Statement with respect to the Plan pursuant to ERISA section 105(a)(l), 29 U.S.C. § 1025(a)(l).

At all relevant times, the Superintendence and/or the members of the Plan's Retirement Committee have been the administrators of the Plan.

As the administrators of the Plan, the Superintendence and/or the members of the Retirement Committee have violated ERISA section 105(a)(l) and as such may be required by the Court to pay plaintiffs and the rest of the plan participants up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide Plaintiff and each plan participant with the Pension Benefit Statements required by ERISA section 105(a)(l), 29 U.S.C. § 1025(a)(l).

### F.        Count Six-Claim for Civil Money Penalty Pursuant to ERISA Section 502(a)(l)(A) Against the Superintendence and the members of the Plan's Retirement Committee

Plaintiff incorporates and re-alleges by reference paragraphs 1-121 as if fully set forth herein.

122.    ERISA section 502(a)(l)(A), 29 U.S.C. § 1132(a)(l)(A), provides that a participant may bring a civil action for the relief provided in ERISA section 502(c), 29 U.S.C. § 1132(c).

123.    ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an employer maintaining a plan who fails to meet the notice requirement of ERISA section 101(d), 29 U.S.C. § 1021(d), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure. ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as amended per 29 C.F.R section 2575.502c-3, provides that

an administrator of a defined benefit pension plan who fails to meet the notice requirement of ERISA section 101(f), 29 U.S.C. § 1021(f), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

124.   ERISA section 502(c)(3), 29 U.S.C. § 1 132(c)(3), as amended per 29 C.F.R. section 2575.502c-3, provides that an administrator of a defined benefit pension plan who fails to provide a Pension Benefit Statement at least once every three years to a participant with a nonforfeitable accrued benefit who is employed by the employer maintaining the plan at the time the statement is to be furnished as required by ERISA section 105(a), 29 U.S.C. § 1025(a), may be liable for up to $110 per day from the date of such failure.

125.   As Defendant the Superintendence and/or the members of the Retirement Committee are the plan administrators of the plan and have failed to give the notices required by ERISA section 101(d), 29 U.S.C. § 1021(d) as set forth in the preceding paragraphs, they are liable to the Plaintiffs and each plan participant in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provided, as the Court, in its discretion, may order.

126.   As Defendant Superintendence and/or the members of the Plan's Retirement Committee are the administrators of the Plan and have failed to give the notice required by ERISA section 101 (f), 29 U.S.C. § 1021 (f), and the Pension Benefit Statement required by ERISA section 105(a), 29 U.S.C. § 1025(a), as set forth in the preceding paragraphs, the Superintendence and/or the members of the Plan's Retirement Committee are liable to the Plaintiffs and each plan participant in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provided, as the Court, in its discretion, may order.

**G.     Count Six-Claim for Failure to Provide Minimum Funding Against Superintendence and/or the members of the Plan's Retirement Committee**

Plaintiff incorporates and re-alleges by reference paragraphs 1-126 as if fully set forth herein.

127.    ERISA section 302, 29 U.S.C. § 1082, establishes minimum funding standards for defined benefit plans that require employers to make minimum contributions to their plans so that each plan will have assets available to fund plan benefits if the employer maintaining the plan is unable to pay benefits out of its general assets.

128.    The Superintendence and/or the members of the Plan's Retirement Committee as administrators of the plan were responsible for procuring that each employer make the contributions that should have been made pursuant to ERISA section 302, 29 U.S.C. § 1082, at a level commensurate with that which would be required under ERISA.

Since at least 2009, the Superintendence and the participating employers have failed to make contributions in satisfaction of the minimum funding standards of ERlSA section 302, 29 U.S.C. § 1082.

By failing to procure that the participating employers make the required contributions to the Plan, either in whole or in partial satisfaction of the minimum funding requirements established by ERISA section 302, Defendants have violated ERISA section 302, 29 U.S.C. § 1082.

**H.     Count Seven (Breach of Co-fiduciary duties)**

Paragraphs 1 through 128 are re-alleged and incorporated by reference as if fully set forth herein.

129.    Defendant the Superintendence of Catholic Schools of the Archdioceses of San Juan, as plan sponsor and the fiduciary who appointed Defendants Juan Santa; Rosa Figueroa;

Ana Cortés; Marilyn Pannel and Samuel Soto; and John Doe; Richard Roe, Jane Doe; Mary Roe

to their fiduciary positions, has failed to monitor the performance of the fiduciaries of the Plan

and failed to assure that such fiduciaries perform their duties in accordance with the requirements

of ERISA. By such failures, the Superintendence has violated its fiduciary duties under section

404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105.  Defendant settlor and sponsor of the plan

is therefore jointly and severally liable for the correction of the breaches of fiduciary duty

specified in Counts Three, Four, Five, and Six hereof.

