# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVETTE M. MARTINEZ GONZALEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CATHOLIC SCHOOLS OF THE ARCHIDIOCESES OF SAN JUAN PENSION PLAN, ET AL., <br><br> Defendants. | CIVIL NO. 16–2077 (GAG-BJM) |

### MOTION TO STRIKE PLAINTIFFS' MOTION TO COMPEL

To The Honorable Court:

Defendants, Catholic Schools of the Archdioceses of San Juan Pension Plan and the Superintendence of Catholic Schools of the Archdioceses of San Juan respectfully move, under Local Rule 7(d), to strike the plaintiffs' motion to compel (ECF No. 123), which was impermissibly filed without this Honorable Court's leave.

### ARGUMENT

"Rules are rules—and the parties must play by them," wrote Judge Bruce M. Selya over a quarter-century ago in *Méndez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990). And that powerful principle of course applies to local rules. *See, e.g., Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) ("Because a district court's local rules have the force of law, the State of Texas—like all lawyers and litigants—is duty

bound to comply with them") (internal citations and quotation marks omitted) (quoting, *e.g.,*, *In re Jarvis*, 53 F.3d 416, 422 (1st Cir.1995)).

Local Rule 7(d) commands, in pertinent part, "*Except by prior leave of Court* [,] . . . [n]on-dispositive motions and memoranda or oppositions to those motions shall not exceed fifteen (15) pages in length." (Emphasis added); *see Brown v. Colegio De Abogados De Puerto Rico*, 826 F. Supp. 2d 406, 419 (D.P.R. 2011) (construing Local Rule 7(d) and noting that it "provides the page limits for all motions filed with the Court and clarifies that a motion which exceeds the page limit cannot be filed without leave of Court"). "The page limit is designed," Judge Frank Easterbrook once remarked, "as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. S. Bend Cmty. Sch. Corp.*, 797 F.2d 471, 480 (7th Cir. 1986); *accord, e.g.*, *First Fed. Fin. Corp. v. Carrión-Concepción*, 87 F. Supp. 3d 332, 335 (D.P.R. 2015).

Here, however, the plaintiffs' motion to compel contains over 21 pages. It, thus, violates the 15-page limit applicable to such non-dispositive motions.

To make matters worse, the plaintiffs "never sought, and therefore the Court never granted, leave to exceed the page limit." *Brown*, 826 F. Supp. 2d at 419; *Standard Oil Co. (Puerto Rico) v. Rodríguez Pérez*, No. 01-2012, 2005 WL 114080, at *11 (D.P.R. Jan.

20, 2005). The plaintiffs' motion to compel, then, should be "**STRICKEN FROM THE RECORD** for failing to comply with Local Rule 7(d)." *Brown*, 826 F. Supp. 2d at 419 (typeface in original); *see also Rivera Sanchez v. Autoridad de Energia Electrica*, 360 F. Supp. 2d 302, 308 (D.P.R. 2005) ("str[iking] from the record . . Opposition . . . because it exceeded the page limit . . . .") (internal citation omitted). In short, an order striking the noncompliant motion is in order.

## CONCLUSION

For the reasons stated, this Court should strike the plaintiffs' defective motion to compel.

Dated: August 21, 2017                              Respectfully submitted,

**SBGB LLC**
*Attorneys for Catholic Schools of the Archdioceses of San Juan Pension Plan and the Superintendence of Catholic Schools of the Archdioceses of San Juan*

33 Calle Resolución
Suite 202 | Corporate Center
San Juan, PR 00920
Tel. (787) 487-6006


/s/ **Jaime L. Sanabria Montañez**
USDC-PR 225307
jsanabria@sbgblaw.com

## CERTIFICATE OF SERVICE

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By**: /s/ Jaime L. Sanabria Montañez**