IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVETTE M. MARTÍNEZ GONZÁLEZ, ET ALS.,<br><br>**Plaintiffs**<br><br>v.<br><br>**CATHOLIC SCHOOLS OF THE ARCHDIOCESES OF SAN JUAN THE PROVISIONS OF PENSIONS PLAN, et als.**<br><br>**Defendants** | CIVIL No. 16-2077 (GAG) |

### MOTION FOR THE ISSUANCE OF REPORT AND RECOMMENDATION AND REQUESTING TIME TO FILE RESPONSE TO "MOTION TO RENEW MOTION TO COMPEL…"

**TO THE HONORABLE COURT:**

**COMES NOW** the Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan without submitting to the jurisdiction of the Court and without waiving any affirmative defenses, including defective and insufficient service of process, through counsel, respectfully **STATES, ALLEGES** and **PRAYS** as follows:

1. The present case squarely presents a jurisdictional issue of law as to whether the Trust of the Catholic Schools of the Archdiocese of San Juan Pension Plan is exempt from the Employee Retirement Income Security Act of 1975 (" ERISA"), 29 U.S.C. sec. 1001, et seq.

2. On June 13, 2016, plaintiffs filed the Complaint in the case at bar (Docket No. 1.)

3. On June 21, 2016, plaintiffs filed a First Amended Complaint. (Docket No. 9).

Case 3: 16-cv-02077-GAG
Motion In Opposition To Motion To Compel Discovery
Page 2 of 12

4. On July 20, 2016, Defendants filed a Motion to Dismiss alleging that the Pension Plan is a church plan under ERISA. (Docket No. 27)  On the motion defendants established as one of principal allegations that: ERISA exempts from its application those pension plans that are "church plans". Section 33 (A) of ERISA defines the term "church plan" in the following manner: "church plan' means a plan established and maintained (to the extent required in clause (I) of subparagraph (B)) for its employees or beneficiaries) by a church or a convention or association of churches which is exempt from tax under section 501 of title 26." 29 U.S.C. sec 1002.

Also, the statute identifies what is not incorporated in a church plan:

(B) The term "church plan" does not include a plan --

(i)   Which is established and maintained primarily for the benefit of employees (or their beneficiaries) of such church or convention or association of churches who are employed in connection with one or more unrelated trades or businesses (within the meaning of section 513 of title 26) or

(ii)  if less than substantially all of the individuals included in the plan are individuals described in subparagraph (A) or in clause (ii) of subparagraph (C) (or their beneficiaries).

29 U.S.C. sec. 1002.

Finally, section 33 c reads as follows:

(C) For purposes of this paragraph --

    (i)  A plan established and maintained for its employees (or their beneficiaries) by a church or a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration of funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

    (ii)  The term employee of a church or a convention or association of churches includes –

    (I)  a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry, regardless of the source of his compensation;

    (II)  an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of title 26 and which is controlled by or associated with a church or a convention or association of churches; and

    ….

    (iii) A church or a convention or association of churches which is exempt from tax under section 501 of title 26 shall be deemed the employee of any individual included as an employee under clause (ii).

    5.  Defendants included certain uncontroverted documents with the mentioned first motion to dismiss as follows: Exhibit 1 letter dated May 29, 2016 issued by the Internal revenue Service, Exhibit 2 Pastoral Letter, Exhibit 3 Official catholic Directory of 2016, Exhibit 4 Plan Document, Exhibit 5, letter issued by the Internal Revenue Service

to the Hospital la Concepcion, Exhibit 6, letters from the Pension Benefit Guarantee Corporation, Exhibit 7, Trust Deed.

6. On July 21, 2016, the Court ordered Plaintiffs to show cause as to why the pension plan was not a church plan under ERISA. (Docket No. 33).

7. On that same date, July 21, 2016, plaintiffs filed a Motion Requesting leave to file a second amended complaint. (Docket No. 34). The court denied plaintiffs' leave and held that plaintiffs could amend their complaint solely to add plaintiffs or defendants after the court ruled on the Motion to Dismiss. (Docket No. 35 & 55).

8. The case was referred to the Magistrate Judge Hon. Bruce Mac Giverin who issued a Report and Recommendation on January 9 2017, denying the Motion to Dismiss because there was a controversy of whether the Superintendence of Catholic Schools of the Archdiocese of San Juan is a church affiliated organization.

9. The Court understood that there was a controversy as to whether a church affiliated organization could establish a church plan. The District Court summarized the controversy in the following manner:

> In this case, the Superintendence contends that the Plan is an ERISA-exempt church plan … Martínez contends that the Plan is not exempt because, while the Plan is maintained by church-affiliated organization (i.e. the Superintendence), the Plan was not established by a church (i.e. the Catholic Church.") See Docket No. 77, p. 9. (Emphasis added).

