**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**IVETTE M. MARTÍNEZ GONZÁLEZ, et als.**

Plaintiffs

v.

**CATHOLIC SCHOOLS OF THE ARCHDIOCESES OF SAN JUAN PENSION PLAN, et als.**

Defendants

**CIVIL NO. 16-2077**

CIVIL ACTION UNDER THE PROVISIONS OF E.R.I.S.A.; PRELIMINARY AND PERMANENT INJUNCTION; TEMPORARY RESTRAINING ORDER

**REPLY TO MOTION FOR THE ISSUANCE OF A REPORT AND RECOMMENDATION AND REQUESTING TIME TO FILE RESPONSE TO "MOTION TO RENEW MOTION TO COMPEL**

**TO THE HONORABLE COURT**:

**COME NOW**, the plaintiffs, through their undersigned attorneys and respectfully state and pray:

1. On December 6, 2017, plaintiffs filed a "Motion to Renew Motion to Compel Discovery and Request for Request for Extension of Time to file Response in Opposition to Motion to Dismiss." (Docket No. 157).

2. On December 8, 2017, co-defendant, the Trust of the Catholic Schools of the Archdioceses of San Juan Pension Plan, filed a "Motion for the Issuance of a Report and Recommendation and Requesting Time to File Response to Motion to Renew Motion to Compel." (**See Docket No. 157**)

3. Basically, defendant argues that this Honorable Court should not consider plaintiffs' Motion, allegedly because they failed to comply with Rule 26 of the Federal Rules of

Civil Procedure. It contends that on December 1 and 7, it invited plaintiffs to a Rule 26 meeting to confer about their discovery disputes, to no avail. Defendant once again alleged that this Honorable Court lacks subject matter jurisdiction to entertain this action, under the E.R.I.S.A., 29 U.S.C. §1001 et seq. and consequently, this Honorable Magistrate should enter a Report and Recommendation for the dismissal of the instant case; inasmuch as no discovery is necessary to respond to its dispositive motion.

First and foremost, plaintiffs would like to bring to this Honorable Court's attention that on April 20, 2017, plaintiffs served a First Set of Interrogatories, Request for Production of Documents and Request for Admissions to all Defendants in the instant case. **(See Docket No. 123-1).**

On May 31, 2017, defendants tendered their Answers to these discovery requests. (**See Docket 123-2).**

On June 22, 2017, plaintiffs served a Rule 26 letter to defendants, to object several responses to plaintiffs' requests. (**See Docket 123-3).**

On July 18, 2017, the subscribing attorneys held a Local Rule 26 meeting with defendants' counsel to make a reasonable and good faith effort to reach an agreement with opposing counsel as to plaintiffs' objections to defendants' answers to their discovery requests. The parties reached an agreement on some of plaintiffs' objections. However, the parties were unable to reach an agreement as to several answers purported by defendants.

Thus, on July 31, 2017, plaintiffs filed a Motion to Compel Discovery and Request for Extension of Time to Respond to Defendants' Second Motion to Dismiss (**Docket No. 123**).

After the filing of this Motion, plaintiffs and co-defendants, Catholic Schools of the Archdioceses of San Juan Pension Plan and the Superintendence of Catholic Schools of the

Archdioceses of San Juan filed a "Joint Informative Motion Regarding Upcoming Meet-and-Confer Meeting." (**Docket No. 140**). Through this Motion, the parties informed the Court that they were to hold a meeting on August 28, 2017, to confer in good faith about a potential out of court solution to plaintiff's motion to compel.

The rest of the defendants did not respond to plaintiffs' Motion to Compel nor did they attend to the aforementioned meeting. Pursuant to Local Rule 7(b), "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, ... the opposing party shall be deemed to have waived objection." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 7(b). The defendants that failed to file an opposition, waived any objection to plaintiffs' Motion to Compel. That includes the aforementioned Trust.

During the second meeting, the parties reached several agreements regarding plaintiffs' objections to defendant's responses to their discovery requests. These agreements were memorialized in an E-Mail sent by the aforementioned defendants on August 30, 2017. **(Docket No.157-1)**

As this E-Mail clearly reflects, the parties agreed that defendants would adequately respond to plaintiffs' discovery requests in not more than three weeks.

In light of the filing of the Joint Motion (**Docket No. 140**), on October 10, 2017, this Honorable Court entered an Order denying, without prejudice plaintiffs' Motion to Compel Discovery (**Docket No. 149**). In said order the Court acknowledged that the parties were attempting to resolve their discovery disputes, without the court's intervention. However, the Court held that the parties may file a Motion as to any unresolved matters.

