IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORMA CARDOZA ESTREMERA and CANDIDA PEREZ ROBLES, on their behalf and on behalf of all the participants of the Pension Plan for the Employees of the Catholic School of the Archdiocese of San Juan<br><br>Plaintiffs<br><br>v.<br><br>COLEGIO PADRE BERRIOS, ACADEMIA SAN JOSE, PENSION PLAN FOR CATHOLIC SCHOOL OF THE ARCHDIOCESE OF SAN JUAN, BOARD OF TRUSTEES FOR THE PENSION PLAN FOR THE CATHOLIC SCHOOL OF THE ARCHDIOCESE OF SAN JUAN, MARILYN PANELL as Plan administrator, ANA CORTES CRESPO as Plan Administrator, ROMANCATHOLIC CHURCH/ ARCHDIOCESE OF SAN JUAN,<br>            Defendants | Case Civil No.  16-02318<br><br>COMPLAINT:<br>ERISA § 502<br>Treas. Reg. § 1.401(a)-50<br>Tittle II of ERISA<br> IRC 501(a), 414(e), 410(d)<br> US Common law<br> PRIRC  2011 |

**PLAINTIFF'S STATEMENT OF UNCONTESTED FACTS**

TO THE HONORABLE COURT

COMES NOW, Plaintiffs through its undersigned attorney and pursuant to Local Rule 56 (b) respectfully submits the following uncontested material facts in support of Plaintiff's Motion for Partial Summary Judgment. These uncontested facts are material facts that are not genuinely at controversy which are properly supported by the record, which consists of a declarations of Plaintiffs relevant documentation.

1

## STATEMENT OF UNCONTESTED FACTS

1. On or about 1979, the Archdiocese of San Juan created the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

2. The Plan was created, but not established by the Archdiocese; see *Declaration of Norma Cardoza*, **Exhibit 8**.

3. The Plan was originally established as a defined benefit plan, within the meaning of ERISA § 3(35), 29 USC § 1002 (35). *Complaint ¶* 134; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

4. As *indicated in the Plan rules document, the Plan must be administered "consistent with the intend and requirements of the applicable provisions of ERISA."; s*ee *Plan Rules document,* **Docket 17-4.**

5. The Plan is an employee benefit plan within the meaning of ERISA; see *Plan Rules document,* **Docket 17-4.**

6. The Plan was established by a group of schools, not by the Church or an Association of churches. *Complaint ¶* 107; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

7. The Plan was offered through several schools for the benefit of their employees; s*ee Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

8. The Plan is co-sponsored by several schools in Puerto Rico; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

9. The Plan was offered to Plaintiffs by their respective employers, Academia San Jose ("ASJ"), and Colegio Padre Berrios ("CPB"); see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

10. The intention at plan inception was to provide benefit with the protection afforded by ERISA and the Puerto Rico Income Tax Act of 1954 ("ITA"); see *A. Purpose at <u>Terms and Conditions</u>, art. 2 of Plan rule document at page 5 (**Docket 17-4**)*. See also *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

11. The purpose of the Plan was to have retirement pensions with the ERISA benefit protections; see plan rules, ***Docket 17-4.***

12. The Plan SPDs contained notices to employees informing that pension benefits offered by the Plan was protected by ERISA; see page 5 of *SPD dated September 1, 1979,* **Exhibit 1**, and page 6 of *SPD dated September 1, 1993,* **Exhibit 2.** See also *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

13. It was not until this year, after the Plan termination was announced, that Defendants informed participants that the Plan is a church plan, not covered by ERISA; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

14. The Plan is subject to the qualification requirements under Section 165 (a) under the ITA; see *Plan trust,* ***Docket 17-6 at page 13***.

15. The Plan was adopted by several private schools in San Juan, including defendants CPB and ASJ. *Complaint ¶* 116; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

16. Plaintiffs Norma Cardoza and Candida Perez Robles accrued pension benefit under the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

17. Mrs. Cardoza was scheduled to commence benefit, but due to such termination her benefits were curtailed; see *Declaration of Mrs.Cardoza*, **Exhibit 8**.

