PLAN DE PENSIONES

de las

Escuelas Católicas

de la

Arquidiócesis de San Juan

RESUMEN
DE LA
DESCRIPCION DEL PLAN

Revisado
1º de Septiembre de 1993

EXHIBIT 2

Este folleto contiene los detalles más importantes de su plan de pensión. Hemos tratado de resumir el plan de la mejor manera posible. El plan sin embargo, aparece completamente detallado en un documento legal. Si inadvertidamente, al traducir las cláusulas surge alguna discrepancia entre este resumen y dicho documento legal, la descripción legal del plan prevalecerá. Si desea, usted tiene derecho a leer o a ver copia del documento formal del plan. Para estos efectos podrá comunicarse con el Administrador Ejecutivo del Plan.

1. Nombre del Plan:

    Plan de Pensión de las Escuelas Católicas de la Arquidiócesis de San Juan.

2. Auspiciador:

    Superintendencia de las Escuelas Católicas de la Arquidiócesis de San Juan.

3. Patronos Participantes:

    Cualquier escuela Católica de la Arquidiócesis de San Juan, cualquier escuela Católica sujeta a la supervisión de la Superintendencia de su diócesis respectiva y cualquier agencia y/o dependencia de la Iglesia Católica que elija participar en el Plan.

4. Fecha de efectividad del Plan:

    1º de septiembre de 1979

5. Tipo de Plan:

    Plan multi-patronal de Beneficios Definidos

6. Tipo de Administración:

    Administración propia con un fideicomiso

7. Administrador Ejecutivo:

    Sr. José L. Pizá Aviñó
    Arzobispado de San Juan
    Oficina 215
    Calle San Jorge #201
    Santurce, PR 00912

-2-

8. **Persona Designada como Agente para los Procesos Legales:**

   Junta de Síndicos del Plan de Pensiones
   Arzobispado de San Juan
   Calle San Jorge #201
   Santurce, PR 00912

9. **Fiduciarios:**

   Mons. Baudilio Merino - Presidente
   Mons. Victorino Cobeaga - Vice-Presidente
   Padre Armando Alvarez - Tesorero
   Sr. Rafael Morales - Secretario
   Sra. María Marxuach - Vocal

10. **Quien está sujeto a contribuir:**

    Los patronos participantes solamente. Las contribuciones de cualquiera de los porcientos determinados y basadas en los cálculos actuariales.

11. **Custodios de los Activos del Plan:**

    Los Fiduciarios

12. **Fechas Pertinentes:**

    a. Fecha Efectiva: 1 de septiembre de 1979
    b. Fecha Aniversario: 1 de septiembre de 1980
    c. Fecha de Retiro Normal: El Primer día del mes que coincide con o que sigue al cumpleaños 65 del participante.
    d. Fecha de Retiro antes de la Edad Normal de Retiro: Cualquier primero del mes siguiente al cumpleaños número 60 de aquellos participantes que hayan acreditado por lo menos 15 años de servicio con patronos participantes.

13. **Elegibilidad:**

    a. Todo empleado que trabaje a tiempo completo con un patrono participante. Se define como empleado a tiempo completo a toda persona que haya trabajado por lo menos 1,000 horas de servicio activo durante el año calendario.

    b. Un empleado que ya haya cumplido 60 años de edad en su primera fecha de empleo no será elegible para participar en el plan.

-3-

14. Contribuciones al Plan:
-------------------

Los patronos pueden contribuir 2%, 4%, o 6% de la nómina de pago. Por cada 2% de paga que el patrono participante contribuye, el empleado gana un beneficio de .75% de sueldo promedio multiplicado por sus años de servicio.

Por ejemplo, si un participante trabaja 20 años con un patrono que aportó 4%, con un promedio final de sueldo mensual de $600, ganó un beneficio mensual de: 20 * 1.50% * 600 = $180.00

Si, en adición, trabajó un tiempo de 12 años con un patrono que aportó 2%, con un promedio de sueldos de $650.00, el ganó un beneficio adicional de: 12 * .75 * 650 = 58.50. Su beneficio acumulado total es $238.50 ($180 + 58.50).

