

## Office of the General Counsel

3211 FOURTH STREET, NE • WASHINGTON, DC 20017-1194 • 202-541-3300 • FAX 202-541-3337

June 1, 2016

TO: Subordinate Organizations under USCCB Group Ruling (GEN: 0928)

SUBJECT: 2016 Group Ruling

FROM: Anthony Picarello, General Counsel *APP*
(Staff: Matthew Giuliano, Assistant General Counsel)

---

This memorandum relates to the annual Group Ruling determination letter issued to the United States Conference of Catholic Bishops ("USCCB") by the Internal Revenue Service ("IRS"), the most recent of which is dated May 27, 2016, with respect to the federal tax status of subordinate organizations listed in the 2016 edition of the Official Catholic Directory ("OCD").[1] As explained in greater detail below, this 2016 Group Ruling determination letter is important for establishing:

(1) exemption of subordinate organizations under the USCCB Group Ruling from federal income tax; and

(2) deductibility of contributions to such organizations for federal income, gift and estate tax purposes.

The 2016 Group Ruling determination letter is the latest in a series that began with the original determination letter of March 25, 1946. In the original 1946 letter, the Treasury Department affirmed the exemption from federal income tax of all Catholic institutions listed in the OCD for that year. Each year since 1946, in a separate letter, the 1946 ruling has been reaffirmed with respect to subordinate organizations listed in the current edition of the OCD.[2] The annual group ruling letter clarifies important tax consequences for Catholic institutions listed in the OCD, and should be retained for ready reference. Group Ruling letters from prior years establish tax consequences with respect to transactions occurring during those years.

**Responsibilities under Group Ruling**. Diocesan officials who compile OCD information for submission to the OCD publisher are responsible for the accuracy of such information. They must ensure that only qualified organizations are listed, that organizations are listed under their correct legal names, that organizations that cease to qualify are deleted promptly, and that newly-qualified organizations are listed as soon as possible.

---

[1] A copy of the most recent Group Ruling determination letter and this memo may be found on the USCCB website at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."
[2] Catholic organizations with independent IRS exemption determination letters are listed in the 2016 OCD with an asterisk (*), which indicates that such organizations are **not** included in the Group Ruling.

EXHIBIT 6

## EXPLANATION

1. **Exemption from Federal Income Tax**. The latest Group Ruling determination letter reaffirms that the agencies and instrumentalities and educational, charitable, and religious institutions operated, supervised or controlled by or in connection with the Roman Catholic Church in the United States, its territories or possessions that appear in the 2016 OCD and are subordinate organizations under the Group Ruling are recognized as exempt from federal income tax under section 501(c)(3) of the Code. The Group Ruling determination letter does not cover organizations listed with asterisks or any foreign organizations listed in the 2016 OCD.

*Verification of Exemption under Group Ruling*. The latest Group Ruling determination letter indicates that most subordinate organizations under a group tax exemption are not separately listed in Exempt Organizations Select Check ("EO Select Check") or the Exempt Organization Business Master File extract ("EO BMF"), both of which are available on www.irs.gov. As a result, many subordinate organizations included in the USCCB Group Ruling are not included in various online databases (e.g., GuideStar) that are derived from the EO BMF. This does not mean that subordinate organizations included in the Group Ruling are not tax exempt, that contributions to them are not deductible, or that they are not eligible for grant funding from corporations, private foundations, sponsors of donor-advised funds or other donors that rely on online databases for verification of tax-exempt status. It does mean that a Group Ruling subordinate may have to make an extra effort to document its eligibility to receive charitable contributions. The Group Ruling determination letter states that donors may verify that a subordinate organization is included in the Group Ruling by consulting the Official Catholic Directory or by contacting the USCCB directly. It also states that the IRS does not verify inclusion of subordinate organizations under the Group Ruling. *Accordingly, neither subordinate organizations nor donors should contact the IRS to verify inclusion under the Group Ruling.*

Subordinate organizations should refer donors, including corporations, private foundations and sponsors of donor-advised funds, to the specific language in the Group Ruling determination letter regarding verification of tax-exempt status, and to IRS Publication 4573, *Group Exemptions*, available on the IRS website at www.irs.gov.[3] Publication 4573 explains that: (1) the IRS does not determine which organizations are included in a group exemption; (2) subordinate organizations exempt under a group exemption do not receive their own IRS determination letters; (3) exemption under a group ruling is verified by reference to the official subordinate listing (*e.g.*, the Official Catholic Directory); and (4) it is not necessary for an organization included in a group exemption to be listed in EO Select Check or the EO BMF. Although not required, organizations in the Group Ruling may be included in the EO BMF, and consequently, online databases derived from it.