## I.    Count Eight (Breach of Duty to Disclose)

Paragraphs 1 through 129 are re-alleged and incorporated by reference as if fully set forth

herein.

130.    Several Plaintiffs and other plan participants and beneficiaries, have made

repeated demands upon defendant settlor and sponsor, trustees and plan administrators for plan

information which the Administrators of the Plan are obligated to supply, upon demand, to

participants pursuant to section 101(a) of ERISA, 29 U.S.C. 1021(a).  Defendants have not made

timely compliance with such demands for information.

131.    Some of the plaintiffs, to wit: Lourdes Veve Muñiz, Emilia Veve Muñiz, Zoraida

Ibarrondo Ortiz, Ivette Colón Vélez, María T. Larrieu de Vidal, Antonio Vidal Pizá, María I.

Fernández García, María de Lourdes Fernández García, Maritza Rosario Urrutia, Mari Carmen

Bonnín Orozco, Lilliam Rosado Ruiz, Hildelena Crespo Díaz; Elia M. Fontanet, Liza Guzmán

Colón, Elena Piñeiro Landing, Mari L. Castrillo Rosa, Carmen L. Rodríguez Rivera, Angel R.

Rivera Nazario, Olga M. Gallardo Reverón, Milagros Ortiz Cardona, Marysol Díaz Morales,

Ivette M. Martínez González, Carlos E. Vallejo Esparragoza, Cristina Casadey,  Carla C. Castro

Buitrago, Elena Morel, Zury E. Rivera De Jesús, María A. Becerra Menéndez, Jesus Ortiz

Concepción, Antonia Martínez Bodón, Edith Carrión, Verlee Pagán López, Diana Vélez Estrada, Helia García Armas, Rosario Maritza Fraticelli Sánchez, requested a copy of the Plan's most recent annual report, a current summary plan description, and a copy of the trust agreement, and other documents, as described in preceding paragraphs, but Defendants have not responded to their demand.

These Plaintiffs, through counsel, made written demand upon co-defendant, administrator, settlor and sponsor of the plan by letter dated dated April 28, 2016, hand delivered and received on May 2, 2016, demanding that Defendant comply with the request made for information, but it failed to produce the same. **See Exhibit 1.**

Such letter read, in its pertinent part as follows:

The teachers and employees that I represent understand that they are entitled to examine **past actuarial studies**, the **audited financial statements** and the **actuarial report upon which the administrators and fiduciaries of the plan relied** when they decided to terminate the plan. They are also entitled to examine copies of the **investments' portfolios** and **investments' account statements** made and received by the administrators and fiduciaries of the plan.   See ERISA § 101(k), 29 U.S.C. § 1021, and 29 CFR § 2520.101-6.

In fact, ERISA specifically grants a plan beneficiary/participant the right to require the plan administrator to provide certain specified documents by making a written request.  This right is granted by 29 U.S.C. 1024(b)(4) which provides as follows:

The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report,…trust agreement, contract, or other instruments under which the plan is established or operated.

A plan administrator's failure to provide this information within 30 days results in a cause of action in favor of the beneficiary/participant against the administrator for the recovery of a penalty of up to $110 per day for each day of noncompliance.  29 U.S.C. 1132(c)(1)(B).

According to my clients, the administrators of the plan have refused to produce the aforementioned documents.  In addition to this, the plan's administrators and trustees failed to send to most of them notices of termination of the plan, nor the fiduciaries have explained to them how they intend to distribute the plan's assets among their participants and beneficiaries.

Thus, through this letter my clients are making a formal written request to your client to produce copies not only of all the aforementioned financial and actuarial documents but also copies of the Deed of Trust, of any amendment to the deed, of the plan and all its amendments, within the next thirty (30) days.  Failure to do so will prompt the filing of a complaint before the Federal Court for the District of Puerto Rico and imposition of fines against the settlor (sponsor) of the plan.

132.    Defendants, the Superintendence of Catholic Schools of the Archdioceses of San Juan, as administrator of the plan is liable to each of the aforementioned plaintiffs in an amount up to $110 per day for each day beyond 30 days in which the administrator of the plan has not responded.

132a.   The rest of the plaintiffs not mentioned in paragraph 131 adopt by reference the written request made through the letter dated April 28, 2016, hand delivered and received on May 2, 2016, demanding to co-defendant, the Superintendence of Catholic Schools of the Archdioceses of San Juan to produce the aforementioned documents within the next thirty (30) days.  If it fails to produce these documents, the Superintendence would be liable to the rest of the plaintiffs for each day beyond 30 days in which the administrator of the plan has not responded.