10. This analysis was based on the rulings of the Ninth, Third and Seventh Circuits in Advocate Health Care Network v. Stapleton, 817 F.3d 519 (7th Cir. 2016); Saint Peter's Healthcare Sys. v. Kaplan, 810 F.3d 175 (3rd Cir. 2015) and Rollins v. Dignity Health 830 F.3d 900 (9th Cir. 2016). See Docket No. 77, p. 11. After analyzing the importance of catholic schools in the structure of the Roman Catholic Church, the Court noted that:

> … even taking as true that the Superintendence and the schools it oversees are 'integral' to the 'mission and purpose' of the Catholic Church, this circumstance does not absolve the Plan from the statutory requirement that it be established by a church rather than a church – affiliated organization in order to qualify for ERISA's church plan exemption." See Docket No. 77, p. 19-20.

11. The Honorable Judge adopted the mentioned Report and Recommendation on January 27, 2017 (Docket 82).

12. The cases of Stapleton, Saint Peter's and Rollins were consolidated on appeal in the Supreme Court while the Court issued the Report and Recommendation denying the Motion to Dismiss. On February 9, 2017, this Honorable District Court noted that the Supreme Court's ruling may, perhaps, end or limit the controversy at issue in this case. (See Docket No. 91).

13. The Supreme Court overruled Stapleton, Saint Peter's and Rollins. On June 5, 2017, the Supreme Court of the United States issued a unanimous opinion in the case of Advocate Health Network v. Stapleton, 581 U.S. --- (2017). The Court held that

a church plan under ERISA may be established by a church affiliated organization.

    14. On the first paragraph of their decision the Supreme Court establishes that:

"The Employee Retirement Income Security Act of 1974 (ERISA) exempts "church plan[s]" from its otherwise–comprehensive regulation of employee benefit plans. 88 Stat. 840, as amended, 29 U.S.C. §1003 (b)(2). Under the statute, certain plans for the employees of churches or church-affiliated nonprofits count as "church plans" even though not actually administered by a church. See §1002(33) (C)(i). The question presented here is whether a church must have originally *established* such a plan for it to so qualify. <u>ERISA, we hold, does not impose that requirement</u>." (Emphasis Added).

    15. On February 7, 2017, the Plaintiffs requested leave to file a Second Amended Complaint. (Docket No. 89) Plaintiffs stated that pursuant to the ruling of the Court of January 27, 2017 (Docket No. 84), "plaintiffs hereby renew their request for leave to amend their pleadings to include plaintiffs with identical claims to those brought by the original plaintiffs." (Docket No. 89, p.1-2).

    16. On February 9 2017, Plaintiffs filed a Second Amended Complaint. (Docket 114).

    17. After this Honorable Court adopted the Report and Recommendation, the parties met, established a discovery plan, authenticated several documents and filed an Initial Scheduling Conference Memorandum on March 24, 2017. (Docket No. 105). An Initial Scheduling Conference was held on March 30, 2017 and the Court approved the discovery plan presented by the parties. (Docket No. 113). During the Conference, the

Case 3: 16-cv-02077-GAG
Motion In Opposition To Motion To Compel Discovery
Page 7 of 12

Court clearly reiterated that the discovery was limited to the threshold issue of whether the Superintendence was a church affiliated organization and the names of the companies that allegedly managed the plan's assets.

18. On July 18, 2017, Defendants field a second Motion to Dismiss (Docket 117) requesting the dismissal of the present case by reason of lack of subject matter jurisdiction because Plaintiff's main argument was that the Superintendence of Catholic Schools was a church affiliated organization but not church itself (Docket 77, p. 9). In said Motion to Dismiss, defendants argued that the Pension Plan of the Superintendence of Catholic Schools of the Archdiocese of San Juan is a church plan under ERISA. In <u>Advocate Health Care Network et al v Stapleton et al</u>, the Supreme Court clearly held that employees of church affiliated organizations are considered "employees of a church" under ERISA and that a church plan may be established by a church affiliated organization. Accordingly, the Court should dismiss the federal claims with prejudice.

19. Defendants included certain uncontroverted documents with the mentioned second motion to dismiss as follows: Exhibit 1, Letter Issued by the Internal revenue Service, Exhibit 2 Pastoral Letter, Exhibit 3 Official Catholic Directory of 2016, Exhibit 4, Plan Document, Exhibit 5, Letter issued by the department of Labor, Office

Case 3: 16-cv-02077-GAG
Motion In Opposition To Motion To Compel Discovery
Page 8 of 12

Pension and Welfare program, Exhibit 6 User's Guide to the Official Catholic Directory and Exhibit 7, Letter from attorney Pedro Busó addressed to attorney Amundaray.

20. On July 19 2017, the Court issued an Order in which the Judge stated unequivocally that the court will promptly rule on the Motion to Dismiss. (Docket 119).

21. On July 31, 2017, Plaintiffs filed a Motion to Compel Discovery and Request for Extension of Time to File Response in Opposition to Motion to Dismiss. (Docket 123).