Several months went by, but defendants failed to comply with the agreements reached by the parties on August 28, 2017, as memorialized in **Docket No. 157-1.**

Thus, on December 1, 2017, plaintiffs sent an E-Mail to all defendants to once again request appropriate responses to their discovery requests; in strict compliance with the agreements reached by the parties since August 28, 2017; on or before December 4, 2017. They also admonished defendants that failure to do so would result in the renewal of their Motion to Compel. **(See Docket No. 157-2).**

As the record clearly reflects, plaintiffs complied with the provisions of Rule 26 of the Fed.R.Civ.P., when they held two (2) meetings with defendants as good faith efforts to solve their discovery disputes. Neither Local Rule 26 nor Rule 26 of the Fed.R.Civ.P. provide that a party has to hold numerous meetings to try to solve a discovery dispute with an opposing party. Defendant's position is simply unavailing.

On the other hand, plaintiffs would like to bring to this Honorable Court's attention that all the defendants moved this Honorable Court to dismiss the case of *Norma I. Cardoza Estremera, et als. v. Colegio Padre Berrios, et als*., Civil No. 16-2318 (ADC), which was consolidated with the above captioned case. In the case of *Cardoza Estremera*, supra., defendants argued that in light of the Opinion entered by the Supreme Court of the United States in the case of *Advocate Health Care Network v. Stapleton*, 137 S.Ct. 1652 (June 5, 2017), the Court shall dismiss the case, for lack of subject matter jurisdiction (**See Docket 54 of Civil No. 16-2318**, **Exhibit 1 of the instant motion**). In that Motion, defendants basically raised the same arguments proposed by them in the Second Motion to Dismiss filed in the instant case.

On July 20, 2017, the Honorable Chief Judge, Aida M. Delgado Colón entered an Opinion and Order denying defendants' Motion to Dismiss (**See Docket No. 62 of Civil No. 16-2318, Exhibit 2 of the instant motion**). Plaintiffs understand that such ruling is controlling and should easily dispose of defendants' Second Motion to Dismiss. As of today, this ruling constitutes the

law of the case in the instant action. Defendants are simply trying to re-litigate the same issues that were ruled against them, all over again. This is simply impermissible. Defendants cannot have two bites at the apple. "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) (dictum). This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984) (hereinafter Moore's). See *Christianson v. Colt Industries Operating Corp*, 486 U.S. 800, 816 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988).

[T]he law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.) (citations omitted). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Arizona v. California*, supra, 460 U.S., at 618, n. 8, 103 S.Ct., at 1391, n. 8 (citation omitted). *Christianson*, supra. at 817.

It is important to mention that the same attorneys that represented the defendants in the case of *Cardoza-Estremera*, supra., also represent the same defendants in the instant action. Thus, defendants' rehash and insistence on the same arguments that have been rejected by this Honorable Court, to request the dismissal of the instant action, is not only inexplicable but constitutes a contumacious and egregious behavior, that should not be tolerated by the Court. Plaintiffs

understand that, as officers of the Court, defendants should have alerted Judge Gelpí and Magistrate Judge McGiverin about Judge Delgado's ruling, upon the consolidation of *Cardoza-Estremera*'s case with the instant action, to prevent the waste of this Honorable Court's precious time and resources.

In the instant case defendants have not demonstrated that there are extraordinary circumstances to move this Honorable Court to revisit its prior ruling (either because it was clearly erroneous and/or would work a manifest injustice). To the contrary, the record reflects that there is congruence between several rulings made in both consolidated cases. Plaintiffs explain.

Both, this Honorable Magistrate Judge as well Honorable Judge Aida Delgado, have emphasized that plaintiffs incorrectly alleged that this Honorable Court lacks subject matter jurisdiction to entertain this case. Both indicate, in a nutshell, that defendants "confounds jurisdictional with merits-based issues." Both aptly explain the difference. **See Docket No. 77, pages 5-7.** In her Opinion and Order, Judge Delgado indicates the following:

> Defendants argue that the Court lacks "subject matter jurisdiction" because plaintiffs' pension plan "is a 'church plan' under ERISA and is exempt from said statute." ECF No. 17, at 3 (boldface omitted). Defendants seem to think that this exemption-based argument contests plaintiffs' standing to sue, see id. at 4, but it does not challenge their standing, nor the Court's subject-matter jurisdiction more broadly, but only whether plaintiffs have stated a claim under ERISA. In other words, the argument concerns the non-jurisdictional matter of whether, on the merits, plaintiffs can hold defendants liable under ERISA for their alleged mismanagement of the plan. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) ("to ask what conduct [a statute] reaches is to ask what conduct [it] prohibits, which is a merits question."); see also *AngioDynamics, Inc.,* 823 F.3d at 6 ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief – a merits-related determination.") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006)). "Subject-matter jurisdiction, by contrast, 'refers to a tribunal's power to hear a case.'" *Morrison*, 561 U.S. at 254 (some internal quotation marks omitted) (quoting *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 558 U.S. 67, 81 (2009)). **And, the Court finds that it clearly has jurisdiction to adjudicate plaintiffs' federal-law claims** and related local-law claims. See 28 U.S.C. §§ 1331, 1367(a).

**See Docket No. 62 of Civil No. 16-2318, Exhibit 2 of the instant motion**, **page 3**

Both, Judge Gelpy and Judge Delgado also underscore that the ruling that the Court has to make regarding the applicability or not of the church plan exemption raised by defendants is "an issue of law and it may also be fact intensive and the parties may have to create a record." (**See Docket No. 59**). As Judge Delgado indicates, this "threshold issue may prove to be determinative and, thus, advises the parties to move for summary judgment on the issue expeditiously, after a period of focused discovery." (**See Docket No. 62 of Civil No. 16-2318, Exhibit 2 of the instant motion, page 5.** It is critical to mention that Judge Delgado's suggestion came in spite of the Supreme Court's ruling on *Advocate Health Care Network*, supra. In other words, the Court held that such ruling is not necessarily dispositive, and that the parties must conduct discovery on the threshold issue. Despite Judge Delgado's ruling, defendants still contend in their Motion that such discovery is unnecessary. Their position is simply untenable.

More importantly, both judges ruled that a document that defendants present in support of their Motion to Dismiss is not only inadmissible but also insufficient to prove that substantially most of the schools that sponsor the plan are tax exempt organizations under 26 U.S.C. § 501(c)(3). (**See Docket No. 77, pages 15-17 and Docket No. 62 of *Cardoza-Estremera*, supra., Civil No. 16-2318, footnote 3**). As this Honorable Court knows, this is one of the requirements that defendants have to meet to prove that the pension plan subject of this case is a church plan. Plaintiffs alleged, at paragraphs 57 and 58 of their Second Amended Complaint, the following:

> 57. The fact that a "plan" is sponsored by a "church" does not necessarily means that the plan may safely be called a "church plan," as defined in Section 3(33) of E.R.I.S.A., 29 U.S.C. §1002(33)(A). Even the basic definition of a "church plan" which is set forth in Section 3(33)(A) of E.R.I.S.A. extends the complexity of the analysis beyond simply finding a "church" and looking for a "plan." Section 3(33)(A) imposes the additional requirements that the sponsor of a plan must be a "church" or association of churches" exempt from taxation under

Section 501 of the Code and the plan be maintained (within certain limits) for the benefit of the church's employees.

ERISA provides that a person is an "employee of a church or a convention or association of churches" if the person is "an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of [the Internal Revenue Code] and which is controlled by or associated with a church or a convention or association of churches." 29 U.S.C. § 1002(33)(C)(ii). In the instant case most, if not all of the participating employers failed to request exemption from taxation under Section 501 of the Internal Revenue Code. Thus, ERISA's church exemption is inapplicable under this setting.

58. Section 3(33)(B) of ERISA, 29 U.S.C. §1002 (33)(B) provides that the term "church plan" does not include a plan if **less than substantially all** of the individuals included in the plan are individuals employed by the church itself or are duly ordained, commissioned, or licensed ministers of a church in the exercise of their ministry, regardless of the source of their compensation, or employees of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of title 26 and which is controlled by or associated with a church or a convention or association of churches. In the case at bar, **most if not all of the plan participants are** employed by corporations or institutions that are not exempt from tax under section 501 of title 26. **See Docket No. 85-1, pages 37-38.**

The plaintiffs in *Cardoza-Estremera*, supra. made a similar allegation. (**See Docket No. 1 of *Cardoza-Estremera*, supra., Civil No. 16-2318**).