18. Plaintiff Perez Robles was employed with CPB; see *Certificacion de salarios;* see **Exhibit 3.** See also, *Statement of Pension Benefits,* **Exhibit 4.** See *Informative Return of 2015,* **Exhibit 5.** See also *Declaration of Mrs. Candy*, **Exhibit 7.**

19. Mrs. Perez was receiving pension benefit from the Plan until June 2016; see *Declaration of Mrs. Candy*, **Exhibit 7.**

20. As part of the plan termination, the Plan administrator is reducing vested pension benefits accrued by Plaintiffs Cardoza and Perez; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

21. As of this date, Plaintiffs have not been provided by the Plan administrator with financial, qualified and exempt status of the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

22. Section 414(e) of the Internal Revenue Code, 26 USC § 414(e) does not exempt the Plan from the qualification requirements imposed by ERISA.

23. SP is an office of the Archidiosece, without legal identity apart from the Archdiocese; see *Pastoral Letter on Catholic Education in Puerto Rico, **Docket 17-2***.

24. SP was no duly authorized to execute the plan trust by the Archdiocese of the Catholic church; see *Pastoral Letter on Catholic Education in Puerto Rico, **Docket 17-2***.

25. SP did not have settlor capability when the trust was executed.

26. The Archdiocese did not properly granted SP settlor capabilities to set up a plan on behalf of the Catholic church; see *Plan trust,* **Docket 17-6** *and Pastoral Letter on Catholic Education in Puerto Rico,* **Docket 17-2**.

27. The SP is a one-person commission or office of the Archidiosece, not a legal entity apart from the Archdiocese; see *Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

28. Brother Quellette was the person appearing as the Superintendent but he was not properly designated nor granted with authority to establish the Plan on behalf of the Diocesan; the Archdiocese of San Juan; see *Plan trust,* **Docket 17-6** *and Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

29. SP has not legal existence apart from the Archidiosece; see *Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

30. SP is not an entity with legal capacity separate from the Archidiosece with properly delegated authority to appear and execute the Plan trust; *see Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

31. SP mission consists of:

    - *Ensuring Catholic religious education in all Catholic institutions*
    - *Promoting an atmosphere animated by a spirit of liberty and charity based on the Gospel.*
    - *Promoting, assisting and encouraging unity among all Catholic schools in the diocese and Puerto Rico, through the Inter-Diocesan Superintendence for Catholic Education (ISCE).*
    - *Setting diocesan rules and guidelines on the general organization of Catholic schools.*
    - *Disseminating Church documents on Education and ensuring that they are known and applied in each school.*
    - *Ensuring the integration of educational pastoral into the overall diocesan pastoral and Puerto Rico, especially with regard to youth pastoral and catechesis.*
    - *Developing a spirit of family, unity, justice and simplicity among all components of the school, and with sister schools of the diocese and throughout Puerto Rico.*
    - *Being a spokesman for achievements, hopes, projects, rights and duties of Catholic schools before national and international government agencies.*
    - *Recommending concrete ways of living in each school, the option for the poor and community service.*
    - *Ensuring that religion teachers have the proper training and the required certification.*

    See *Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

32. SP does not have its own EIN.

33. SP is an office of the Archidiosece, without legal identity apart from the Archdiocese; see *Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

34. The assignments appointed to SP by the Diocesan do not include the establishment and maintenance of a qualified plan on behalf the Archdiocese; see **Docket 17-2**.

35. SP was not authorized to represent the Archdiocese in the execution of the Plan deed of Trust; see *Plan trust,* **Docket 17-6** *and* Pastoral Letter on Catholic Education in Puerto Rico*,* **Docket 17-2**.

36. SP is not the Archdiocese. It is an office of the Archidiosece, but not the Archdiocese; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

37. It does not have capacity to sue and be sued; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

38. SP was not included in this complain as a separate defendant because it is part of the Archidiosece. It is not an entity apart from the Archidiosece. It does not have legal existence by its own; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

39. There is no document to sustain that SP is an entity apart from the Archdiocese; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

40. The Diocesan did not assign, design or clearly delegated such authority to SP or Brother Quellette to establish a qualified church plan on behalf of the Diocesan, the Archdiocese or the USCCB (here and after referred as the "Church"); *see Plan trust,* **Docket 17-6** *and Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**. See also *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

41. SP appearance in the execution of the trust for the Plan was without the delegation and authority necessary to execute the trust on behalf of the Archdiocese; *see Plan trust,* ***Docket 17-6*** *and Pastoral Letter on Catholic Education in Puerto Rico****, Docket 17-2***.