15. Beneficios del Plan:
----------------

Los beneficios del plan son independientes de, y en adición a, los beneficios de Seguro Social y serán pagados por vida, con una garantía de por lo menos 60 meses.

En la fecha de efectividad del plan, o en la fecha de aniversario, cada empleado activo recibirá crédito por beneficios por todo su período de servicios desde su fecha de empleo con patronos participantes y basados en su sueldo actual.

16. Beneficios por Retiro antes de la Edad Normal de Retiro:
-------------------------------------------------

El beneficio por retiro antes de la edad normal de retiro será equivalente al beneficio acumulado por el empleado pero con una reducción de .00556 por cada mes que preceda a la fecha de retiro normal de acuerdo con la evaluación actuarial.

17. Beneficio por Incapacidad:
----------------------

Si después del décimo-quinto (15) aniversario de participación en el plan, un participante sufriera alguna incapacidad, y en la opinión de un médico seleccionado por el Comité, no pueda continuar al servicio del patrono participante, tal participante podrá retirarse en una fecha anterior a su fecha de retiro normal, computándose los beneficios de la misma manera como se computarían por retiro antes de la edad de retiro normal.

18. Beneficios por Muerte antes del Retiro Normal:
---------------------------------------------

Si la muerte del participante ocurre antes de su retiro normal pero después de haber cumplido con los requisitos para el retiro antes de la edad normal de retiro, y si el participante ha estado casado por 12 meses o más, su cónyuge tendrá derecho a recibir al cumplir los 65 años de edad, un beneficio mensual, equivalente al 50% de la pensión a la cual, actuarialmente ajustada, hubiese tenido derecho el participante si su fallecimiento hubiese ocurrido en la fecha de retiro.

19. Beneficios Acumulados:

Los beneficios de retiro normal acumulados con patronos participantes a cualquier fecha determinada, de acuerdo con la fórmula del plan descrita en el párrafo 14.

20. Derechos Adquiridos:

Todo participante en el plan que haya servido a patronos participantes por un mínimo de diez (10) años en la fecha en que finaliza su participación en el plan, tendrá derecho al beneficio de pensión acumulado hasta la fecha en la cual termina su empleo, y será pagadero en la fecha de su retiro normal o en la fecha de retiro antes de la edad normal de retiro, a opción del participante. Si se retira antes de la edad normal de retiro, deberá haber servido por un mínimo de 15 años con patronos participantes.

21. Años de Beneficio por Servicio:

El número de años completos de servicio continuo de un empleado por cada período de doce (12) meses durante los cuales el empleado haya prestado 1,000 horas o más de servicio. Durante aquellos años en los cuales el empleado haya prestado menos de 1,000 horas de servicio, se le acreditará un beneficio proporcional a este servicio.

22. "Compensación":

El sueldo mensual del empleado, en cada período de doce (12) meses empezando el 1ro de septiembre del año en que comienza a participar. Esta compensación será ajustada en base anual para aquellos participantes que devengan compensación por menos de doce meses. La compensación anual o compensación anual ajustada, dividida entre doce será considerada como compensación mensual.

23. Reglamento en Relación a Interrupción en Servicio y Años de Servicio:

Interrupción en servicio significaría el año fiscal del Plan durante el cual el participante no haya completado más de quinientas (500) horas de servicio con un patrono participante. No se interpretarán como interrupción en servicio aquellos casos de vacaciones, enfermedades temporeras, cesantía temporera o permisos de ausencia autorizados por escrito por el patrono participante, siempre y cuando que el empleado vuelva a su trabajo.

En el caso de ser un permiso de ausencia para servir en las Fuerzas Armadas de los Estados Unidos, el empleado tiene que regresar a su empleo activo con un patrono participante durante

el período descrito bajo las provisiones de re-empleo del Decreto Federal de Servicio Selectivo.

El proceso para otorgar permisos de ausencia seguirá cierta uniformidad de acción para que todo participante reciba el mismo trato.

Se requiere que todo participante que tenga alguna interrupción en servicio de un año o más cumpla con los requisitos de elegibilidad bajo la sección número 21 antes y después de la interrupción en su servicio. Si el participante satisface dichos requisitos, el período de espera cuenta para propósitos de beneficios acumulados y derechos adquiridos.