---

[3] For an illustration of how exemption verification works, refer to Information for Donors and Grantmakers on the USCCB website at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."

2

2. **Public Charity Status**. The latest Group Ruling determination letter recognizes that subordinate organizations included in the 2016 OCD are public charities and not private foundations under section 509(a) of the Code, but that all subordinate organizations do not share the same public charity status under section 509(a). Therefore, although the USCCB is classified as a public charity under sections 509(a)(1) and 170(b)(1)(A)(i), that public charity status does *not* automatically extend to subordinate organizations covered under the Group Ruling.

*Verification of Public Charity Status*. Each subordinate organization in the Group Ruling must establish its own public charity status under section 509(a)(1), 509(a)(2) or 509(a)(3) as a condition to inclusion in the Group Ruling. Certain types of subordinate organizations included in the Group Ruling qualify as public charities by definition under the Code. These are:

- churches and conventions or associations of churches under sections 509(a)(1) and 170(b)(1)(A)(i) (generally limited to dioceses, parishes and religious orders);

- elementary and secondary schools, colleges and universities under sections 509(a)(1) and 170(b)(1)(A)(ii); and

- hospitals under sections 509(a)(1) and 170(b)(1)(A)(iii).

Other subordinate organizations covered under the Group Ruling may qualify under the public support tests of either sections 509(a)(1) and 170(b)(1)(A)(vi) or section 509(a)(2). Verification of public charity classification under either of the support tests generally can be established by providing a written declaration of the applicable classification signed by an officer of the organization, along with a reasoned written opinion of counsel and a copy of Schedule A of Form 990/EZ, if applicable. Large institutional donors, such as private foundations and sponsors of donor-advised funds, may require this verification prior to making a contribution or grant to be assured that the grantee is not a Type III non-functionally integrated supporting organization.[4] A subordinate organization included in the Group Ruling may want to file Form 8940, Request for Miscellaneous Determination, with the IRS to request a determination whether it is a publicly supported charity described in sections 509(a)(1) and 170(b)(1)(A)(vi) or section 509(a)(2), or is a Type I or II supporting organization, in order to satisfy private foundations and sponsors of donor-advised funds regarding its public charity status.

3. **Deductibility of Contributions**. The latest Group Ruling determination letter assures donors that contributions to subordinate organizations listed in the 2016 OCD are deductible for federal income, gift, and estate tax purposes.

4. **Unemployment Tax**. As section 501(c)(3) organizations, subordinate organizations covered by the Group Ruling are exempt from *federal* unemployment tax. However, individual states may impose unemployment tax on subordinate organizations even though they are exempt from federal unemployment tax. Please consult a local tax advisor about any state unemployment tax questions.

---

[4] *See* Notice 2014-4, 2014-2 I.R.B (January 6, 2014).

3

5. **Social Security Tax**. All section 501(c)(3) organizations, including churches, are required to withhold and pay taxes under the Federal Insurance Contributions Act (FICA) for each employee.[5] However, services performed by diocesan priests in the exercise of their ministry are not considered "employment" for FICA (Social Security) purposes.[6] FICA should not be withheld from their salaries. *For Social Security purposes*, diocesan priests are subject to self-employment tax ("SECA") on their salaries as well as on the value of meals and housing or housing allowances provided to them.[7] Neither FICA nor income tax withholding is required on remuneration paid directly to religious institutes for members who are subject to vows of poverty and obedience and are employed by organizations included in the Official Catholic Directory.[8]

6. **Federal Excise Tax**. Inclusion in the Group Ruling has no effect on a subordinate organization's liability for federal excise taxes. Exemption from these taxes is very limited. Please consult a local tax advisor about any excise tax questions.

7. **State/Local Taxes**. Inclusion in the Group Ruling does not automatically establish a subordinate organization's exemption from state or local income, sales or property taxes. Typically, separate exemptions must be obtained from the appropriate state or local tax authorities in order to qualify for any applicable exemptions. Please consult a local tax advisor about any state or local tax exemption questions.

8. **Form 990/EZ/N**. All subordinate organizations included in the Group Ruling must file Form 990, Return of Organization Exempt from Income Tax, Form 990-EZ, Short Form Return of Organization Exempt From Income Tax, or Form 990-N, e-Postcard, *unless* they are eligible for a mandatory or discretionary exception to this filing requirement. ***There is no automatic exemption from the Form 990/EZ/N filing requirement simply because an organization is included in the Group Ruling or listed in the OCD.*** Subordinate organizations must use their own EIN to file Form 990/EZ/N. **Do not** use the EIN of the USCCB or an affiliated parish, diocese or other organization to file a return. Form 990/EZ/N is due by the 15th day of the fifth month after the close of an organization's fiscal year.[9] The following organizations are not required to file Form 990/EZ/N: (i) churches and conventions or associations of churches; (ii) integrated auxiliaries;[10] (iii) the exclusively religious activities of religious orders; and (iv) schools below college level affiliated with a church or operated by a

---

[5] Section 3121(w) of the Code permits certain church-related organizations to make an irrevocable election to avoid payment of FICA taxes, but only if such organizations are opposed for religious reasons to payment of social security taxes.