132b.   All the plaintiffs demand from all the fiduciaries who are members of the Plan's Retirement Committee to produce the aforementioned documents within the next thirty (30) days.  If they fail to produce these documents, the members of the Retirement Committee would be liable to the rest of the plaintiffs for each day beyond 30 days in which they, as administrators of the plan have not responded.

133.    Defendant settlor and sponsor, the Superintendence of Catholic Schools of the Archdioceses of San Juan, is jointly and severally liable, under sections 405(a) and (b) of ERISA, 29 U.S.C. § 1105(a) and (b), with the members of the Plan's Retirement Committee for the liability referred to in paragraphs 130-132 hereof, because Defendant, as co-fiduciary and

named fiduciary, failed to make reasonable efforts to correct the breach of fiduciary responsibility.

      **J**.     **Count Nine (Claims against Insurance Companies and Bond and Surety Co.)**

Paragraphs 1 through 133 are re-alleged and incorporated by reference as if fully set forth herein.

134.   Insurance Company ABC; Insurance Co. XYZ; ACME Insurance Company**,** denominated with fictitious names because their real names are unknown, are insurance companies that issued several officers' and directors' insurance policies and/or other type of insurance policies to cover one or more of the claims made herein against the plan's settlor or sponsor and the plan's administrators and fiduciaries.  Thus, they respond to plaintiffs and to the Pension Fund for any losses suffered by them as a result of defendants' breach of their fiduciary duties and violations of ERISA.

135.   DEF Bond Company, Inc.; ABC Surety Inc**.,** denominated with fictitious names because their real names are unknown, are surety and bond company for one or more of the defendants, who issued a bond for the benefit of one or more of the defendants.  Under 29 U.S.C. § 1112(a), ERISA fiduciaries and fund handlers must, with some exceptions, be bonded:

      (a)     Requisite bonding of plan officials. Every fiduciary of an employee benefit plan and every person who handles funds or other property of such a plan (hereafter in this section referred to as a "plan official") shall be bonded as provided in this section;....

Such bond shall provide protection to the plan against loss by reason of acts of fraud or dishonesty on the part of the plan official, directly or through connivance with others.

Thus, the defendant bond and surety companies respond to the plan by reason of the acts of dishonesty on the part of the plan officials described in the preceding paragraphs.

**J.      Count Ten (Removal of Administrator and Fiduciaries)**

Paragraphs 1 through 135 are re-alleged and incorporated by reference as if fully set forth herein.

136.      The Defendants, the Superintendence of Catholic Schools of the Archdioceses of San Juan; Juan Santa; Rosa Figueroa; Ana Cortes; Marilyn Pannel and Samuel Soto; and John Doe; Richard Roe, Jane Doe; Mary Roe have shown themselves, by the conduct identified herein, to be unwilling or unable, and incompetent, to perform the fiduciary duties required of Fiduciaries and of a Plan Administrator under ERISA. Section 409(a) of ERISA, 29 U.S.C. § 1109(a), authorizes "removal" of a fiduciary in such circumstances. Defendants Juan Santa; Rosa Figueroa; Ana Cortes; Marilyn Pannel and Samuel Soto; and John Doe; Richard Roe, Jane Doe; Mary Roe should be removed from all fiduciary positions under the Plan, and an appropriate independent financial institution or professional plan administrator, or both, should be appointed by the Court in their stead.

**K.      Count Eleven (Attorneys' Fees, costs and prejudgment interest)**

Paragraphs 1 through 136 are re-alleged and incorporated by reference as if fully set forth herein.

137.      The Plaintiffs' conduct of this action is in the interests of all the participants in the Plan, and the relief granted hereunder will benefit all such participants.

138.      Plaintiffs are entitled to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1) and prejudgment interests, pursuant to Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

**Prayer for Relief (All Counts)**

**WHEREFORE**, plaintiffs respectfully to this Honorable Court that it enter judgment:

a.      Declaring that the Catholic Schools of the Archdioceses of San Juan Pension Plan is an employee benefit plans within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2), is a defined benefit pension plans within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and is not a Church Plan within the definition of section 3(33) of ERISA, 29 U.S.C. § 1002(33).

b.      Ordering the Superintendence to reform the Plan to bring it into compliance with ERISA and to have the Plan comply with ERISA including as follows:

1.      Revising Plan documents to reflect that the Plan is a defined benefit plan regulated by ERISA.

2.      Requiring the Superintendence and the Plan's Retirement Committee to procure the funding of the Plan in accordance with ERISA's funding requirements, disclose required information to plaintiffs and plan participants and beneficiaries, and otherwise comply with all other reporting, vesting,  and funding requirements  of Parts  1, 2  and  3 of ERISA,  29 U.S.C. § § 1021-31, 1051-61, 1081-85.