22. On October 10, 2017, the Magistrate Judge denied without prejudice said motion to compel discovery and **denied the request for an extension of time to file response to the motion to dismiss.** (Docket 149)

23. Plaintiffs' allegation is that the Pension Plan is not a church plan because it was established by the Superintendence and the Superintendence is a church affiliated organization. Magistrate McGiverin identified paragraphs 47, 49 & 50 of the Amended Complaint as the basis for plaintiffs' alleged claims under the Employee Retirement Income Security Act (hereinafter "ERISA"). (Docket No. 77, p. 9, fn 6). A review of Plaintiffs' allegations in the Complaint, the First Amended Complaint, the Opposition to Motion to Dismiss, the Reply to Reply to Opposition to Motion to Dismiss and the Initial Scheduling Conference, shows Plaintiffs' allegation and how it was construed or delimited by the Court in the denial of the Motion to Dismiss. Since the

Supreme Court held that a church plan can be established by a church affiliated organization, we understand that discovery is not warranted in relation to whether the Superintendence is a church affiliated organization or not and in consequence the requested evidence by plaintiffs it is not pertinent and not strictly necessary to resolve the arguments included on the Motion to Dismiss. Thus, the dispositive motion as to the jurisdictional issue filed by defendants is properly submitted for resolution by this Honorable Court.

24. On December 6, 2017, Plaintiffs filed a second Motion to Compel Discovery and Extension of Time to file Opposition to Motion to Dismiss. On the mentioned motion plaintiffs incorrectly alleged that defendants are obstructing the discovery process.

25. However, Plaintiffs fail to mention that the defendants are attempting to resolve any discovery disputes.  Specifically on December 1, 2017, in response to plaintiffs legal counsel communication, defendants invite plaintiffs to sustain a meeting on December 7, 2017 to discuss any pendent discovery matters as to the jurisdictional issues. <u>The mentioned email was never responded</u>. (See Exhibit 1, emails dated December 1st 2017, and December 5, 2017, addressed to attorney Carlos F López).

26. Also, plaintiffs disregard to make reference to a second communication in which legal counsel for defendants postponed to December 12th 2017, the invitation to

meet. <u>Also, the referred email was never responded</u>. (See Exhibit 1, emails dated December 1st 2017, and December 5, 2017, addressed to attorney Carlos F López).

27. On December 6, 2017, attorney Jaime Luis Sanabria sent an email addressed to plaintiffs legal counsel inviting him to conduct a meeting on December 18th 2017, in order to discuss any procedural dispute. (See Exhibit 2, email dated December 6, 2017, addressed to attorney Carlos F López). [1]

28. On that same date, December 6, 2017, plaintiffs filed a Motion to Renew Motion to Compel. (Docket 157).

29. On December 8 2017, attorneys Carlos Lopez sent an email to defendants legal counsels rejecting the invitation to meet. (See Exhibit 3, Email dated December 8 2017 addressed to defendants legal counsels).

30. Pursuant to the above mentioned communications, it is an obligatory conclusion that the motion to compel discovery filed by plaintiffs failed to comply with Local Rule 26 requirements regarding to the reasonable efforts to reach agreements with the opposing party on the matters set forth in the motion. Thus, this Honorable Court should not consider plaintiffs' motion to compel.

31. A thorough analysis of the factual and procedural situation of the instant case shows that the motion to dismiss filed by defendants is properly submitted by

---

[1] Exhibit 3 it is being submitted in the Spanish language subject to subsequent translation.

resolution and any allegation from defendants regarding the discovery process should not be considered due to being impertinent to the question of law submitted before this Honorable Court and already decided by the Supreme Court. Also, any request for additional time from defendants should be rejected and considered out of time.

33. Finally the motion to compel should not be considered for plaintiff failure to meet the requirement of Local Rule 26.

**WHEREFORE**, it is respectfully requested that this Honorable Court issue a Report and Recommendation granting defendants Motion to Dismiss for Lack of subject-matter jurisdiction and to grant 14 days up to and including Friday December 22nd 2017, within which to file a response to Plaintiffs' Motion to Renew Motion to Compel…".

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8 day of December, 2017.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Case 3: 16-cv-02077-GAG
Motion In Opposition To Motion To Compel Discovery
Page 12 of 12

**FRANK ZORRILLA LAW OFFICE**
Attorney for Defendant:
Trust of the Catholic Schools of the
Archdioceses of the San Juan Pension Plan
PO Box 191783
San Juan, Puerto Rico 00919-1783
Telephone: (787) 250-1510


s/Frank Zorrilla Maldonado
Frank Zorrilla Maldonado
USDC PR No. 204107
fzorrilla@fzmlaw.com


s/JESÚS R. RABELL MÉNDEZ
USDC-PR No. 126701
RABELL MÉNDEZ, C.S.P.
P.O. Box 195580
San Juan, P.R. 00919-5580
Phone: (787) 764-1212
Email: jesusrabell@gmail.com