Chief Judge, Aida Delgado, clearly explains why the aforementioned document is inadmissible, indicating the following:

For example, defendants try to show that plaintiffs' schools—Colegio Padre Berrios, and Academia San José—are exempt from tax under 26 U.S.C. § 501(c)(3) by means of a letter, dated May 27, 2016, which purports to be from the Director of Exempt Organizations, Rulings and Agreements, at the Internal Revenue Service in Cincinnati, Ohio. See ECF No. 17-1. According to the letter, which is not self-authenticating, see Fed. R. Evid. 902, the United States Conference of Catholic Bishops has a group tax exemption under Section 501(c)(3) that extends to subordinate non-profit organizations operated by the Roman Catholic Church in the United States when the organization is not a private foundation under Section 509(a), when no part of its net earnings inures to the benefit of an individual, and when no substantial part of its activities is for promotion of legislation. Id., at 1. The pleadings provide the Court with no reason to find that this alleged exemption extends to plaintiffs' schools, and defendants would be mistaken to believe that the letter, even if admissible as evidence, sufficiently supports an extension of the

exemption to the schools. See Fed. R. Civ. P. 56(c)(1). **See Docket No. 62, of *Cardoza-Estremera*, supra., Civil No. 16-2318, footnote 3).**

This is the same letter that this Honorable Court ruled was not only inadmissible but also insufficient to prove that substantially most of the schools that **sponsor the plan are tax exempt organizations** under 26 U.S.C. § 501(c)(3). (**See Docket No. 27-1 and Docket No. 17-1, of Cardoza-Estremera, supra., Civil No. 16-2318, Exhibit 3**).

Moreover, both in defendants' second Motion to Dismiss, Docket No. 117, page 23, as well as in their "Motion in Compliance with Court Order and Supplemental Motion to Dismiss" **of *Cardoza-Estremera*, supra., Civil No. 16-2318, Docket No. 54**, **Exhibit 1**, they alleged that in *Advocate Health Care Network*, supra. the Supreme Court held that the hospital pension plans at issue there, "which only had 'ties' to Catholic religious orders, were church plans." But Chief Judge Delgado ruled that that that is an "egregious misrepresentation because the Supreme Court expressly stated, in *Advocate Health Care Network*, that "nothing we say in this opinion expresses a view of…[whether] the hospitals' pension plans are not 'church plans because the hospitals do not have the needed association with the church." 137 S.Ct. at 1657 n. 2.

Finally, as stated in defendants' "Motion to Renew Motion to Compel Discovery and/or to Request Extension of Time to File Response in Opposition to Motion to Dismiss," (**Docket No. 157),** plaintiffs contend that defendants' motion is really a Motion for Summary Judgment disguised as a Motion to Dismiss, that fails to comply with Local Rule 56. However, if this Honorable Court understands that defendants' motion is really a motion pursuant to Rule 12(b)(6) and, that the ruling made by the Court in the consolidated case of *Cardoza-Estremera*, supra., is not controlling and dispositive of that Motion; for the reasons set forth in plaintiffs' motion to compel (**Docket No. 157**) and herein, plaintiffs move this Honorable Court to enter an order against all defendants to compel discovery and grant an extension of time of thirty (30) days

counted from the new deadline to conclude discovery set by this Honorable Court, to file their Response in Opposition to that Motion. On the other hand, if this Honorable Court rules that defendants' Motion was in fact a Motion for Summary Judgment (disguised as a Motion to Dismiss), then plaintiffs move this Honorable Court to deny the same for defendants' failure to comply with Local Rule 56 of the Fed.R.Civ.P. and/or grant the appearing parties the same extension to respond to that Motion.

**WHEREFORE** it is respectfully requested from this Honorable Court that it deny defendants' "Motion for the Issuance of Report and Recommendation and Requesting Time to File Response to "Motion to Renew Motion to Compel…" and enter an order as herein requested.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY**: That on this same date plaintiffs filed the instant motion using the CM/ECF System which will send notification of such filing to all counsel of record.

In Guaynabo, Puerto Rico, this 12th day of December, 2017.

**CARLOS F. LOPEZ LAW OFFICE**
P.O. Box 8852
San Juan, P.R. 00910-0852
Tel. 787-273-0611
Fax 787-273-1540
E-Mail: charlielopez@gmail.com
cflopez@atriumoc.com

s/ Carlos F. López
**Carlos F. López, Esq.**
USDC-PR- 126514

**AMUNDARAY, VILLARES & ASSOCIATES, PSC**
P.O. Box 9023980
San Juan, PR00902-3980
Tel. (787) 273-0611
Fax (787) 273-1540
E-Mail: fjamundaray@aol.com
fjamundaray@me.com

s/**FRANCISCO J. AMUNDARAY**
USDC-PR-208706