42. The Archdiocese did not appear in the execution of the Trust; *see Plan trust,* ***Docket 17-6.***

43. The Diocesan, the Archdiocese of San Juan or the United States Conference of Catholic Bishops ("USCCB") were parties in the trust agreement; *see Plan trust,* ***Docket 17-6***.

44. There is no purpose stated to that effect in the Plan trust agreement; *see Plan trust,* ***Docket 17-6***.

45. The trust document does not contain a statement indicating that the purpose of the trust was to establish a qualified plan by the Archdiocese; *see Plan trust,* ***Docket 17-6***.

46. SP, which was the Settlor of the Plan, has no legal existence.

47. Such legal capacity is a required for a settlor to act as the Named Fiduciary of the Plan; *see Plan trust,* ***Docket 17-6***.

48. SP was not properly designated by the Archdiocese to be the Named Fiduciary of the Plan; *see Plan trust,* ***Docket 17-6***.

49. In this case, SP did not have the authority nor legal capacity to execute the plan on behalf of the Archdiocese of the Catholic church; see *Pastoral Letter on Catholic Education in Puerto Rico****, Docket 17-2***.

50. SP was not properly delegated by the Archdiocese to set up a plan on behalf of the Catholic church; see *Pastoral Letter on Catholic Education in Puerto Rico****, Docket 17-2***.

51. Although SP was designated as the Named Fiduciary of the Plan, it had not legal existence apart from the Archidiosece; see *Pastoral Letter on Catholic Education in Puerto Rico*, ***Docket 17-2***.

52. SP is not an entity duly authorized with delegated capacity to appear and execute the Plan trust; *see Plan trust*, ***Docket 17-6***. See also *Pastoral Letter on Catholic Education in Puerto Rico*, ***Docket 17-2***.

53. SP has no authority assigned nor has been properly designated to represent the Archdiocese in the execution of the Trust agreement; see *Pastoral Letter on Catholic Education in Puerto Rico*, ***Docket 17-2***.

54. It is an office of the Archidiosece that no not have individual legal existence; see *Pastoral Letter on Catholic Education in Puerto Rico*, ***Docket 17-2***.

55. There is no document to sustain the delegation and authorization of SP to establish a qualified plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

56. Brother Quellette, the person acting as SP, neither had authority delegated to establish a church plan on behalf of the Diocesan; the Archdiocese of San Juan; *see Plan trust,* ***Docket 17-6***.

57. The Diocesan did not assign, design or clearly delegated such authority to SP or Brother Quellette to establish a qualified church plan on behalf of the Diocesan, the Archdiocese or the USCCB (here and after referred as the "Church") see *Pastoral Letter on Catholic Education in Puerto Rico*, ***Docket 17-2***.

58. SP appearance in the execution of the trust for the Plan was without the delegation and authority necessary to execute the trust on behalf of the Archdiocese; see *Pastoral Letter on Catholic Education in Puerto Rico*, **Docket 17-2**.

59. The Archdiocese did not appear in the execution of the Trust; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

60. No ERISA 1022(i)(2) election was made to have federal exemption extended to the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

61. The Plan administrator did not elect to have exemptions under Tittle II of ERISA extended to the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

62. The Puerto Rico Internal Revenue Code of 2011 ("2011PRIRC") does not provide qualified plans in Puerto Rico with an exemption for ERISA church plans, similar to IRC § 414 (e).

63. There is no a church plan exemption similar to § 414(e) provided under Puerto Rico tax statutes.

64. ERISA Section 1022(i)(2)(A) provides that if "the administrator of a pension, profit sharing or stock bonus plan which is created or organized in Puerto Rico elects … any trust forming part of such plan shall be treated as a trust created or organized in the United States for purposes of Section 401(a)."

65. The Plan Administrator did not make the election under ERISA §1022(i)(2) to have the trust treated as created in the U.S. *Complaint ¶* 198; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

66. As indicated by Defendants at page 5 of their Motion to Strike (Docket 26-1), ERISA Section 1022(i)(2) provides that Puerto Rican pension plans that irrevocably make an election to be tax- qualified under Section 401(a) of the U.S. Code, will be treated as a trust created or organized in the United States for purposes of Section 401(a) of the US Code.