24. Reclamaciones y Apelaciones:
---------------------------------

En caso de:

1. Que el Comité de Retiro no logre notificarle a un participante elegible de los beneficios a los cuales tienen derecho.

2. A un participante al cual el Comité de Retiro estima no es elegible para recibir los beneficios que reclama bajo el Plan, el participante podrá presentar su reclamación ante el Comité. Esta reclamación será hecha dentro de noventa (90) días por escrito, dirijida al presidente del Comité de Retiro y especificará los beneficios reclamados, y las razones por las cuales el participante cree tiene derecho a dichos beneficios.

   A. Si el Comité de Retiro no responde a la reclamación dentro de un término de noventa (90) días, o si no aprueba la reclamación, el participante podrá apelar por escrito la decisión del Comité de Retiro ante el Auspiciador.

   B. Si el Auspiciador no responde dentro de sesenta (60) días, o si respalda la decisión del Comité de Retiro, el participante podrá ejercer los derechos que están disponibles a todo empleado presentando su reclamación ante el Departamento del Trabajo, o ante las agencias gubernamentales o Tribunal de Justicia.

25. Notificación a Empleados:
---------------------------
Como participante de este plan, usted tiene ciertos derechos y protecciones bajo el "Employee Retirement Security Act of 1974" ERISA dispone que los participantes del plan tendrán los siguientes derechos:

    A. Poder examinar, sin costo alguno, en la oficina del administrador y otros lugares, todos los documentos sometidos por el plan al Departamento del Trabajo de los Estados Unidos, tales como informes anuales y descripciones del plan.

    B. Obtener copias de la versión detallada de este documento del plan y otra información, mediante solicitud escrita dirigida al administrdor del plan. El administrador puede cobrar una cantidad razonable por gastos de copias.

    C. Obtener, una vez al año, un informe del total de los beneficios de pensión acumulada y los beneficios incaducables de pensión (de haber algunos) a la fecha más cercana en la cual los beneficios se convetirán en incaducables. El plan puede requerir que el informe sea solicitado por escrito, pero se tiene que proveer el informe sin costo alguno.

    D. Radicar una demanda en una corte federal, si cualquiera de los documentos solicitados no son recibidos dentro de 30 días a partir de la fecha en que fue solicitado por el participante, a no ser que los materiales no se envíen por razones más allá del control del administrador. La corte puede requerir que el administrador del plan pague hasta $100.00 por cada día de demora hasta que dichos materiales sean recibidos por el participante.

    E. Además de establecer derechos por los participantes del plan, ERISA le impone obligaciones a las personas que son responsables de la operación del plan de pensión. Estas personas se conocen como "fiduciarios", de acuerdo a la ley. Los fiduciarios están obligados a actuar exclusivamente en beneficio de los participantes y deben ejercer prudencia en cuanto a tomar decisiones y ejercer funciones bajo el plan. Los fiduciarios que violan las reglas impuestas por ERISA pueden ser reemplazados y requeridos a reponer cualquier pérdida causada en detrimento del plan por sus actuaciones.

    F. Su patrono no puede discriminar en contra de su persona para evitar que usted disfrute de un beneficio de pensión, o por ejercer sus derechos bajo las reglas de ERISA.

-7

G. Si a usted se le niega algún beneficio de una manera impropia, usted tiene el derecho de radicar una demanda en una corte federal o una corte estatal. Si los fiduciarios están haciendo mal uso de los fondos del plan, usted tiene derecho a radicar una demanda en corte federal o solicitar la intervención del Departamento del Trabajo de los Estados Unidos. Si usted gana su caso, la corte puede, si así lo decide, requerir que la parte demandada pague sus costos legales, incluyendo los honorarios de abogado. Si usted pierde el caso, la corte puede requerir que usted pague los costos legales, incluyendo los honorarios de abogados (por ejemplo, si la corte decide que su reclamación es frívola).

H. Si usted tiene cualquier pregunta con relación a este informe o en cuanto a sus derechos bajo las reglas de ERISA, usted debe comunicarse con el administrador del plan o con la oficina más cercana del Departamento del Trabajo Federal.

/err