[6] I.R.C. § 3121(b)(8)(A).

[7] I.R.C. § 1402(a)(8).

[8] Rev. Rul. 77-290, 1977-2 C.B. 26. *See also* OGC/LRCR Memorandum on Compensation of Religious, www.usccb.org/about/general-counsel/compensation-of-religious.cfm (September 11, 2006).

[9] The penalty for failure to file the Form 990/EZ is $20 for each day the failure continues, up to a maximum of $10,000 or 5 percent of the organization's gross receipts, whichever is less. However, organizations with annual gross receipts in excess of $1 million are subject to penalties of $100 per day, up to a maximum of $50,000. I.R.C. § 6652(c)(1)(A). There is no monetary penalty for failing to file or filing late a Form 990-N.

[10] I.R.C. § 6033(a)(3)(A)(i); Treas. Reg. § 1.6033-2(h).

religious order.[11] Organizations should exercise caution if they choose not to file a Form 990/EZ/N because they believe they are not required to do so. If IRS records indicate that the organization should file a Form 990/EZ/N each year (for example, the organization receives an IRS notice stating that it failed to file a return for a given year), then the organization may appear on the auto-revocation list notwithstanding its claim to being exempt from the filing requirement.

Which form an organization is required to file usually depends on the organization's gross receipts or the fair market value of its assets.

| Gross receipts or fair market value of assets | Return required |
| --- | --- |
| Gross receipts normally not more than $50,000 (regardless of total assets) | 990-N (but may file a Form 990 or 990-EZ) |
| Gross receipts < $200,000, *and* Total assets < $500,000 | 990-EZ (but may file a Form 990) |
| Gross receipts ≥ $200,000, *or* Total assets ≥ $500,000 | 990 |

*Special Rules for Section 509(a)(3) Supporting Organizations*. Every supporting organization described in section 509(a)(3) included in the Group Ruling must file a Form 990 or Form 990-EZ (and not Form 990-N) each year, unless (i) the organization can establish that it is an integrated auxiliary of a church within the meaning of Treas. Reg. § 1.6033-2(h) (in which case the organization need not file Form 990/EZ *or* Form 990-N); or (ii) the organization's gross receipts are normally not more than $5,000, in which case, the religious supporting organization may file Form 990-N in lieu of a Form 990 or Form 990-EZ.

*Automatic Revocation for Failure to File a Required Form 990/EZ/N*. Any organization that does not file a required Form 990/EZ/N for three consecutive years automatically loses its tax-exempt status under section 6033(j). If an organization loses its tax-exempt status under section 6033(j), it must file an application (Form 1023 or Form 1023-EZ) with the IRS to reinstate its tax-exempt status. *See* the IRS website (charities and non-profits) at www.irs.gov/Charities-&-Non-Profits/ for information on automatic revocation, including the current list of revoked organizations and guidance about reinstatement of exemption.

*Public Disclosure and Inspection*. Subordinate organizations required to file Form 990/EZ[12] must upon request make a copy of the form and its schedules (other than contributor lists) and attachments available for public inspection during regular business hours at the organization's principal office and at any regional or district offices having three or more employees. Form 990/EZ for a particular year must be made available for a three year period

---

[11] Treas. Reg. § 1.6033-2(g)(1)(vii).
[12] Form 990-N is available for public inspection at no cost through the IRS website at www.irs.gov.

beginning with the due date of the return.[13] In addition, any organization that files Form 990/EZ must comply with written or in-person requests for copies of the form. The organization may impose no fees other than a reasonable fee to cover copying and mailing costs. If requested, copies of the forms for the past three years must be provided. In-person requests must be satisfied on the same day. Written requests must be satisfied within 30 days.[14]

*Public Disclosure of Form 990-T.* Form 990-T, Exempt Organization Unrelated Business Income Tax Return, for organizations exempt under section 501(c)(3) (which includes all organizations in the USCCB Group Ruling) is subject to rules similar to those for public inspection and copying of Forms 990/EZ.[15]

*Group Returns.* USCCB does not file a group return Form 990 on behalf of any organizations in the Group Ruling. In addition, no subordinate organization under the Group Ruling is authorized to file a group return for its own affiliated group of organizations.