3.      Reforming the Plan to comply with ERISA's vesting and accrual requirements and providing benefits in the form of a qualified joint and survivor annuity.

4.      Requiring the Superintendence and/or the Plan's Retirement Committee to comply with ERISA reporting and disclosure requirements, including  by  filing Form 5500 reports, distributing ERISA-compliant Summary Plan Descriptions, Summary Annual Reports and Participant  Benefit  Statements, and providing Notice  of the Plan's funding  status and deficiencies.

5.      Requiring the defendant fiduciaries and administrators of the Plan, to make the Plan whole for any losses and disgorge any Plans profits accumulated as a result of fiduciary breaches.

6.      Appointing an Independent Fiduciary to hold the Plan's assets in trust, to manage and administer the Plan and its assets, and to enforce the terms of ERISA.

7.      Requiring the Superintendence and/or the members of the Plan's Retirement Committee to pay a civil money penalty of up to $110 per day to plaintiffs for each day it failed to inform Plaintiffs and each plan participant and beneficiary of its failure to properly fund the Plan.

8.      Requiring the Superintendence and/or the members of the Plan's Retirement Committee to pay a civil money penalty of up to $110 per day to Plaintiffs for each day it failed to provide Plaintiffs and each plan participant and beneficiary with a Funding Notice.

9.      Requiring the Superintendence and/or the Plan's Retirement Committee to pay a civil money penalty of up to $110 per day to Plaintiffs for each day it failed to provide a benefit statement under ERISA section 105(a)(l)(B), 29 U.S.C. § 1025(a)(l)(B).

10.      Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA, with respect to the Plan.

11.      Declaring with respect to Count I, that the Church Plan exemption, as claimed by the Superintendence, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

12.     Declaring, adjudging and decreeing that the Defendant Plan is obliged to pay each of the Plaintiffs the benefits accrued by them and vested as of the Plan's termination date without cutback, amounts currently owed to them, pursuant to ERISA and the Pension Plan.

c.     Order a full accounting of the Plan, including, inter alia, an accounting of the losses sustained by the Plan in consequence of the breaches of fiduciary duty alleged herein;

d.     Order that Defendants make restitution to the Plan in the amount of any losses sustained by the Plan in consequence of the grossly negligent and/or wrongful conduct alleged herein, together with prejudgment interest;

e.     Order that the Defendants make full disclosure to the Plaintiffs as to all plan information previously requested by some of the Plaintiffs and now requested by all plaintiffs;

f.     Order that Defendants, the Superintendence of Catholic Schools of the Archdioceses of San Juan and the members of the Plan's Retirement Committee to pay to each of the Plaintiffs the sums herein requested, for their breach of their duty to disclose and notify.

g.     Award to Plaintiffs attorneys' fees and expenses as provided by the common fund doctrine, ERISA section 502(g), 29 U.S.C. § l 132(g) and/or other applicable doctrine.

h.     Award to Plaintiffs taxable costs pursuant to ERISA section 502(g), 29 U.S.C.  § 1132(g), 28 U.S.C.  § 1920, and other applicable law.

i.     Award to Plaintiffs pre-judgment interest on any amounts awarded pursuant to law.

j.     Award such other, further and different relief as may be just and proper.

**Plaintiffs demand a *de novo* review from this Honorable Court for all their claims.**

**RESPECTFULLY SUBMITTED.**

In accordance with Section 502(h) of ERISA (29 U.S.C. §1132(h)), service of this complaint has been served today upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

In San Juan, Puerto Rico, this 3rd day of February, 2016.

| | |
|---|---|
| **CARLOS F. LOPEZ LAW OFFICE** | **AMUNDARAY, VILLARES** |
| P.O. Box 8852 | **& ASSOCIATES, PSC** |
| San Juan, P.R. 00910-0852 | P.O. Box 9023980 |
| Tel. 787-273-0611 | San Juan, PR00902-3980 |
| Fax 787-273-1540 | Tel. (787) 273-0611 |
| E-Mail: charlielopez@gmail.com | Fax (787) 273-1540 |
| | E-Mail: fjamundaray@aol.com |
| | fjamundaray@me.com |

**s/ CARLOS F. LÓPEZ**            **s/FRANCISCO J. AMUNDARAY**
**USDC-PR-126514**               **USDC-PR-208706**