67. Plaintiffs have never been notified that the 1022(i)(2) election was made for the Plan; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

68. Defendants have not established the Plan qualified status under ITA, as of the proposed date of termination; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

69. The Plan administrator has neither sustained the Plan qualified status as of the proposed termination date nor has elected under 1022(i)(2); see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

70. Not all employers participating in the Plan ("Participant Employers") are exempt organizations under § 501 of Tittle 26; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

71. Defendant Colegio Padre Berrios is not a subordinate within the Group Ruling (***Docket 17-3).*** See *also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, ***Exhibit 8***.

72. Colegio Padre Berrios was not included in the 2016 Catholic Church Directory ***(Docket 17-3).*** S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, ***Exhibit 8***.

73. It neither has its own EIN, as required in the last paragraph of the IRS letter of May 27, 2016, (***Docket 17-1).*** S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

74. CPB is not an organization exempt under § 501 of Tittle 26; see ***Docket 17-3.*** See also *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

75. The Superintendent does not have an EIN, which is required to each subordinate; see **Exhibits 1 and 2;** See also *Declaration of Mrs. Cardoza*, **Exhibit 8**.

76. No EIN was indicated for the Superintendent in the SPD's; see **Exhibits 1 and 2.** See also *Declaration of Mrs. Cardoza*, **Exhibit 8**.

77. There is no EIN for the Superintendent; see **Exhibits 1 and 2.**

78. Defendant Academia San Jose does not have an individual EIN as required to subordinate entities forming part of the Group exemption; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

79. IRS does not verify the inclusion of subordinate organization under the group exemption; see *IRS Publication 4573, Group Exemption*.

80. Each subordinate organization covered in a group exemption should have its own EIN; see *Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**. .

81. Each subordinate organization must use its own EIN, not the EIN of the central organization, in all filings with the IRS; see ***Docket 17-1 at page 2***. S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

82. Each of them SP, CPB ASJ have to sustain their 501 exemption, individually or as subordinate of the   group exemption *(**Docket 17-1**)*. S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

83. ASJ, SP and CPB must comply with the form 990 filing and reporting requirements established for group exemptions; see *Rev. Proc. 80-27, 1980-1 C.B. 677, Rev. Proc. 75-50, 1975-2 C.B. 834 and Rev. Rul. 71-447, 1971-2 C.B. 230*. S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

84. Subordinates must file form 990 to the IRS with its own EIN as a condition to claim the church plan exemption under ERISA; See *Memo from the Office of the General Counsel, United States Conference of Catholic Bishops ("USCCB"), June 1,2016, regarding Subordinate Organizations under USCCB Group Ruling (GEN:0928);*see **Exhibit 6.** S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

85. As Settlor of the Plan, SP has not sustained it 501 exemption as a separate employer from the Church.

86. The Plan administrator did not request IRS a determination from the agency that the Plan is a church plan for purposes of the IRC and the intention as the Plan inception was to provide pension under the Plan with the benefit protection afforded by ERISA; S*ee also Declaration of Mrs. Candy*, **Exhibit 7** and *Declaration of Norma Cardoza*, **Exhibit 8**.

RESPECTFULLY SUBMITTED.

HEREBY CERTIFY that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system: Pedro A. Busó García at pbuso@salawpr.com, Jaime L. Sanabria Montañez at jsanabria@salawpr.com, Frank Zorrilla Maldonado at zorrilla@fzmlaw.com, Jesús R. Rabell Méndez at jesusrabell@gmail.com, Yolanda V. Toyos Olascoaga at ytoyos@ramostoyoslaw.com and *José O. Ramos González at* rgtolaw@gmail.com.

In San Juan, Puerto Rico, this 9th day of January, 2017.

**s/Luis Vivaldi  Oliver**
**Luis Vivaldi Oliver**
U.S.D.C.P.R. 214413
Attorney for Plaintiff
**LAW OFFICES OF**
**LUIS VIVALDI OLIVER**
P.O. Box 191340
San Juan, P.R. 00919
Tel. (787) 413-2218
Fax. (787) 998- 8678
*vivaldipension@hotmail.com*