For more information, refer to *Annual Filing Requirements for Catholic Organizations*, available at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."

9. **Certification of Racial Nondiscrimination by Private Schools in Group Ruling**. Revenue Procedure 75-50[16] sets forth notice, publication, and recordkeeping requirements regarding racially nondiscriminatory policies with which private schools, including church-related schools, must comply as a condition of establishing and maintaining exempt status under section 501(c)(3) of the Code. Under Rev. Proc. 75-50 private schools are required to file an annual certification of racial nondiscrimination with the IRS. For private schools not required to file Form 990, the annual certification must be filed on Form 5578, Annual Certification of Racial Nondiscrimination for a Private School Exempt from Federal Income Tax. This form is available at www.irs.gov. Form 5578 must be filed by the 15th day of the fifth month following the close of the fiscal year. Form 5578 may be filed by an individual school or by the diocese on behalf of all schools operated under diocesan auspices. The requirements of Rev. Proc. 75-50 remain in effect and must be complied with by all schools listed in the OCD. ***Diocesan or school officials should ensure that the requirements of Rev. Proc. 75-50 are met since failure to do so could jeopardize the tax-exempt status of the school***

---

[13] The penalty for failure to permit public inspection of the Form 990 is $20 for each day during which such failure continues, up to a maximum of $10,000. I.R.C. § 6652(c)(1)(C).

[14] I.R.C. § 6104(d). Generally, a copy of an organization's exemption application and supporting documents must also be provided on the same basis. However, since organizations included in the Group Ruling do not file exemption applications with the IRS, nor did the USCCB, organizations included in the Group Ruling should respond to requests for public inspection and written or in-person requests for copies by providing a copy of the page of the current OCD on which they are listed. If a covered organization does not have a copy of the current OCD, it has two weeks within which to make it available for inspection and to comply with in-person requests for copies. Written requests must be satisfied within the general time limits.

[15] Only the Form 990-T itself, and any schedules, attachments, and supporting documents that relate to the imposition of tax on the unrelated business income of the organization, are required to be made available for public inspection.

[16] 1975-2 C.B. 587.

6

*and, in the case of a school not legally separate from the church, the tax-exempt status of the church itself.* For more information, refer to *Annual Filing Requirements for Catholic Organizations*, available at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."

10. **Lobbying Activities**. Subordinate organizations under the Group Ruling may lobby for changes in the law, provided such lobbying is not more than an insubstantial part of their total activities. Attempts to influence legislation both directly and through grassroots lobbying are subject to this restriction. The term "lobbying" includes activities in support of or in opposition to referenda, constitutional amendments, and similar ballot initiatives. There is no distinction between lobbying activity that is related to a subordinate organization's exempt purposes and lobbying that is not. There is no fixed percentage that constitutes a safe harbor for "insubstantial" lobbying. Please consult a local tax advisor about any lobbying activity questions. For more information, refer to *Political Activity and Lobby Guidelines for Catholic Organizations*, available at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."

11. **Political Activities**. *Subordinate organizations under the Group Ruling may not participate or intervene in any political campaign on behalf of or in opposition to any candidate for public office. Violation of the prohibition against political campaign intervention can jeopardize the organization's tax-exempt status.* In addition to revoking tax-exempt status, IRS may also impose excise taxes on an exempt organization and its managers on account of political expenditures. Where there has been a flagrant violation, the IRS has authority to seek an injunction against the exempt organization and immediate assessment of taxes due. Please consult a local tax advisor about any political campaign intervention questions. For more information, refer to *Political Activity and Lobby Guidelines for Catholic Organizations*, available at www.usccb.org/about/general-counsel/ under "Tax and Group Ruling."

12. **Group Exemption Number ("GEN")**. The group exemption number or GEN assigned to the USCCB Group Ruling is 0928. *This number must be included on each Form 990/EZ, Form 990-T, and Form 5578 required to be filed by a subordinate organization under the Group Ruling.*[17] We advise *against* using GEN 0928 on Form SS-4, Request for Employer Identification Number, because in the past this has resulted in the IRS improperly including the USCCB as part of the subordinate organization's name in IRS records.

13. **Employer Identification Numbers ("EINs")**. Each subordinate organization under the Group Ruling must have and use its own EIN. **Do not** use the EIN of the USCCB or an affiliated parish, diocese or other organization in any filings with IRS (*e.g.*, Forms 941, W-2, 1099, or 990/EZ) or other financial documents. Subordinate organizations may *not* use USCCB's EIN in order to qualify for online donations, grants or matching gifts.

---

[17] The IRS has expressed concern about organizations covered under the Group Ruling that fail to include the group exemption number (0928) on their Form 990/EZ/T filings, particularly the initial filing.

7